UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**CRYSTAL VASCONCELLOS**

**Plaintiff,**

**v.**

**PIER 1 IMPORTS (U.S.), Inc., and CINDY BALDWIN**

**Defendants.**

CA 06 484 T

**Civil Action No. ____________**

**NOTICE OF REMOVAL**

TO: Clerk's Office, United States District Court
District of Rhode Island
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

COMES NOW Defendants Pier 1 Imports (U.S.), Inc. (the "Defendant") and files its Notice of Removal. Defendant removes to this Court Civil Action No. 06-4016, which has been filed in the Superior Court of Rhode Island, Providence Division. Removal is proper for the following reasons:

1. On or about August 1, 2006, Plaintiff Crystal Vasconcellos (the "Plaintiff") filed this action in the Superior Court of Rhode Island, Providence Division, Civil Action No. 06-4016. On or about October 13, 2006, Plaintiff filed her Amended Verified Complaint. (*See* Ex. A, Amended Verified Complaint and Process). Plaintiff seeks recovery for compensatory damages, punitive damages, back pay and front pay, costs of suit and attorney's fees for alleged discrimination in employment on the basis of her sex and pregnancy in violation of Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*

2. This case is removable based on complete diversity of the parties pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff is a citizen of Massachusetts. (*See* Ex. A at p. 1, ¶ 1). Pier 1 is a Delaware Corporation with its principle place of business in Fort Worth, Texas. Pier 1 is not a citizen of Rhode Island. (Ex. B, Declaration of Cindy Baldwin at ¶ 2). Therefore complete diversity exists between the parties.

3. Further, it appears, from the face of the Complaint, that the amount in controversy exceeds $75,000. Plaintiff's Complaint seeks compensatory damages, punitive damages, back pay and front pay, costs of suit, and attorney's fees which should escalate the amount in controversy beyond $75,000.

4. This Court also has jurisdiction over this action because it presents a federal question pursuant to 28 U.S.C. § 1331.

5. This Notice of Removal is filed within thirty (30) days of the receipt of service of Plaintiff's Amended Verified Complaint as required by 28 U.S.C. § 1446(b). Both Defendants consent to the removal of this action. (Ex. B, at ¶ 3).

6. Attached to this Notice as Exhibit "A" is a copy of all pleadings and process served on Defendants in this action.

7. Attached to this Notice as Exhibit "B" is the Declaration of Cindy Baldwin.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the above-entitled action be removed in its entirety from the Superior Court of Rhode Island, Providence Division.

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com
Dated: November 6, 2006

**ATTORNEYS FOR DEFENDANTS**
**PIER 1 IMPORTS (U.S.), INC.**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document was served on Plaintiff's attorney of record, Bruce P. Gladstein, 750 East Avenue, Pawtucket, RI 02860, by certified mail, return receipt requested, on November 6, 2006.

/s/ Jaime J. LaPorte

*397868_1.doc*