STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

CRYSTAL VASCONCELLOS :
:
v. :
:
: C.A. No.: 06- 4016
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**AMENDED VERIFIED COMPLAINT**

**FACTUAL BACKGROUND**

1. Plaintiff, CRYSTAL VASCONCELLOS, ("Vasconcellos") is a resident of the Town of New Bedford, County of Bristol, State of Massachusetts.

2. Defendant, PIER 1 IMPORTS (US) ("Pier 1") is a corporation authorized to do business in the State, Rhode Island.

3. CINDY BALDWIN, Alias ("Baldwin"), is or was a Regional Manager and employee of Pier 1.Imports (US) Inc.

4. On or about September 17, 2001, Vasconcellos was hired by Pier 1 to work at its N. Dartmouth store as an Associate Manager, and was promoted to Store Manager for the store located in Newport Rhode Island.

5. Vasconcellos was pregnant at the time of her termination and therefore is part of a protected class.

6. On or about, April 19, 2005 Vasconcellos had her annual performance review, and Vasconcellos received an excellent review with a corresponding pay increase due to her performance on the job.

7. At the end of said review Baldwin and Vasconcellos discussed various accomplishments and goals for Vasconcellos to achieve for her next review. Baldwin told Vasconcellos to personally participate in all of the shipments coming into the building.

8. Vasconcellos disclosed to Baldwin that she was pregnant and that she would be unable to unload heavy items off of the truck due to her pregnancy, however she did ensure Baldwin that she would be able to oversee and delegate to her staff to make sure the proper procedures were being followed.

9. On or about April 29, 2005, Vasconcellos became ill during the day was and due to her illness she clocked out at 3:30 to go home for the day

10. Vasconcellos then received a message that Baldwin called and needed to speak with her.

11. Vasconcellos then went back into work to return Baldwin's call. Where upon Baldwin gave Vasconcellos additional duties for the day

12. Vasconcellos even though she was ill clocked back into to work and began said additional duties that Baldwin had assigned her.

13. Baldwin treated Vasconcellos differently after she learned of Vasconcellos pregnancy.

14 Baldwin terminated Vasconcellos because Vasconcellos was pregenant.

15. Vasconcellos has complied with administrative requirements and was issued a Notice of Right to Sue dated May 30, 2006, and has timely commenced suit thereon.

## COUNT I

### (RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT)

16 Paragraphs 1 through 15 are hereby incorporated by reference as if fully set forth herein.

17. Upon information and belief, Pier1 Imports (US) Inc. is an "employer" within the meaning of R.I.GL. 28-5-6(6)(i) of the Rhode Island Fair Employment Practices Act.

18. Upon information and belief, Baldwin is an "employer" within the meaning of R.I.GL. 28-5-6(6)(i) of the Rhode Island Fair Employment Practices Act.

19. The actions of Pier1 Imports (US) Inc. as aforesaid constitute discrimination against Vasconcellos in employment on the basis of her sex and pregnancy in violation of Rhode Island Fair Practices Act of the State of Rhode Island, R.I.GL. 28-5-7, *et seq*

20. The actions of Baldwin as aforesaid constitute discrimination against Vasconcellos in employment on the basis of her sex and pregnancy in violation of Rhode Island Fair Practices Act of the State of Rhode Island, R.I.GL. 28-5-7, *et seq*

21. That Vasconcellos is entitled to punitive damages and reasonable attorney's fees as per

the statue.

**COUNT II**
**(RHODE ISLAND CIVIL RIGHTS ACT)**

22. Paragraphs 16 through 21 are hereby incorporated by reference as if fully set forth herein.

23. Upon information and belief, Pier1 Imports (US) Inc. is subject to the requirements contained within the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

24. Upon information and belief, Baldwin is subject to the requirements contained within the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

25. The actions of Pier 1 Imports (US) Inc., as aforesaid have denied Vasconcellos the same rights to make and enforce contracts on the basis of her sex and pregnancy within the meaning of and in violation of the Rhode Island civil rights Act, R.I.G.L. 42-112-1, *et. seq*

26. The actions of Baldwin, as aforesaid have denied Vasconcellos the same rights to make and enforce contracts on the basis of her sex and pregnancy within the meaning of and in violation of the Rhode Island civil rights Act, R.I.G.L. 42-112-1, *et. seq*

**COUNT III**
(TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED, *42 U.S.C. § 2000E-2 ET SEQ.*)

27 Paragraphs 22 through 26 are hereby incorporated by reference as if fully set forth herein.

28. Upon information and belief, Pier 1 Imports and Baldwin is subject to the requirements contained within Title VII of the Civil Rights Act of 1964 as amended, *42 U.S.C. § 2000E-2, et. seq.*

29 The actions of Pier 1 Imports and Baldwin as aforesaid constitute discrimination against Vasconcellos in employment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 as amended, *42 U.S.C. § 2000E-2, et. seq.*

30. That Vasconcellos is entitled to punitive damages and reasonable attorney's fees as per the statute.

**COUNT IV**
(VICARIOUS LIABILTY/RESPONDENT SUPERIOR)

31. Paragraphs 27 through 30 are hereby incorporated by reference as if fully set forth herein.

32. During the aforementioned date, Baldwin is /was employed by Pier 1 Imports (US) Inc..

33. Baldwin was acting within her scope of employment of Pier 1 Imports (US) Inc., and therefore Pier 1 Imports (US) Inc. is responsible for her actions on the principle of vicarious liability and respondent superior.

4The actions of Baldwin were malicious and therefore punitive damages are warranted.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Plaintiff on the basis of sex in violation of RIGL 28-5-7*et, seq.;*

b. Declare that the Defendants unlawfully discriminated against Plaintiff on the basis of sex in violation of R.I.G.L. 42-112-1, *et, seq.*;

c. Declare that the Defendants unlawfully discriminated against Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 as Amended, *42 U.S.C. § 2000E-2*, *et, seq.*;

d. Rule for Plaintiff and against Defendants as to all other counts set forth in this complaint;

e. Award Plaintiff compensatory damages as allowed by law and statue.

f. Award Plaintiff punitive damages as allowed by law and statue.

g. Award Plaintiff back pay and front pay as allowed by law and statue

h. Award Plaintiff costs of suit, as allowed by law and statue.

i. Award Plaintiff reasonable attorney's fees as allowed by law and statue.

j. Award such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRAIL BY JURY**

Plaintiff,
By her attorney,

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900

VERIFICATION

I, Crystal Vasconcellos, being duly sworn, depose and state that I have read the within Complaint and believe the allegations stated therein to be true and correct to the best of my knowledge and belief.

CRYSTAL VASCONCELLOS

State of Rhode Island
County of Providence

Sworn and subscribed to before me in Pawtucket, RI this 23 day of August, 2006.

NOTARY PUBLIC

My Commission Expires:

NANCY G. WOOD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 15, 2012