STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

CRYSTAL VASCONCELLOS,

v.

PIER 1 IMPORTS (US), INC., and CINDY BALDWIN, Individually and in her capacity as an employee and Regional Manager of Pier 1 Imports (US) Inc.

C.A. No. 06-4016

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Pier 1 Imports (U.S.), Inc. ("Pier 1" or "Defendant") answers Plaintiff's Amended Verified Complaint (the "Complaint").

**ANSWER**

As required by the Rhode Island Rules of Civil Procedure, Defendant answers the specific allegations in the Complaint as follows:

1. In response to Paragraph 1 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore the allegations therein are denied.

2. In response to Paragraph 2 of the Complaint, Defendant admits the allegation.

3. In response to Paragraph 3 of the Complaint, Defendant admits the allegation.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendant denies that Plaintiff was hired as an Associate Manager but admits the remaining allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 NOV -1 A 11: 09

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

7. In response to Paragraph 7 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

8. In response to Paragraph 8 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

9. In response to Paragraph 9 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

10. In response to Paragraph 10 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

11. In response to Paragraph 11 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

12. In response to Paragraph 12 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

16. Defendant incorporates and references its specific answers to paragraphs 1 through 15 as set forth herein.

17. In response to Paragraph 17 of the Complaint, Defendant admits the allegation.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant incorporates and references its specific answers to paragraphs 16 through 21 as set forth herein.

23. In response to Paragraph 23 of the Complaint, Defendant admits the allegation.

24. In response to Paragraph 24 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant incorporates and references its specific answers to paragraphs 22 through 26 as set forth herein.

28. Pier 1 admits that it is covered by Title VII, but denies that Baldwin is covered as an employer by Title VII.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant incorporates and references its specific answers to paragraphs 27 through 30 as set forth herein.

32. In response to Paragraph 32 of the Complaint, Defendant admits the allegation.

33. In response to Paragraph 33 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth and therefore the allegations therein are denied.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

a. In response to Paragraph "a" or (a) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

b. In response to Paragraph "b" or (b) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

c. In response to Paragraph "c" or (c) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

d. In response to Paragraph "d" or (d) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

e. In response to Paragraph "e" or (e) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

f. In response to Paragraph "f" or (f) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

g. In response to Paragraph "g" or (g) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

h. In response to Paragraph "h" or (h) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

i. In response to Paragraph "i" or (i) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

j. In response to Paragraph "j" or (j) of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

35. Plaintiff's complaint fails to state a claim upon which relief may be granted.

36. Plaintiff's claims and damages, if any, are barred by her failure to adequately mitigate her damages.

37. Defendant's employment decisions relative to Plaintiff were made to further legitimate, non-discriminatory business reasons.

38. Defendants further allege that it is not liable for punitive damages because it has at all times made a good faith effort to comply with Title VII, the Rhode Island Fair Employment Practices Act, and all other applicable laws, and any action by a manager contrary to such effort is in violation of Defendant's established policies and procedures.

39. Plaintiffs damages are limited or capped by the constitution, statutory and/or common law limitations on the recovery of such damages.

Respectfully submitted,

Jaime J. LaPorte

Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
Dated: November 1, 2006

**ATTORNEY FOR DEFENDANTS
PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

This certifies that on November 1, 2006, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein, 750 East Avenue, Pawtucket, RI 02860, by United States mail, certified, return receipt requested, postage prepaid.

Jaime J. LaPorte

*397869_1.doc*