**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**PLAINTIFF'S MOTION FOR MORE RESPONSIVE ANSWERS TO HER REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PIER 1 IMPORTS (US) INC.**

Now comes the Plaintiff in the above-entitled action and moves that this Honorable Court Compel that Defendant, PIER 1 IMPORTS (US) INC., ("Pier"), produce more responsive answers to the following Request for Production of Documents within 20 days from the date this motion is heard. Plaintiff has made a good faith effort to resolve this matter before filing this Motion.

1. Copies of any and all documents contained in the Defendant's employment personnel file or any other file Defendants maintained relating to the Plaintiff.

Response: Pier 1 objects to this Request as being overly broad, unduly burdensome, and harassing inasmuch as it seeks the production of any file relating to Plaintiff regardless of whether the file is relevant to Plaintiff's claims. Moreover, Pier 1 objects, to this request to the extent it seeks information protected by the attorney-client and/or work-product privileges. Subjects to and personnel file produced herewith.

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is entitled to all files kept by Defendant that relate to Plaintiff. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

2. Copies of any and all documents contained in the Defendant's employment personnel file or any other file Defendants maintained relating to the defendant, Cindy Baldwin.

Response: Pier 1 object to this Request as being overly broad, unduly burdensome, ad

harassing inasmuch as it seeks the production of any file relating to Cindy Baldwin regardless of whether the file is relevant to Plaintiff or Plaintiffs claims. Moreover, Pir1 objects to this request to the extent it seeks information protected by the attorney client privilege.

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is entitled to all files kept by Defendant that relate to a named defendant. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

3. A complete copy of Pier's policy, manual, guidelines and any other documents related to the maternity leave policy effective 1997 to the present.

Response: Pier 1 objects to this Request because it is overly broad and nor reasonably limited as to time and should be properly limited to policies, manuals, guidelines and other document in effect during Plaintiff's employment. Further more, this request is vague and ambiguous in its use of the phrase" maternity leave policy". Pier 1 has no maternity leave policy but has an FMLA and Pier 1 Medical Leave of Absence policy. Subject to and without waiving the foregoing objections, please see the store associate handbooks in effect during the time period of Plaintiff's employment (and which contain Pier1's FMLA and Medical Leave of Absence polices) produced herewith.

**Request:** This question is not overly broad, unduly burdensome or harassing. This is a discrimination claim based on sex due to pregnancy. Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. Plaintiff is entitled to discover whether the policy has changed and if yes, in what manner it has changed. Further, if there are any other documents that respond to this request other than the store associate handbook, than that should also be produced.

4. Please provide a list of names of store managers who worked for Pier in RI and MA from 1997 to the present. Please include the following items for each.

   (a) The length of time employed by Pier;
   (b) Whether the person is still employed by Pier;
   (c) The current store where employed and if not employed, the last known home address and/or telephone number;

Response: Pier 1 objects to this Request as being overly broad and not properly limited in time or scope. This request should be limited to a reasonable time before Plaintiff was terminated and to the geographic scope of the store where Plaintiff was employed. Pier 1 further objects to this Request because it seeks to invade the personal privacy rights of non-parties in seeking residential address and the

telephone numbers without their consent. Finally, Pier 1 objects to this request as being an impermissible attempt to force Pier1 to produce documents that are not currently in existence.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. Geographic scope is limited to MA and RI. Plaintiff is entitled to ascertain how other managers are treated and what their understanding of Pier 1 policy is as to sick time, maternity, and honesty.

5. Please provide a copy of the job description posted and/or kept on file for reference for a store manager for each year from January 1996 to the present.

Response: Pier 1 objects to this Request as being overly broad and properly limited in time or scope. This request should be limited to a reasonable time before Plaintiff was terminated. Subject to and without waiving the foregoing objections Pier1 responds as follows: Please see the job description for store manger in effect during the time of Plaintiff's employment.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time.

6. A complete copy of any other files kept on CRYSTAL VASCONCELLOS, including but not limited to, her medical file, disciplinary file, etc.

Response: Pier1 objects to this request to the extent it seeks information protected by the attorney –client privilege and /or work product privileges. Pier 1 objects to this request as being harassing and duplicative in that it seeks the same information requested in Request for Production Number 1. Finally Pier 1 objects to this request because, to the extent it seeks "etc". files, it fails to identify the item or category of items to be produced with reasonable particularity. Subject to and without waiving the forgoing objections, Pier1 responds as follows: Please see Plaintiff's personnel file produced herewith.

