UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**PLAINTIFF'S MOTION FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES PROPOUNDED TO DEFENDANT, PIER 1 IMPORTS (US) INC.**

Now comes the Plaintiff, CRYSTAL VASCONCELLOS, in the above-entitled matter and moves that this Honorable Court compel, Defendant, PIER 1 IMPORTS (US) INC. ("Pier"); to provide more responsive answers to the following Interrogatories within 20 days.

3. During Plaintiff's employment at Pier, please provide the following:

(a) The name and title of the person who hired and fired her;
(b) The title, description and requirements for each position the plaintiff has held;
(c) The dates worked for each position;
(d) The name, address, and title of all supervisor(s) for each position;
(e) Reasons and documentation supporting the hiring and/or termination of Plaintiff for each position;
(g) the weekly salary of the plaintiff;
(h) all benefits provided to the plaintiff;
(i) a description of the requirements for the job held by the plaintiff

*Response:* Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in as ingle interrogatory using discrete subparts. Consequently, Pier1 will treat, for the purposes of it's responses and the maximum number of interrogatories permitted by Rule 33(a) , each discrete subpart as a separate interrogatory. Subject to without waiving the foregoing objections, Pier 1responds as follows***:***
(a) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600037-

300039:600044-600052

(b) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600025-300039.

(c) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074

(d) Michele Viera, Store Manager
Pier1 Imports 36 Faunce Corner Road
N. Dartmouth, MA 02747
Karol Pruitt, Regional Manager
Pier1 Imports
80 Shops Way at 5Way
Plymouth MA, 02360

(e) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052

(g) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074

(h) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600173—600319;600322-600554

(f) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600173—600319;600322-600554

**Request:** Defendant should answer this question under oath. In addition, the Plaintiff should not be required to search through the documents supplied by Defendant and attempt to guess which parts of the documents answer the questions be asked.

4. Was the Plaintiff ever subjected to any form of disciplinary action while employed by Pier, and if yes:

(a) The dates of the disciplinary action;
(b) The reason for the action;
(c) The title and name of the person who administered the action; and

(d) The form of the disciplinary action.

Response: Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in as ingle interrogatory using discrete subparts. Consequently, Pier1 will treat, for the purposes of it's responses and the maximum number of interrogatories permitted by Rule 33(a) , each discrete subpart as a separate interrogatory. Subject to without waiving the foregoing objections, Pier 1responds as follows:

(a) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074;600037-600039
(b) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074;600037-600039
(c) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074;600037-600039
(d) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. R. Civ. P. Rule 33(d), directs Plaintiff numbered documents attached hereto bates 600053-600074;600037-600039

**Request:** Defendant should answer this question under oath. In addition, the Plaintiff should not be required to search through the documents supplied by Defendant and attempt to guess which parts of the documents answer the questions be asked.

7. Please describe any conversations between Pier and Cindy Baldwin regarding the following:

(a) the pregnancy of Plaintiff;
(b) the leaving of work on 5/4/05 by Plaintiff;
(c) any requests for reasonable accommodation made by Plaintiff; and
(d) any attempt to provide reasonable accommodations to Plaintiff.

Response: Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in as ingle interrogatory using discrete subparts. Consequently, Pier1 will treat, for the purposes of it's responses and the maximum number of interrogatories permitted by Rule 33(a) , each discrete subpart as a separate interrogatory. Subject to without waiving the foregoing objections, Pier 1responds as follows:

(a) Inasmuch as the information requested can be derived from the attached

business records, Defendant pursuant to Fed, R. Civ. P. 33 (d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052.

(b) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed, R. Civ. P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600037-600039.

(c) Pier 1 is unaware of any request for reasonable accommodations made by Plaintiff.

(d) Pier1 is unaware of any request made for reasonable accommodations made by Plaintiff.

**Request:** Defendant should answer this question under oath. In addition, the Plaintiff should not be required to search through the documents supplied by Defendant and attempt to guess which parts of the documents answer the questions be asked.

9. State the full name, last known address and telephone number of each and every person known to Pier or its agents, servants, employees, or attorneys who was present during the occurrence or who has knowledge of which Plaintiff has complained in Plaintiff's complaint, and for each person, please state:

(a) The dates on which the individual saw or heard of the alleged occurrence;

(b) The location of each such individual at the time he or she saw, heard, or learned of the alleged occurrence;

(c) The substance of all information or knowledge about the alleged occurrence known to each such individual; and

(d) Whether any such individual gave any statement or account, either orally or in writing, of his or her knowledge of the alleged occurrence.

