**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT'S OBEJECTION TO PLAINTIFF'S MOTION**
**FOR ADDITIONAL INTERROGATORIES IN EXCESS OF 25**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files its Objection to Plaintiff's Motion for Additional Interrogatories and, in support thereof, would respectfully show the Court as follows:

This is a straight-forward pregnancy discrimination case where Plaintiff was terminated for misconduct (*i.e.*, dishonesty). This is not a putative class action or even a claim involving disparate impact theory. Plaintiff's request ignores the fact that she already served Pier 1 with twenty (20) interrogatories—many of which included discrete subparts that were not logically or factually subsumed within the primary question. Counting the discrete subparts of Plaintiff's interrogatories, she has served Pier 1, at a minimum with twenty-nine (29) interrogatories. Although Pier 1 objected to Plaintiff's attempt to circumvent Federal Rule of Civil Procedure 33(a)'s limitation of twenty-five (25) interrogatories so that the objection would not be waived, it answered each discrete subpart. Plaintiff's request ignores the fact that Plaintiff has already exceeded the permissible scope of discovery and the fact that Pier 1, subject to its objections, answered more than is required by Rule 33(a).

Plaintiff has failed to make a particularized showing as to why the additional discovery is necessary or cannot be accomplished within the limits provided by the Federal Rules of Civil Procedure. Plaintiff has failed to present any proposed interrogatories, discuss with specificity or even identify the subject matter which she needs to further inquire about through additional interrogatories. Simply put, Plaintiff has failed to show why it is necessary to serve twenty-five (25) additional interrogatories to prove her pregnancy discrimination claim. Plaintiff asserts a straight forward disparate treatment claim the complexity of which does not necessitate extraordinary discovery as evidenced by the fact that Pier 1 has, to date, only served thirteen (13) interrogatories.

## II. CONCLUSION.

Because Plaintiff has failed to demonstrate a particularized showing as to why it is necessary to serve interrogatories in excess of 25, for a total of 50 interrogatories, Plaintiff's request should be denied.

Dated: October 26, 2007

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 by electronic means (ECF) and U.S. Mail, certified, return receipt requested.

/s/ Jaime J. LaPorte

*433328_1.doc*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ADDITIONAL INTERROGATORIES IN EXCESS OF 25**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1") and files its Response to Plaintiff's Memorandum in Support of Plaintiff's Motion for Additional Interrogatories, and in support thereof, would respectfully show the Court as follows:

**I. INTRODUCTION.**

This is a pregnancy discrimination case where Plaintiff complains about her termination from employment due to misconduct (*i.e.*, dishonesty). Contrary to Plaintiff's characterization, this is not a complex case necessitating extraordinary discovery but rather a straight-forward employment discrimination case. There are no class allegations nor any allegations of disparate impact. There is no need (and Plaintiff has failed to establish a particularized need) for an additional twenty-five (25) interrogatories; consequently, Plaintiff's request should be denied.

**II. PROCEDURAL BACKGROUND.**

On February 13, 2007, Plaintiff served Pier 1 with her First Set of Interrogatories. Specifically, Plaintiff served Pier 1 with twenty (20) interrogatories, many of which included

discrete subparts that were not logically or factually subsumed within the primary question. A true and correct copy of Plaintiff's First Set of Interrogatories is attached hereto as Exhibit "A." Including the discrete subparts that were not logically or factually subsumed within the primary question, Plaintiff has propounded (and Pier 1 has answered) twenty-nine (29) interrogatories.

On March 14, 2007, Pier 1 served Plaintiff with its answers and responses to her interrogatories. On July 16 2007, Pier 1 served Plaintiff with its supplemental answers to Plaintiff's interrogatories. A true and correct copy of Pier 1's Supplemental Answers to Plaintiff's Interrogatories is attached hereto as Exhibit "B." Although Pier 1 objected to Plaintiff's attempt to circumvent Federal Rule of Civil Procedure 33(a)'s limitation of twenty-five (25) interrogatories, Pier 1 answered each discrete subpart—for a total of twenty-nine (29) to forty-four (44) interrogatories, depending on how a particular subpart is viewed, i.e. whether it is truly factually or logically subsumed within the primary question.

## III. ARGUMENTS & AUTHORITIES.

Federal Rule of Civil Procedure 33(a) limits the number of interrogatories that a party may serve upon any other party to twenty-five (25), including discrete subparts. The Court may limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the important of the proposed discovery in resolving the issues. FED. R. CIV. P. 26(b)(2).

