RECEIVED
ADLER POLLOCK & SHEEHAN, P.C.
One Citiz[illegible] Floor
Providence, RI [illegible]3-1345

FEB 13 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT, PIER 1 IMPORTS (US) INC.**

Pursuant to Rule 33 of the Federal Court Rules of Civil Procedure, plaintiff request that each of the following interrogatories be answered under oath fully by the Defendant, PIER 1 IMPORTS (US) INC. ("Pier"); and further that said answers be served on the Plaintiff within thirty (30) days after service of these interrogatories.

It is intended by these interrogatories to elicit information not merely within your own personal knowledge but obtainable by you, including information in the possession of anyone acting on your behalf such as your attorney, investigators, insurance carriers and their representatives. Whenever the term "incident" is used, it refers to the incident referred to in the lawsuit, unless the sense appears to be the contrary.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

1. Please identify the name of the person completing these interrogatories, including your full name, address, and position in the company.

2. For each person whom you or your attorneys anticipate calling to testify as an expert at the time of trial, please state:

   (a) His/her full name, residential address, business address, occupation and field of expertise;
   (b) The subject matter upon which he/she is expected to testify;
   (c) The substance of the facts to which he/she is expected to testify; and
   (d) The subject matter of the opinions to which he/she is expected to testify and a summary of the grounds for each such opinion.

EXHIBIT
tabbies
A

3. During Plaintiff's employment at Pier, please provide the following:

   (a) The name and title of the person who hired and fired her;
   (b) The title, description and requirements for each position the plaintiff has held;
   (c) The dates worked for each position;
   (d) The name, address, and title of all supervisor(s) for each position;
   (e) Reasons and documentation supporting the hiring and/or termination of Plaintiff for each position;
   (g) the weekly salary of the plaintiff;
   (h) all benefits provided to the plaintiff;
   (i) a description of the requirements for the job held by the plaintiff

4. Was the Plaintiff ever subjected to any form of disciplinary action while employed by Pier, and if yes:

   (a) The dates of the disciplinary action;
   (b) The reason for the action;
   (c) The title and name of the person who administered the action; and
   (d) The form of the disciplinary action.

5. Did Plaintiff ever request a reasonable accommodations, and if yes, please state the dates of such requests and the mode of communication (i.e., verbal, written)

6. If the answer to the previous interrogatory was yes, if Plaintiff did receive the requested reasonable accommodations, please state when and what the reasonable accommodations were, who approved it, and how it was implemented; if Plaintiff did not receive the requested reasonable accommodation, please state why it was not provided to Plaintiff.

7. Please describe any conversations between Pier and Cindy Baldwin regarding the following:

   (a) the pregnancy of Plaintiff;
   (b) the leaving of work on 5/4/05 by Plaintiff;
   (c) any requests for reasonable accommodation made by Plaintiff; and
   (d) any attempt to provide reasonable accommodations to Plaintiff.

8. Please state the process of store managers taking time off from work, whether a full day or leaving early, for any reason, including but not limited to, sick time, personal time, and vacation time. Please include: who must be notified, if anyone; what steps must be taken; how the store manager must clock out; how much time they are provided for each reason and; how much notice must be given.

9. State the full name, last known address and telephone number of each and every

person known to Pier or its agents, servants, employees, or attorneys who was present during the occurrence or who has knowledge of which Plaintiff has complained in Plaintiff's complaint, and for each person, please state:

(a) The dates on which the individual saw or heard of the alleged occurrence;
(b) The location of each such individual at the time he or she saw, heard, or learned of the alleged occurrence;
(c) The substance of all information or knowledge about the alleged occurrence known to each such individual; and
(d) Whether any such individual gave any statement or account, either orally or in writing, of his or her knowledge of the alleged occurrence.

