IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRYSTAL VASCONCELLOS | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 06-4016-T |
| v. | § | |
| PIER 1 IMPORTS (U.S.), INC., AND CINDY BALDWIN | § | |

**DEFENDANT'S SUPPLEMENTAL ANSWERS TO**
**PLAINTIFF'S INTERROGATORIES TO DEFENDANT PIER 1**

To: **Plaintiff, Crystal Vasconcellos, by and through her attorney of record, Bruce Gladstein, 750 East Avenue, Pawtucket, Rhode Island 02860**

In accordance with Federal Rules of Civil Procedure, Defendant Pier 1 Imports (U.S.) Inc. provides supplemental answers to Plaintiff's Interrogatories as follow:

INTERROGATORY NO. 1:

Please identify the name of the person completing these interrogatories, including your full name, address, and position in the company.

ANSWER:

Cindy Barker
9 Mozzone Blvd.
Taunton, MA 02780
508-824-3754
Regional Manager

INTERROGATORY NO. 2:

For each person whom you or your attorneys anticipate calling to testify as an expert at the time of trial, please state:

(a) His/her full name, residential address, business address, occupation and field of expertise;
(b) The subject matter upon which he/she is expected to testify;
(c) The substance of the facts to which he/she is expected to testify; and

EXHIBIT
tabbies
B

(d) The subject matter of the opinions to which he/she is expected to testify and a summary of the grounds for each such opinion.

**ANSWER:**

Pier 1 objects to this Interrogatory because it seeks to invade the proper procedure for discovery of expert testimony – namely disclosures under Rule 26(a)(2). Pier 1 also objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the residential addresses without their advance consent. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: Pier 1 has not determined whether it will use a testifying expert at trial. Pier 1 will supplement this interrogatory pursuant to the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**

During Plaintiff's employment at Pier, please provide the following:

(a) The name and title of the person who hired and fired her;
(b) The title, description and requirements for each position the plaintiff has held;
(c) The dates worked for each position;
(d) The name, address, and title of all supervisor(s) for each position;
(e) Reasons and documentation supporting the hiring and/or termination of Plaintiff for each position;
(g) the weekly salary of the plaintiff;
(h) all benefits provided to the plaintiff;
(i) a description of the requirements for the job held by the plaintiff

**ANSWER:**

Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Subject to and without waiving the foregoing objections, Pier 1 responds as follows:

(a). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600037-600039; 600044-600052.

(b). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600025-600027.

(c). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074.

(d). Michelle Viera, Store Manager
Pier 1 Imports
36 Faunce Corner Road
N. Dartmouth, MA 02747

Karol Pruitt, Regional Manager
Pier 1 Imports
80 Shops at 5 Way
Plymouth, MA 02360

(e). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052.

(g). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074.

(h). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600173-600319; 600322-600554.

(i). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600173-600319; 600322-600554.

**INTERROGATORY NO. 4:**

Was the Plaintiff ever subjected to any form of disciplinary action while employed by Pier, and if yes:

(a) The dates of the disciplinary action;
(b) The reason for the action;
(c) The title and name of the person who administered the action; and
(d) The form of the disciplinary action.

**ANSWER:**

Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Subject to and without waiving the foregoing objections, Pier 1 responds as follows:

(a) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074; 600037-600039.

(b). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074; 600037-600039.

(c). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074; 600037-600039.

(d). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600053-600074; 600037-600039.

**INTERROGATORY NO. 5:**

Did Plaintiff ever request a reasonable accommodations, and if yes, please state the dates of such requests and the mode of communication (i.e., verbal, written)

**ANSWER:**

Pier 1 objects to this Interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: Pier 1 is unaware of any request for reasonable accommodations made by Plaintiff.

**INTERROGATORY NO. 6:**

If the answer to the previous interrogatory was yes, if Plaintiff did receive the requested reasonable accommodations, please state when and what the reasonable accommodations were, who approved it, and how it was implemented; if Plaintiff did not receive the requested reasonable accommodations, please state why it was not provided to Plaintiff.

**ANSWER:**

Pier 1 objects to this Interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, Pier 1 objects to this Interrogatory to the extent it assumes Plaintiff needed reasonable accommodations to perform her job or that Pier 1 was obligated to provide Plaintiff with reasonable accommodations. Subject to and without waiving the foregoing objections, Pier 1 responds as follows: See Pier 1's response to Interrogatory Number 5.

**INTERROGATORY NO. 7:**

Please describe any conversations between Pier and Cindy Baldwin regarding the following:

(a) the pregnancy of Plaintiff;
(b) the leaving of work on 5/4/05 by Plaintiff;
(c) any requests for reasonable accommodation made by Plaintiff; and
(d) any attempt to provide reasonable accommodations to Plaintiff.

**ANSWER:**

Pier 1 objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Subject to and without waiving the foregoing objections, Pier 1 responds as follows:

(a). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052.

(b). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600037-600039.

(c). Pier 1 is unaware of any request for reasonable accommodations made by Plaintiff.

(d). Pier 1 is unaware of any request for reasonable accommodations made by Plaintiff.

**INTERROGATORY NO. 8:**

Please state the process of store managers taking time off from work, whether a full day or leaving early, for any reason, including but not limited to, sick time, personal time, and vacation time. Please include: who must be notified, if anyone; what steps must be taken; how the store manager must clock out; how much time they are provided for each reason; and how much notice must be given.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the term "taking time off for work." Pier 1 further objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat, for purposes of its responses and the maximum number of

interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Pier 1 further objects to this Interrogatory as being overly broad and unduly burdensome in that it is not reasonably limited as to time and geographic scope. The Interrogatory, as written, would request Pier 1 to provide information about the activities of its store managers, both current and former employees, nationwide since the beginning of the Company's existence. As such, the interrogatory is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Store Managers in the region where Plaintiff worked requesting time off are expected to send a written request to their Regional Manager for time off at least one week prior to taking a full day or vacation time so that appropriate scheduling arrangements can be made to cover the store. If the store manager is requesting time off due to sickness, the manager is expected to call the Regional Manager's cell phone or email the Regional Manger prior to the start of a scheduled shift the store manager is to work or before leaving the store if during the middle of a scheduled shift. Store managers must clock in and out for the beginning and end of all shifts and meal periods using the time and attendance system.

**INTERROGATORY NO. 9:**

State the full name, last known address and telephone number of each and every person known to Pier or its agents, servants, employees, or attorneys who was present during the occurrence or who has knowledge of which Plaintiff has complained in Plaintiff's complaint, and for each person, please state:

(a) The dates on which the individual saw or heard of the alleged occurrence;
(b) The location of each such individual at the time he saw or she saw, heard, or learned of the alleged occurrence;
(c) The substance of all information or knowledge about the alleged occurrence known to each such individual; and
(d) Whether any such individual gave any statement or account, either orally or in writing, of his or her knowledge of the alleged occurrence.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the term "the occurrence." Pier 1 further objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, Pier 1 will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Pier 1 also object to this Interrogatory as being overly broad, unduly burdensome, and harassing in that it seeks the identity of every person with knowledge of the facts contained in Plaintiff's Complaint. Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent. Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052; 600037-600039; 600036.

**INTERROGATORY NO. 10:**

Has any other employee requested a reasonable accommodation or complained of being discriminated including complaints made in relation to the maternity leave policy, before or after the one here sued upon, in which Pier was involved in, please state as to each occurrence against since 1995, and if yes, please provide for each complaint and/or request:

(a) His or her name, address, position with the company, and telephone number;
(b) Who discriminated or harassed them;
(c) What was done in reaction to their complaint and/or request, including any internal investigations;
(d) If they are no longer with the company, any and all reasons for their leaving, including any comments or information contained in any exit reports and/or interviews taken;
(e) What their complaints consisted of; and
(f) Any reports made as to the discrimination
(g) What reasonable accommodations, if any, were requested
(h) Please state if the requested reasonable accommodation(s) were refused or met and why,
(i) The date and places of each incident;
(j) The names and addresses of the person(s) involved in each such incident, separately stated as to each incident (include victims involved);
(k) A brief description of each such incident;
(l) Any internal investigations that were conducted as to each incident and its outcome;
(m) What Pier's response to the incident was;
(n) Whether the complaint was verbal or written;
(o) The present status of each lawsuit or proceeding, or if concluded, the final result of each lawsuit or proceeding, and any monetary, judgment, settlement or reward.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the terms "discriminated," "complaint," "reports," "incident," and "response." Pier 1 also objects to this Interrogatory as being overly broad, unduly burdensome, and harassing inasmuch as it is not properly limited in time or geographic scope. Pier 1 further objects to this interrogatory because it seeks to propound multiple interrogatories in a single interrogatory using discrete subparts. Consequently, to the extent Pier 1 answers any part of this Interrogatory, it will treat, for purposes of its responses and the maximum number of interrogatories permitted by Rule 33(a), each discrete subpart as a separate interrogatory. Moreover, Pier 1 objects to this Interrogatory as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Pier 1 also objects to this Interrogatory to the extent it calls for information protected by the attorney-client and/or work product privileges. Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent.

**INTERROGATORY NO. 11:**

Please state the full name, last known address and employment position of each person who has investigated on your behalf the occurrences that are the subject of this lawsuit.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the "occurrence." Pier 1 also objects to this Interrogatory to the extent it seeks information protected by the attorney-client and/or work product privileges. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent. Subject to and without waiving the foregoing objections, Pier 1 answers as follows:

Cindy Baldwin
9 Mozzone Blvd.
Taunton, MA 02780
Regional Manager

Michelle Trotter
2933 Bay Oaks
Dallas, TX 75229
Employee Relations Manager

Susan Dubois
Pier 1 Imports
1583 Providence Highway
Norwood, MA 02062
Divisional Director

**INTERROGATORY NO. 12:**

Please state fully and in complete detail everything that any person told, reported or related to Pier or any of its agents, servants, employees, or attorneys, either orally or in writing, concerning the occurrences that are the subject of this lawsuit, describing separately each such statement by setting forth:

(a) The full name, last known address, and telephone number of the person who gave it;
(b) The full name, last known address and employment position of the person who received it;
(c) The date it was received, whether it was recorded, whether it was reduced to writing, whether it was signed; and

(d) The present location of all notes, recording, transcripts, or writings of any kind pertaining to each such statement.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the "occurrences." Pier 1 also objects to this Interrogatory to the extent it calls for information protected by the attorney-client and/or work product privileges. Pier 1 also objects to this Interrogatory as being overly broad in that it is not properly limited in scope or time. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent. Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600044-600052; 600036; 600037-600039.

**INTERROGATORY NO. 13:**

Set forth in full the substance of any admission by a party or any alleged agent of a party, including within your answer the name of the person making such admission, the date and time of the admission, and the names and addresses of all persons present at the time of the admission.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the "admission." Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent.

**INTERROGATORY NO. 14:**

Please state all reasons why Plaintiff was terminated.

**ANSWER:**

Pier 1 objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to

Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600320-600321.

**INTERROGATORY NO. 15:**

Please state whether Plaintiff was able to perform the required duties of store manager, with or without reasonable accommodation, and if not, why not.

**ANSWER:**

Pier 1 objects to this Interrogatory to the extent it presumes that Plaintiff had a disability necessitating a accommodation and therefore, assumes facts not in evidence. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Pier 1 believed that Plaintiff was able to perform all the essential functions of her job.

**INTERROGATORY NO. 16:**

Please state in detail what, if any, are the specific guidelines in place during the Plaintiff's tenure and since she left to be followed in relation to an employee's pregnancy and the date they were implemented, for the following situations:

(a) When the pregnant person has been off duty and returns to work, the policy and or guidelines regarding holding their position open for them;
(b) If the pregnancy has complications, the policy and/or guideline for decreased and/or light job duties;
(c) The policy and/or guidelines for "special" accommodations related to the pregnancy;
(d) Is there a specific amount of time allowed out of work due to a pregnancy before that person can be demoted or terminated.

**ANSWER:**

Pier 1 objects to this Interrogatory as being vague and ambiguous in its use of the term "guidelines." Pier 1 also objects to this Interrogatory as being overly broad and not properly limited in time or scope and should be limited to time periods prior to Plaintiff's separation of employment. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waiving the foregoing objections, Pier 1 answers as follows: Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600173-600319; 600322-600554.

**INTERROGATORY NO. 17:**

As for the store manager position referred to in the complaint, please state the following:

(a) What is the job description (i.e. what are the hours, specific duties, etc.);
(b) What are the qualifications required to become a store manager;
(c) Was the Plaintiff qualified for said position, and if not, why;
(d) Was the position ever available from the time the Plaintiff was hired through the six (6) months after her termination;
(e) Was anyone hired, appointed or promoted for the position during the time-period previously stated; and
(f) If someone was hired, appointed, promoted etc. for said position, please state the persons name, address, if they are still employed by Pier and a detailed description of his or her qualifications.

**ANSWER:**

Pier 1 objects to this Interrogatory as being overly broad and not properly limited in geographic scope and should properly be limited to the Pier 1 store where Plaintiff was employed. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Finally, Pier 1 objects to this Interrogatory to the extent it seeks to invade the privacy rights of non-parties by requesting the last known address and telephone number of non-parties without their consent. Subject to and without waiving the foregoing objections, Pier 1 answers as follows:

(a) Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600025-600027.

(b). Inasmuch as the information requested can be derived from the attached business records, Defendant, pursuant to Fed.R.Civ.P. 33(d), directs Plaintiff numbered documents attached hereto bates numbered 600025-600027.

(c). Yes.

(d). Pier 1 objects to this request as being vague and ambiguous.

(e). Elizabeth Jarvis temporarily replaced Plaintiff as Manager from approximately June and July of 2005. Charlene Demello was hired to replace Plaintiff as Manager around August of 2005.

(f). Elizabeth Jarvis
Pier 1 Imports
100 Franklin St.

Westerly, RI 02891

Charlene Demello
Pier 1 Imports
1276 Bald Hill Road
Warwick, RI 02886

**INTERROGATORY NO. 18:**

What is the basis for each of the defenses listed in Pier's answer to Plaintiff's complaint

**ANSWER:**

Pier 1 objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waving the foregoing objections, Plaintiff responds as follows:

Plaintiff's claims and damages, if any, are barred by her failure to adequately mitigate her damages. Defendant's employment decisions relative to Plaintiff were made to further legitimate, non-discriminatory business reasons. Defendants further allege that it is not liable for punitive damages because it has at all times made a good faith effort to comply with Title VII, the Rhode Island Fair Employment Practices Act, and all other applicable laws, and any action by a manager contrary to such effort is in violation of Defendant's established policies and procedures. Plaintiff's damages are limited or capped by the constitution, statutory and/or common law limitations on the recovery of such damages.

**INTERROGATORY NO. 19:**

Please state if Plaintiff notified Pier of her pregnancy while working, and if "yes", for each such notification, further state the following:

(a) to who was such a notification made;
(b) when was such notification made;
(c) how was such notification made (i.e. in writing or verbally); and
(d) what was done in response to such notification, if anything.

**ANSWER:**

Pier 1 objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waving the foregoing objections, Plaintiff responds as follows:

(a). Cindy Baldwin.

(b). Approximately March or April of 2005.

(c). Verbally.

(d). Cindy Baldwin congratulated Plaintiff on her pregnancy.

**INTERROGATORY NO. 20:**

Provide the basis for each defense provided in your Answer to Plaintiff's Complaint, including a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of Pier, and that Pier may use to support each defense.

**ANSWER:**

Pier 1 also objects to this Interrogatory as being duplicative in that it seeks the same information requested in Interrogatory Number 18. Pier 1 also objects to this Interrogatory to the extent it calls for information protected by the attorney-client and/or work product privileges. Pier 1 also objects that, after considering the multiple discrete subparts of the previous interrogatories which are counted as separate interrogatories, this interrogatory results in a total number of interrogatories above the limit set forth in Fed. R. Civ. P. 33(a). Subject to and without waving the foregoing objections, Plaintiff responds as follows: See Pier 1's response to Interrogatory 18.

PIER 1 IMPORTS (U.S.) INC.

By:______________________________

Subscribed and sworn to before me this ____ day of July, 2007.

______________________________

Notary Public
My commission expires on:

# VERIFICATION

STATE OF MASSACHUSETTS §
§
COUNTY OF BRISTOL §

BEFORE ME, the undersigned authority, on this day personally appeared Cindy Barker, duly authorized to make this oath on behalf of Pier 1 Imports (U.S.), Inc. (hereinafter "the Company"), and known to me to be the person whose name is subscribed hereto, and having first been duly sworn by me upon her oath, deposes and testifies as follows:

"My name is Cindy Barker. I am a Regional Manager for the Company, and am empowered to make this affidavit and to answer Plaintiff's Interrogatories to Pier 1 heretofore set out. I am over the age of twenty-one (21) years and have never been convicted of a felony.

I have read the foregoing Supplemental Answers to Plaintiff's Set of Interrogatories. They contain information based on the composite knowledge of the Company. I do not have personal knowledge of all, or any, of the facts stated therein, but I hereby acknowledge that, based on the company's corporate composite knowledge, the facts stated therein are true and correct.

FURTHER AFFIANT SAYETH NOT."

Cindy Barker
CINDY BARKER

SUBSCRIBED AND SWORN TO BEFORE ME on this 16th day of July, 2007, by Cindy Barker.

Theresa Riederer
NOTARY PUBLIC IN AND FOR
THE STATE OF MASSACHUSETTS

THERESA A. RIEDERER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 13, 2012

863150_1

AS TO OBJECTIONS:

Defendant,
PIER 1 IMPORTS (U.S.) INC.
By its attorneys,

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley *(Admitted Pro Hac Vice)*
State Bar No. 24036256
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
Russell.cawyer@khh.com
Carrie.brantley@khh.com

**Certificate of Service**

I hereby certify that on July 16th, 2007, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 by U.S. Mail, certified, return receipt requested.

Jaime J. LaPorte

Jaime J. LaPorte

*423281_1.doc*