**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND CINDY BALDWIN** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION**
**FOR MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1") and files its Response to Plaintiff's Motion for More Responsive Answers to Interrogatories Propounded to Defendant Pier 1 Imports (U.S.) Inc., and in support thereof, would respectfully show the Court as follows:

## I. ARGUMENTS & AUTHORITIES.

Interrogatory Nos. 3, 4, 7, and 9:

With respect to Interrogatory Nos. 3, 4, 7 and 9, Pier 1, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, elected its option to direct Plaintiff to and produce Pier 1's business records in lieu of answering in the narrative. FED. R. CIV. P. 33(d); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 357, 98 S.Ct. 2380, 2392 (1978). Rule 33(d) expressly states that a responding party is not required to give a narrative answer to an interrogatory; consequently, Plaintiff's complaint that the responses should be under oath is unwarranted, ignores the express provisions of Rule 33(d), and overlooks the fact that Pier 1's responses to Plaintiff's interrogatories were verified. (See Ex. "A.").

Plaintiff's assertion that Pier 1 failed to properly answer these interrogatories by directing Plaintiff to its business records is also unwarranted. Plaintiff has failed to show that the business

records provided by Pier 1 were inadequate, did not fully contain the information requested, or that the information was too difficult to extract. *See e.g. United States Securities & Exchange Commission v. Elfindepan,* 206 F.R.D. 574 (M.D.N.C. 2002). Instead, Plaintiff vaguely claims that it should not be required to search through documents. The Federal Rules of Civil Procedure do not require Pier 1 to highlight the relevant portion of each document but instead only that Pier 1 specify for each interrogatory the actual documents where the information responsive to the request will be found. Fed. R. Civ. P. 33(d) ("it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained"). That is exactly what Pier 1 did—for each interrogatory it directed Plaintiff to specific documents already produced by bates number (e.g., "Pier 1 directs Plaintiff numbered documents attached hereto bates numbered 600037-600039.")

With regards to Interrogatory No. 3 (requesting the title and identity of the person who hired and terminated Plaintiff, the job descriptions and requirements for each position held by Plaintiff, the reasons and documentation supporting Plaintiff's termination, and all "benefits" provided to Plaintiff), Pier 1 elected, pursuant to Rule 33(d), to provide Plaintiff with cites to business records in lieu of answering in the narrative. Most of the bates ranges specified by Pier 1 encompass ranges of two, six, and twenty pages, none of which are difficult to read or require Plaintiff to "guess" where the responsive information can be found. Rather, Pier 1 directed Plaintiff to investigation notes regarding Plaintiff's dishonesty, the separation of Plaintiff's employment, and her personnel file (which included documents containing information regarding Plaintiff's title, job description, dates worked for each position, and rate of pay for each position). To the extent Pier 1 directed Plaintiff to its handbooks so that Plaintiff could ascertain what "benefits were provided to Plaintiff," a Table of Contents was also provided.

With respect to Interrogatory No. 4 (requesting whether Plaintiff was ever subjected to a

disciplinary action, the reasons for the action, and the title and identity of the person administering the action), Pier 1 elected, pursuant to Rule 33(d), to provide Plaintiff with cites to business records in lieu of answering in the narrative. The bates ranges specified by Pier 1 encompass ranges of two (2) or twenty pages (20), none of which are difficult to read or require Plaintiff to "guess" where the responsive information can be found. Specifically, Pier 1 directed Plaintiff to investigation notes made regarding her dishonesty and ultimate separation, Plaintiff's own statements regarding her separation, and Plaintiff's personnel file. Plaintiff has failed to establish that Pier 1 failed to properly answer this interrogatory.

With respect to Interrogatory No. 7 (seeking all conversations between Pier 1 and Cindy Baldwin regarding Plaintiff's pregnancy, the leaving of work on May 4, 2005), Pier 1 elected, pursuant to Rule 33(d), to provide Plaintiff with cites to business records in lieu of answering in the narrative. The bates ranges specified by Pier 1 encompass ranges of two or twenty pages, none of which are difficult to read or require Plaintiff to "guess" where the responsive information can be found. This is especially true given that Pier 1 also directed Plaintiff to her own written statement regarding her leaving of work on May 4, 2005. Plaintiff has failed to establish that Pier 1 failed to properly answer this interrogatory.

With respect to Interrogatory No. 9 (seeking the identity of Pier 1 employees who witnessed the May 4, 2005 "occurrence," the location of such individual at the time of the "occurrence," the knowledge of that individual, and whether they gave a statement), Pier 1 elected, pursuant to Rule 33(d), to provide Plaintiff with cites to business records in lieu of answering in the narrative. The bates ranges specified by Pier 1 encompass ranges of one, two or eight pages, none of which are difficult to read or require Plaintiff to "guess" where the responsive information can be found. This is especially true given that Pier 1 directed Plaintiff to her own written statement regarding her leaving of work on May 4, 2005 and the written

statement of another employee who witnessed the May 4, 2005 "occurrence" as described by Plaintiff. Plaintiff has failed to establish that Pier 1 failed to properly answer this interrogatory.

Interrogatory No. 10.

With respect to Interrogatory 10 seeking nationwide discovery regarding "requests for reasonable accommodation, "complaints of discrimination," and "complaints regarding maternity leave" for a twelve (12) year period, Pier 1 objections are valid. Generally, other claims of discrimination against a defendant are discoverable only if limited to the same form of discrimination, if limited to the same department or agency where plaintiff worked, and if limited to a reasonable time before and after the discrimination complained of. *Mitchell v. National Railroad Passenger Corp.,* 208 F.R.D. 455, 460 (D.D.C. 2002). Plaintiff's proffered limitations do not cure the deficiencies of Interrogatory 10 for several reasons. *See e.g. Chavez v. Daimlerchrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) (limiting interrogatory that sought "all previous lawsuits, grievances, or complaints alleging age discrimination against defendant . . . in the last five years" because, although the interrogatory was limited in time, type of action complained of, and type of discrimination alleged, it was not limited to employees similarly situated with plaintiff or employees subject to the same supervisor as plaintiff).

First, despite Plaintiff's protestations to the contrary, the information sought by Interrogatory 10 is not relevant to her claims. Plaintiff's complaint does not challenge Pier 1's maternity leave policy, its medical leave of absence policies, or any other policy related to leave. At most, Plaintiff asserts that Pier 1 intentionally discriminated against her by firing her because of her pregnancy. Such an allegation does not challenge the "policies" of Pier 1, therefore, there is no basis for requesting information concerning alleged complaints of Pier 1's maternity leave policy. Plaintiff's request also ignores the fact that she was terminated because of her dishonesty. *See Pleasants v. Allbough*, 208 F.R.D. 7, 15 (D.D.C. 2002) (proper scope of

discovery regarding other complaints of discrimination is limited in time and limited to those involving the same type of discrimination alleged in the pending lawsuit.).

Second, Plaintiff's proposed limitation ignores the vague and ambiguous nature of Interrogatory No. 10. Even if this request is limited to pregnant women/maternity leave, the request is still overly broad and unduly burdensome inasmuch as it seeks every "complaint," "report," and "incident." These terms are vague and arguably encompass every single employee who "reported" to Pier 1 that she was pregnant, regardless of whether she complained about leave policies, was involved in an "incident," or that she was discriminated against. Moreover, the term "complaint" does not indicate whether Plaintiff seeks verbal criticisms or actual complaints filed with a court. Similarly, Plaintiff's use of the terms "discriminated" and "response" are equally ambiguous. Such a vague and ambiguous request calls for irrelevant information, the production burden of which clearly outweighs any likely benefit to Plaintiff.

Third, Plaintiff's limitation of five (5) years ignores that fact that decision to terminate Plaintiff because of her dishonesty was a decision made by **one person at one location**. Thus, the appropriate temporal scope of this request is the reasonable time period during which the decision maker was employed by Pier 1 as Plaintiff's supervisor (i.e. December of 2004 to December of 2006). There is no need to seek discovery for a five (5) year period.

Finally, Plaintiff has not properly limited the geographic scope of Interrogatory 10. In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination-the employing unit or work unit." *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004). Discovery may be expanded from the Plaintiff's employing unit only if the plaintiff can show the requested information is "particularly cogent" to the matter or if the plaintiff can show a "more particularized need for, and the likely relevance of, broader information." *Id.* at 654. Plaintiff

claims that the geographic scope does not need to be limited because "it is the policy and attitude of Pier 1 that is being questioned." Plaintiff's contention ignores the true nature of her complaint. Plaintiff does not claim that Pier 1's maternity leave policy, its medical leave of absence policies, or any other policy of Pier 1 discriminates against women. Rather, Plaintiff complains about the decision made by a single Pier 1 manager to terminate Plaintiff because of her dishonesty. Accordingly, nationwide discovery is not only overly broad and unduly burdensome, but it also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

This is especially true given that Plaintiff has not shown a particularized need for, and the likely relevance of, broader information than that pertaining to her store or at most, the region covered by the supervisor making the decision regarding Plaintiff's separation. *Id.* (limiting geographic scope of discovery to region of supervisor who made employment decision); *see e.g. McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246 (E.D.N.C. 2005) (former corporation not compelled to produce disciplinary documents for all employees under supervision of two supervisors in discrimination action where temporal and geographic scope of request was overly broad and release of employee's information who were not similarly situated was unwarranted); *Glenn v. Williams*, 209 F.R.D. 279 (D.D.C. 2002) (limiting production of documents geographically to the divisions of the department for which plaintiffs worked); *White v. United States Catholic Conference*, 1998 WL 429842 (D.D.C. 1998) (same); *Hinton v. Entex, Inc.*, 93 F.R.D. 336, 337 (E.D. Tex. 1981) (discovery limited to facility where plaintiff worked, in a multi-facility company, when plaintiff's specific allegations involved discrimination only at plaintiff's facility).

## II. <u>CONCLUSION</u>.

Because: (1) Pier 1's objections to Plaintiff's interrogatories are valid; (2) Pier 1 properly

and fully responded to Plaintiff's interrogatories; and (3) Plaintiff failed to demonstrate a particularized showing as to why nationwide discovery is necessary, Plaintiff's Motion should be denied.

Dated: October 26, 2007

Respectfully submitted,

/s/ Jaime J. LaPorte

Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2007, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 by electronic means (ECF) and U.S. Mail, certified, return receipt requested.

/s/ Jaime J. LaPorte
Jaime J. LaPorte

*433336_1.doc*