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is entitled to all files kept by Defendant that relate to Plaintiff. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed. Last, this request is for any other files that relate to Plaintiff that Defendant did not produce in Request No. 1.

7. Please provide a copy of the employee handbook and any other documents, including but not limited to, interoffice memorandums, employee memorandums and handouts related to benefits, office policies, rules and procedures, disability, special accommodations, seniority, pension, 401K plans, and any other documents provided to employees of Pier.

Response: Pier 1 objects to this Request as being overly Broad, unduly burdensome, and harassing of whether the documents, rules, places or procedures was given to Plaintiff, regardless of whether she was enrolled in any such programs or whether she was enrolled in any such programs or whether she was eligible for such benefits. Moreover, Pier 1 objects to this request as being overly broad and not reasonably limited in time. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please see copies of employee handbooks in effect for Plaintiff during the term of employment and other benefit plan information.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. This information is needed to provide to any possible experts hired by Plaintiff as to lost wages, benefits, etc.

8. Please provide a copy of any notes, documents, memos, etc., received from Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005.

Response: Pier 1 objects to this request as being overly broad, unduly burdensome, and harassing inasmuch as it seeks the production of every document received from Cindy Baldwin related in any way to the store where Plaintiff was employed regardless of whether the document is relevant to or reasonably calculated to lead to any discovery of Plaintiff's claims. Finally, Pier 1 objects to this request to the extent it seeks "etc." documents because such request fails to identify the item or category of items to be produced with reasonable particularity. Subject to and without waiving the forgoing objection Pier1's answers as follows. Please see the documents produced herewith.

**Request:** This question is not overly broad, unduly burdensome or harassing. The time period is only for 4 years and for only one (1) person, the other named defendant in this law suit.

10. Please provide a copy of all documents, rules, regulations, notes, etc., relied on by Pier in its decision to terminate Plaintiff.

Response: Pier1 objects to this request to the extent it seeks information protected by the attorney –client privilege and /or work product privileges. Pier 1 objects to this request to the extent it seeks "etc." documents because such request fails to identify the item or category of items to be produced with reasonable particularity. Please see copies of employee handbooks in effect for Plaintiff during the term of employment, produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect

to which the privilege is claimed. Further, if Defendant relied on other documents, notes, etc. other than the employee handbooks produced, than Plaintiff would be entitled to said documents, notes, etc.

12. Please provide a complete copy of Pier's policy, manual, guidelines and any other documents related to honesty/dishonesty effective 1997 to the present.

Response: Pier1 objects to this request as being overly broad in that it is not reasonably limited in time. This request should be limited to the policies, manuals or guidelines in effect at the time of Plaintiff termination of employment from Pier 1. Subject to and without waiving the foregoing objections Pier 1 answers as follows: Please see copies of employee handbooks in effect for Plain tiff during the term of employment produced herewith.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time.

13. Please provide a complete copy of Pier's policy, manual, guidelines and any other documents related to leave of any kind, including but not limited to, personal, vacation, sick, maternity, etc., effective 1997 to the present.

Response: Pier1 objects to this request as being overly broad in that it is not reasonably limited in time. This request should be limited to the policies, manuals or guidelines in effect at the time of Plaintiff termination of employment from Pier 1. This request should be limited to the duration of Plaintiff's employment Subject to and without waiving the foregoing objections Pier 1 answers as follows: Please see copies of employee handbooks in effect for Plain tiff during the term of employment produced herewith.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time.

14. Please provide a complete copy of the job description posted and/or kept on file for reference for each and every position held or allocated at the Newport store during Plaintiff's tenure at said store.

Response: Pier1 objects to this request as being overly broad in that it is not reasonably limited in time. This request should be limited to the policies, manuals or guidelines in effect at the time period in which Plaintiff's employment was discontinued of employment from Pier 1. Subject to and without waiving the foregoing objections Pier 1 answers as follows: Please see copies of employee handbooks in effect for time period in which Plaintiff's employment was discontinued of employment from Pier 1 produced herewith.

**Request:** This question is not overly broad. Plaintiff has limited her request for the time period in which Plaintiff was working at the Newport store and she is entitled to all job

descriptions for each position held at said store during said time period.

15. Please provide a complete copy of Pier's policy, manual, guidelines and any other documents related to the incoming shipment policy, including but not limited to, unloading, handling, store, effective 1997 to the present.

Response: Pier 1 objects to this request as being overly broad and not properly limited in time. This request should be limited to the time period immediately preceding Plaintiff's discontinuation of employment. Pier1 objects to the request as vague and ambiguous in that it fails to identify the item or category of items to be produced with particularity. Pier1 is unaware of any "incoming shipment policy" referred to in the request.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. Plaintiff is seeking any policy, directive, etc. that was in effect during said time period for any and all Pier 1 stores that related to shipments to the store and the unloading of said shipments before each and any employee of said store. This is a crucial issue to this lawsuit.

16. A complete copy of any and all documents in your possession which in any way involve complaints, grievances; complaints, pleadings, or any other type of documentation relating to any other lawsuit brought against Pier, at any time wherein it is alleged that Pier had been accused of employment/workplace discrimination, at either its Massachusetts, and/or Rhode Island locations for the years 2000 to present.

Response: Pier1 objects to this request as being overly broad, unduly burdensome, and harassing inasmuch as it is not properly limited in time or scope. The request seeks all complaints, grievances, and pleadings, regardless of the type of complaint and is not even limited to complaints of pregnancy discrimination. Moreover Pier1 objects to this request as being irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence in this individual, disparate treatment case. Pier 1 also objects to this request to the extent that's I seeks information protected by the attorney client and work product privileges. Finally, Pier 1 objects to this request to the extent I it seeks to invade the personal privacy rights of non-parties without their consent.

**Request:** This question is not overly broad, unduly burdensome or harassing. The time period is only for 4 years before the alleged discriminatory action occurred. Plaintiff is willing to limit the discovery to alleged discrimination of females and violations of the FMLA as it relates to pregnancy. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed. Last, if the document produced is a public document (i.e., lawsuit filed, papers filed with appropriate agency such as Human Rights Commission or EEOC) than the names and addresses are not intended to be private. If the document produced is not a public document and the

names and addresses can be deducted.

17. Please provide a complete list of all employees who worked for Pier from January 2000 through and including January 2007. For each please include the following information;

(a) Start and end date;
(b) All positions held and at which facility;
(c) Name(s) of supervisor.

Response: Pier 1 also objects to this request as being overly broad, unduly burdensome, and harassing inasmuch as it is not properly limited in time or geographic scope. This request should be properly limited in time to the employees that who were employed at the Plaintiff's store in the months immediately preceding her discontinuation of employment. Moreover, Pier1 objects to this request because it seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time and only for the Newport store.

18. Please provide a copy of any notes, documents, memos, etc., sent to Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005.

Response: Pier 1 also objects to this Request as being overly broad, unduly burdensome, and harassing inasmuch as it seeks the production of every document sent to Cindy Baldwin related to the store where Plaintiff was employed regardless of whether the document is relevant to Plaintiff's claims. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: Please see the documents produced herewith.

**Request:** This question is not overly broad, unduly burdensome or harassing. The time period is only for 4 years and for only one (1) person, the other named defendant in this law suit.

19. Copies of all documents, memoranda, or other correspondence, which in any way refer to or concern, the alleged workplace discrimination which is the subject of this action.

Response: Pier 1 objects to this Request to the extent it seeks information protected by the attorney-client and/or work product privileges. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please see the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs

to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

22. Copies of any and all documents regarding disciplinary actions taken by Pier against the Plaintiff, during Plaintiff's employment at Pier.

Response: Pier 1 objects to this request as calling for information protected by the attorney-client/ work product privileges. Pier 1 also objects to this request as being harassing and duplicative inasmuch as it seeks requested in Request for Production Number 6. Subject to and without waiving the foregoing objections Pier1 responds as follows: Please Plaintiff's personnel file produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

25. Copies of any and all documents regarding any and all communications, whether verbal or written, made within the Pier organization, or not within the Pier organization, regarding the pregnancy and/or accommodation(s) of the Plaintiff.

Response: Pier 1 objects to this request as calling for information protected by the attorney client or work product privileges. Pier 1 also objects to this request as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Pier 1 objects to this request as assuming facts not in evidence or presuming that Plaintiff requested and/or needed an accommodation. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed. Further, since this matter is a claim of discrimination due to pregnancy and what aspects of Plaintiff's job she was able and unable to do, Defendant can not claim that this request is irrelevant and will not lead to the production of admissible evidence.

26. Copies of any and all documents regarding any and all communications, whether verbal or written, within the Pier organization, or not within the Pier organization, regarding the termination of the Plaintiff's employment.

Response: Pier 1 objects to this request as calling for the production of information

protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

27. Copies of any and all documents regarding any interoffice investigation by Pier in connection with the workplace discrimination as alleged by the Plaintiff.

Response: Pier 1 objects to this request as calling for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

29. Copies of any and all documents regarding any and all other incidents of any type of employment discrimination, before or after the one here sued upon, in which Defendant, Pier, was involved in.

Response: Pier1 objects to this request as being vague and ambiguous in its use of the terms “incidents” and “employee discrimination”. Pier 1 also objects to this request as being overly broad, unduly burdensome, harassing, in that it is not properly limited in time and scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Pier 1 objects to this request to the extent that it calls for production of information protected by the attorney-client/work product privileges.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for 5 years prior the time period in which Plaintiff was first hired by Pier 1 until the present time and only for matters in which pregnancy was the issue. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

34. Copies of any and all documents regarding annual salary and benefits, including

monetary bonuses, profit sharing, medical, disability, and any other benefits as provided by Pier 1 to the Plaintiff, during Plaintiff's employment with Pier 1.

Response: Pier 1 objects to this request as being vague and ambiguous in that it seeks information concerning Holland & Knight LLP. Subject to and without waiving the foregoing objections, Pier1 is unaware of any potentially responsive documents.

**Request:** This question is not vague or ambiguous. Plaintiff is seeking information concerning Defendant and not Holland & Knight. Defendants must have provided wages and other types of benefits to Plaintiff during her tenure. Plaintiff needs this information to provide to any possible experts hired by Plaintiff as to lost wages, benefits, etc.

35. Copies of any and all documents regarding communications between any other employees, agent, officer, or any other official of Pier relating to Plaintiff, during the time period of Plaintiff's employment with Pier.

Response: Pier1 objects to this request as overly broad in that it is neither reasonably limited in time or to the facts relevant to this suit. Pier 1 also objects to this request to the extent it calls for the production of information that is protected by the attorney –client and/or work privileges. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: see documents produced here with.

**Request:** This question is not overly broad, and Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

36. Any and all correspondence to or from any employee, officer, agent or director of defendant regarding the matters relating to Plaintiff's complaint, which were not already produced in response to this above request

Response: Pier 1 objects to this request to the extent it calls for the production of information that is protected by the attorney –client and/or work privileges. Pier 1 objects to this request as being duplicative and harassing as it seeks the same information as request for Production Number 35. Subject to and without waiving the foregoing objections Pier1 responds as follows: see Pier1's response to request no. 35.

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is seeking any other materials not already produced. Further, if Defendant is claiming work

product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

37. Any and all documents which evidence, support, relate or pertain to any of the defenses contained in your answer.

Response: Pier1 objects to this request as vague and ambiguous in that fails to identify the item or category of items to be produced with reasonable particularity. Pier 1 objects to this request as calls for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections, Pier1 responds as follows: Please the documents produced herewith.

**Request:** This question is not vague or ambiguous. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

38. Any and all documents which relate or pertain to any communications, discussions or conversations Pier or its managers, representatives, agents or employees had with Plaintiff regarding any of the allegations in plaintiff's complaint.

Response: Pier 1 objects to this request as calls for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections. Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

39. Any and all documents which relates or pertain to any communications, discussions or conversations Pier or its managers, representatives, agents or employees had with any individual, agencies or organizations other than mentioned previously, regarding any of the allegations in Plaintiff's complaint.

Response: Pier 1 objects to this request as calls for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections. Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

40. Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, logs, or other records Pier1 or its managers, representatives, agents or employees maintained from 1998 through the present regarding Plaintiff, discrimination, and reasonable accommodation.

Response: Pier 1 objects to this request as being vague and ambiguous in that it seeks information concerning Holland & Knight LLP. Subject to and without waiving the foregoing objections, Pier1 is unaware of any potentially responsive documents.

**Request:** This question is not vague or ambiguous. Plaintiff is seeking information concerning Defendant and not Holland & Knight. If no such materials exist, then Plaintiff requests Defendant to withdraw its objection.

41. Any and all documents submitted to received from any local, state, or federal agency in connection with any claims or charges of discrimination made by any employee against Pier or its managers, representatives, agents or employees, including, without limitation, documentation submitted to or received from the Equal Employment Opportunity Commission, the State of Rhode Island Commission for Human Rights and the United States Department of Labor.

Response: Pier1 objects to this request as being vague and ambiguous in its use of the terms "claims or charges of discrimination". Pier 1 also objects to this request as being overly broad, unduly burdensome, harassing, in that it is not properly limited in time and scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Pier 1 objects to this request to the extent that it calls for production of information protected by the attorney-client/work product privileges.

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is willing to limit the request for the time period in which Plaintiff was first hired by Pier 1 until the present time. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

42. Any and all documents identified in Defendants answers to Defendant's Answers to Interrogatories.

Response: Pier 1 objects to this request as calls for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections. Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

43. Any and all documents upon which Pier relied in answering any of the interrogatories propounded by Plaintiff in this matter.

Response: Pier 1 objects to this request as calls for the production of information protected by the attorney client or work product privileges. Subject to and without waiving the foregoing objections. Pier1 responds as follows: Please the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

44. All documents concerning Plaintiff's job responsibilities, job assignments, and other terms and conditions of her employment with defendant, including, without limitation, all notes, e-mails, memoranda, expense reports, diaries, journals, calendars, logs, records, tape recordings, and other documents and materials that contain Plaintiff's records or notes or descriptions or thoughts concerning her work assignments, promotions, discipline, relationship to, or conversations with, her superiors, and any other aspects of her employment.

Response: Pier 1 objects to this request to the extent it calls for the production of information protected by the attorney –client and/or work product privileges. Pier 1 also objects to this request as being overly brad and not properly limited in scope or time. Finally, Pier 1 objects to this request as being harassing and duplicative in that it seeks information already requested in prior request for production. Subject to and without waiving the foregoing objections Pier responds as follows: Please see the documents produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed. Further, the time frame would be during Plaintiff's tenure with Defendant.

45. Any and all documents which constitute relate to or refer to records of any kind which

Defendants received and/or took from Plaintiff during or at the conclusion of her employment.

Response: Pier1 objects to this request to the extent it calls for the production of information protected by the attorney-client and or work product privileges. Pier1 also objects to this request as being vague and ambiguous in the use of the term "records". Subject to and without waiving the foregoing objections Pier responds as follows: Please see the document produced herewith.

**Request:** If Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed.

46. Any and all documents which relate or pertain to the terms and conditions of plaintiff's employment with Defendants, including but not limited, any handbooks, manuals, or other documents.

Response: Pier1 objects to this request as being overly broad, unduly burdensome, and harassing inasmuch as it seeks the production of any documents given to Pier 1 employees regardless of whether the file is relevant to Plaintiff's case. Moreover, Pier 1 objects to this request as being overly broad and not properly limited in time. Finally, Pier 1 objects to this request as being duplicative and harassing in that it seeks the same information called for by request Production number 7. Subject to and without waiving the foregoing objections Pier1 responds as follows: see response to Request for Production No. 7

**Request:** This question is not overly broad, unduly burdensome or harassing. Plaintiff is seeking only those documents that relate or pertain to Plaintiff's employment with Defendant.

47. Any and all documents which relate or refer to any employment of plaintiff from the time of his application with Defendants, which were not already produced in response to the above requests.

Response: Pier 1 objects to this request as being duplicative and harassing in that it seeks the same information called for by the previous Production and is simply a catch all request and an improper fishing expedition. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: Please the documents produced herewith.

**Request:** This question is not duplicative or harassing. This is a proper question requesting to obtain materials associated with Plaintiff and her tenure with Defendant.

PLAINTIFF
By her Attorney,

_(s) Bruce P. Gladstein___________
BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the _____ day of ____________________ 2007, I mailed a true copy of the within, by regular mail, postage prepaid:

Jamie Laporte, Esq.
Adler Pollock & Sheehan
One Citizens Plaza 8th Floor
Providence RI 02903

Russell D. Cawyer, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth TX 76102

_____________________________
Karen V Hooks