Response: Pier1 objects to this interrogatory as being ambiguous in its use of the term "the occurrence." Pier 1 further objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat for purposes of it's responses and the maximum number of interrogatories permitted by Rule 33 (a), each discrete subpart as a separate interrogatory. Pier 1 also object to this Interrogatory as being overly broad unduly burdensome, and harassing in that it seeks the identity of every person with knowledge of the facts contained in Plaintiffs Complaint. Finally Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without consent. Subject to and without waiving the foregoing objections, Pier1 answers as follows: Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed. Civ. R. P.33(d), directs Plaintiff numbered documents attached hereto

bates numbered 600044-600052;600037-600039;600036

**Request:** Defendant should answer this question under oath. In addition, the Plaintiff should not be required to search through the documents supplied by Defendant and attempt to guess which parts of the documents answer the questions be asked. Further, occurrence is defined as any alleged incidents or occurrences involving Plaintiff and the Defendants as stated in the Verified Complaint during the period of April 19, 2005 through May 5, 2005. In addition, it can not be overly broad, irrelevant or harassing if Plaintiff is seeking information that is the basis of Plaintiff's termination and subsequent lawsuit. Last, at this point, Plaintiff does not need to know the address or telephone numbers of nonparty witnesses.

10. Has any other employee requested a reasonable accommodation or complained of being discriminated including complaints made in relation to the maternity leave policy, before or after the one here sued upon, in which Pier was involved in, please state as to each occurrence against since 1995, and if yes, please provide for each complaint and/or request:

(a) His or her name, address, position with the company, and telephone number;
(b) Who discriminated or harassed them;
(c) What was done in reaction to their complaint and/or request, including any internal investigations;
(d) If they are no longer with the company, any and all reasons for their leaving, including any comments or information contained in any exit reports and/or interviews taken;
(e) What their complaints consisted of; and
(f) Any reports made as to the discrimination
(g) What reasonable accommodations, if any, were requested
(h) Please state if the requested reasonable accommodation(s) were refused or met and why.
(i) The date and places of each incident;
(j) The names and addresses of the person(s) involved in each such incident, separately stated as to each incident (include victims involved);
(k) A brief description of each such incident;
(l) Any internal investigations that were conducted as to each incident and its outcome;
(m) What Pier's response to the incident was;
(n) Whether the complaint was verbal or written;
(o) The present status of each lawsuit or proceeding, or if concluded, the final result of each lawsuit or proceeding, and any monetary, judgment, settlement or award.

Response: Pier 1objects to this Interrogatory as being vague and ambiguous in it's use of the terms, "discriminated", "complaint", "reports", "incident", and "response". Pier1 also objects to this Interrogatory as being overly broad, unduly burdensome, and harassing inasmuch as it is not properly limited in time or geographic scope. Pier1 further objects to this Interrogatory because it seeks to propound multiple interrogatories in a single Interrogatory by using discrete subparts. Consequently, to the extent Pier1 answers any pert of this Interrogatory, it will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Moreover, Pier1 objects to this Interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.Pier1 also objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work Product Privileges. Finally, Pier1 objects to this Interrogatory to the extent it seeks to invade the privacy right of non-parties by requesting the last known address and telephone number of non-parties.

**Request:** Plaintiff is willing to limit the time frame for 5 years prior to present and limited to pregnant women and/or maternity leave, and geographic scope does not need to be limited in that it is the policy and subsequent attitude of Pier 1 that is being questioned. Further, if Defendant is claiming work product or attorney/client privilege than it needs to state the precise nature of the privilege claimed, the reason for the claim of privilege, the author of the document, and the date and the parties to the conversation with respect to which the privilege is claimed. In addition, this question can not be overly broad, irrelevant or harassing if Plaintiff is seeking information that is the basis of Plaintiff's termination and subsequent lawsuit. Last, at this point, Plaintiff does not need to know the address or telephone numbers of nonparty witnesses.

PLAINTIFF
By her Attorney,

(*s*) Bruce P. Gladstein______________

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the _____ day of ____________________ 2007, I mailed a true copy of the within, by regular mail, postage prepaid:

Jamie Laporte, Esq.
Adler Pollock & Sheehan
One Citizens Plaza 8th Floor
Providence RI 02903

Russell D. Cawyer, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth TX 76102

______________________________
Karen V Hooks