The party seeking leave to serve more than twenty-five (25) interrogatories must make a particularized showing why the discovery is necessary. *Burket v. Hyman Lippitt, P.C.*, 2007 WL 2421136 (E.D. Mich 2007); *General Electric Co. v. Indemnity Insurance Co. of North America*, 2006 WL 1525970, at *3 (D. Conn. 2006) (party seeking leave to serve more than twenty-five (25) interrogatories must demonstrate particularly why each one of the proposed additional interrogatories is necessary); *Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (same). An important factor in the Court's consideration of such a request is whether the party has shown the specific content of the additional interrogatories it seeks to serve. *Burket*, 2007 WL 2421136, at *1.

Plaintiff seeks leave of Court to serve twenty-five (25) additional interrogatories on unspecified and unidentified topics or subjects. Plaintiff's request should be denied because she has failed to show a particularized need for an additional twenty-five (25) interrogatories.

**A. This Is Not A Complex Case.**

Plaintiff's characterization of this case as complex is misplaced. This is a straight-forward misconduct case. Plaintiff contends she was terminated because of her sex/pregnancy in violation of Title VII, R.I. General Laws §28-5-7, and R.I. General Laws §42-112-1. Defendant contends, and the facts establish, that Plaintiff was terminated because of her dishonesty. Plaintiff's characterization to the contrary is nothing more than an attempt to fabricate complexity in order to justify additional discovery. *See e.g. Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 147 (5th Cir. 1996) (affirming lower court's decision to deny plaintiff's request for additional interrogatories in an employment discrimination case).

**B. Plaintiff Ignores the Fact that She Has Already Exceeded the Scope of Discovery.**

Plaintiff's request ignores the fact that she already served Pier 1 with twenty (20) interrogatories. Plaintiff's assertion that she served Pier 1 with ten (10) interrogatories, including subparts, is wholly without merit and unsupported by the facts. As evidenced by Plaintiff's own interrogatories, she clearly served Pier 1 with twenty (20) interrogatories. (Ex. A). When counting the discrete subparts, Plaintiff has actually served Pier 1 with a minimum of twenty-nine (29) and a maximum of forty-four (44) interrogatories.

Plaintiff's Request also ignores the fact that several of the twenty (20) interrogatories already served on Pier 1 included discrete subparts that were not logically or factually subsumed within the primary question. Although Pier 1 objected to Plaintiff's attempt to circumvent Federal Rule of Civil Procedure 33(a)'s limitation of twenty-five (25) interrogatories, it answered each discrete subpart. Plaintiff's request ignores the fact that it has already exceeded the permissible scope of discovery and the fact that Pier 1, subject to its objections, answered more than is required by Rule 33(a).

**C. Plaintiff has Failed to Make a Particularized Showing Why the Additional Discovery is Necessary.**

Plaintiff seeks leave to serve an additional twenty-five (25) interrogatories claiming that the request is for the purpose of obtaining additional information that cannot be gathered in other less intrusive, less expensive, or less convenient methods and the additional interrogatories are not burdensome nor is it done for harassment purposes. (Pl. Motion, p. 1). Plaintiff has failed, however, to make a particularized showing of why the additional discovery is necessary.

Specifically, Plaintiff has failed to: (1) to present any proposed interrogatories; (2) identify, with specificity, the subject matter which they need to further inquire; (3) show how the information sought by additional interrogatories cannot be secured from any other source; (4) explain why the contemplated discovery cannot or could not be accomplished within the limits

established by the Federal Rules of Civil Procedure; (5) show how the information sought is more convenient; (6) show how the additional interrogatories are carefully construed and not unreasonably cumulative or duplicative; and/or (7) show how the interrogatories do not create an annoyance or significant expense to Pier 1. *Burket v. Hyman Lippitt, P.C.*, 2007 WL 2421136 (E.D. Mich 2007); *Duncan v. Paragon Publ'g Inc.*, 204 F.R.D. 127, 128 (S.D. Ill. 2001). The law is clear that Plaintiff's conclusory statement that additional interrogatories are needed is not enough. *Burket*, 2007 WL 2421136 (denying leave to serve additional interrogatories where party did not make particularized showing by presenting proposed interrogatories or discuss the subject matter upon which they needed to inquire); *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D.Minn. 1992) (denying leave to serve additional interrogatories where party failed to demonstrate necessity by showing specific content of those interrogatories); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (denying leave to serve additional interrogatories where party gave no explanation of their content).

Because Plaintiff has failed to make a particularized showing as to why the additional twenty-five (25) interrogatories are necessary, Plaintiff's request should be denied.

## IV. CONCLUSION & PRAYER.

Plaintiff has failed to make a particularized showing as to the necessity of serving an additional twenty-five (25) interrogatories; consequently, Pier 1 respectfully requests that Plaintiff's motion be denied.

Dated: October 26, 2007

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.

One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 by electronic means (ECF) and U.S. Mail, certified, return receipt requested.

/s/ Jaime J. LaPorte
Jaime J. LaPorte