10. Has any other employee requested a reasonable accommodation or complained of being discriminated including complaints made in relation to the maternity leave policy, before or after the one here sued upon, in which Pier was involved in, please state as to each occurrence against since 1995, and if yes, please provide for each complaint and/or request:

(a) His or her name, address, position with the company, and telephone number;
(b) Who discriminated or harassed them;
(c) What was done in reaction to their complaint and/or request, including any internal investigations;
(d) If they are no longer with the company, any and all reasons for their leaving, including any comments or information contained in any exit reports and/or interviews taken;
(e) What their complaints consisted of; and
(f) Any reports made as to the discrimination
(g) What reasonable accommodations, if any, were requested
(h) Please state if the requested reasonable accommodation(s) were refused or met and why.
(i) The date and places of each incident;
(j) The names and addresses of the person(s) involved in each such incident, separately stated as to each incident (include victims involved);
(k) A brief description of each such incident;
(l) Any internal investigations that were conducted as to each incident and its outcome;
(m) What Pier's response to the incident was;
(n) Whether the complaint was verbal or written;
(o) The present status of each lawsuit or proceeding, or if concluded, the final result of each lawsuit or proceeding, and any monetary, judgment, settlement or award.

11. Please state the full name, last known address and employment position of each person who has investigated on your behalf the occurrences that are the subject of this lawsuit.

12. Please state fully and in complete detail everything that any person told, reported or related to Pier or any of its agents, servants, employees, or attorneys, either orally or in writing, concerning the occurrences that are the subject of this lawsuit, describing separately each such statement by setting forth:

    (a) The full name, last known address, and telephone number of the person who gave it;
    (b) The full name, last known address and employment position of the person who received it;
    (c) The date it was received, whether it was recorded, whether it was reduced to writing, whether it was signed; and
    (d) The present location of all notes, recording, transcripts, or writings of any kind pertaining to each such statement.

13. Set forth in full the substance of any admission by a party or any alleged agent of a party, including within your answer the name of the person making such admission, the date and time of the admission, and the names and addresses of all persons present at the time of the admission.

14. Please state all reasons why Plaintiff was terminated.

15. Please state whether Plaintiff was able to perform the required duties of store manager, with or without reasonable accommodation, and if not, why not.

16. Please state in detail what, if any, are the specific guidelines in place during the Plaintiff's tenure and since she left to be followed in relation to an employee's pregnancy and the date they were implemented, for the following situations;

    (a) When the pregnant person has been off duty and returns to work, the policy and or guidelines regarding holding their position open for them;
    (b) If the pregnancy has complications, the policy and/or guideline for decreased and/or light job duties;
    (c) The policy and/or guidelines for "special" accommodations related to the pregnancy;
    (d) Is there a specific amount of time allowed out of work due to a pregnancy before that person can be demoted or terminated.

17. As for the store manager position referred to in the complaint, please state the following:

    (a) What is the job description (i.e. what are the hours, specific duties etc.);
    (b) What are the qualifications required to become a store manager;
    (c) Was the Plaintiff qualified for said position, and if not, why;
    (d) Was the position ever available from the time the Plaintiff was hired

through the six (6) months after her termination;

(e) Was anyone hired, appointed or promoted for the position during the time-period previously stated; and

(f) If someone was hired, appointed, promoted etc. for said position, please state the persons name, address, if they are still employed by Pier and a detailed description of his or her qualifications.

18. What is the basis for each of the defenses listed in Pier's answer to Plaintiff's complaint

19. Please state if Plaintiff notified Pier of her pregnancy while working, and if "yes", for each such notification, further state the following:

(a) to who was such a notification made;
(b) when was such notification made;
(c) how was such notification made (i.e. in writing or verbally); and;
(d) what was done in response to such notification, if anything.

20. Provide the basis for each defense provided in your Answer to Plaintiff's Complaint, including a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Pier, and that Pier may use to support each defense

PLAINTIFF
By her ATTORNEY,

BRUCE P. GLADSTEIN, ESQ.
(#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax