**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR MORE RESPONSIVE ANSWERS TO PLAINTIFF'S REQUEST FOR PRODUCTION**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1") and files its Response in Opposition to Plaintiff's Motion for More Responsive Answers to Plaintiff's Request for Production and, in support thereof, respectfully shows the Court as follows:

## I. ARGUMENTS & AUTHORITIES.

Request for Production No. 1:

In Request for Production No. 1, Plaintiff requested her personnel file as well as "any other file Defendants maintained relating to the Plaintiff." As worded, "relating to Plaintiff" includes more than files specifically maintained on Plaintiff. It could also include any file relating generally to Pier 1 associates or employees. Such a request is clearly overly broad, unduly burdensome, and harassing inasmuch as it calls for the review and production of every file maintained by Pier 1 regarding its "associates" regardless of whether the file is relevant to Plaintiff or her claims. FED. R. CIV. P. 26(b)(1)(2). Pier 1 has produced all non-privileged, responsive files that specifically relate to Plaintiff. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No 2:

In Request for Production No. 2, Plaintiff seeks the entirety of Cindy Baldwin's personnel file as well as "any other file Defendants maintained relating to Cindy Baldwin." Plaintiff's request is clearly overly broad, unduly burdensome, and harassing inasmuch as it calls for the production of every file maintained by Pier 1 regarding Cindy Baldwin regardless of whether the file is relevant to Plaintiff or her claims. FED. R. CIV. P. 26(b)(1)(2). For example, as worded, the request calls for every file kept by Cindy Baldwin regardless of whether that file relates to stores, associates, or other topics related to her employment at Pier 1.

Moreover, Plaintiff's request asks for information that is not relevant to the claims or defense of any party to this suit. FED. R. CIV. P. 26(b)(1). Although Cindy Baldwin is a named defendant in this case, she has never been served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (one becomes a party and is required to action in that capacity only upon service of summons). Consequently, Plaintiff's argument that she is entitled to all files relating to Cindy Baldwin merely because she is a named defendant is misplaced.

Request for Production No. 3:

Request for Production No. 3 seeks a complete copy of Pier 1's policy, manual, guidelines, or any other document related to Pier 1's maternity leave policy from 1997 to the present. This request is overly broad inasmuch as it is not reasonably limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Moreover, Pier 1 does not maintain a "maternity leave policy" but has a FMLA and Pier 1 Medical Leave of Absence Policy. These policies are outlined in the Associate Handbooks. Pier 1 has already produced the Associate Handbooks in effect during Plaintiff's employment (i.e. Store Associate Handbooks from 2001 through 2006). Plaintiff has agreed to limit her

request to the time period of Plaintiff's employment to the present time. Accordingly, Pier 1 will produce the Associate Handbook effective for 2007.

Finally, as Pier 1 has previously informed Plaintiff, there are no other documents responsive to this request. Plaintiff's argument to compel additional production is not only unwarranted but moot.

Request for Production No. 4:

In Request for Production No. 4, Plaintiff seeks a list of names of store managers who worked for Pier 1 in Rhode Island and Massachusetts from 1997 to the present—a ten year period seeking information from a multi-state geographic area. Information concerning managers in Rhode Island and Massachusetts for a period of ten years is overly broad and not properly limited in scope. Plaintiff's suggested temporal limitation of six years does not cure the deficiencies of this request. This is especially true given that there are dozens of stores in Rhode Island and Massachusetts. Plaintiff's Request No. 4 should be limited to a reasonable period before Plaintiff was terminated.

Plaintiff's request is also overly broad geographically. The decision to terminate Plaintiff because of her dishonesty was a decision made by one person. Thus, the proper geographic scope is that of Plaintiff's employing unit—in other words, Plaintiff's store. *Glenn v. Williams*, 209 F.R.D. 279 (D.D.C. 2002)(limiting production of documents geographically to the divisions of the department for which plaintiffs worked).

Finally, the information requested in Request No. 4 is irrelevant to Plaintiff's claims. Plaintiff's complaint focuses on the alleged discriminatory reason for her termination—a decision made by one person who based the decision not on Plaintiff's pregnancy, but rather on her dishonesty. Information concerning the length of time managers were employed by Pier 1 and in what store is totally irrelevant to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Contrary to Plaintiff's

assertions, production of such information would not shed light on "how other managers are treated" or "what their understanding of Pier 1 policy is as to sick time, maternity, and honesty."

Request for Production No. 5:

Request for Production No. 5 seeks copies of job descriptions for Store Managers from January 1996 to the present—an eleven (11) year period. This request is overly broad and not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003). Pier 1 has already produced the job description for Managers in effect during Plaintiff's employment as manger of the Newport Store (i.e. 2004 to the present).

Request for Production No. 6:

Request for Production No. 6 seeks a complete copy of any other files kept on Plaintiff, "etc." This request is harassing and duplicative inasmuch as it seeks the same information and is encompassed in Plaintiff's request for "any other file Defendants maintained relating to Plaintiff" as set forth in Request for Production No. 1. This request is also deficient to the extent it seeks "etc." files because it fails to identify the item or category of items to be produced with reasonable particularity.

Pier 1 has produced all non-privileged, responsive files that specifically relate to Plaintiff. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff. Plaintiff's request to compel additional production is not only unwarranted but moot.

Request for Production No. 7:

Request for Production No. 7 seeks every handbook, interoffice memorandum, handouts as well as all other documents provided to Pier 1 employees relating to "benefits," "office policies," "rules and procedures," and "401k plans." This request is overly broad, unduly burdensome and harassing inasmuch as it seeks a broad category of documents for an unlimited

time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Moreover, this request is overly broad, unduly burdensome, and harassing inasmuch as it seeks a broad range of documents, including but not limited to, interoffice memorandums, handouts, and documents related to seniority, pension, or "provided to employees of Pier 1" regardless of whether Plaintiff was enrolled in any such programs or eligible for such benefits.

The majority of information Plaintiff seeks is outlined in the Associate Handbooks. Pier 1 has already produced the Associate Handbooks in effect during Plaintiff's employment (i.e. Store Associate Handbooks from 2001 through 2006). Plaintiff has agreed to limit her request to the time period of Plaintiff's employment to the present time. Accordingly, Pier 1 will produce the Associate Handbook effective for 2007. Plaintiff's request to compel additional production is not only unwarranted but moot.

Request for Production No. 8:

Request for Production No. 8 seeks all "notes, documents, memos, etc. received from Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005." Plaintiff's limitation of four years does not cure the deficiencies of this request.

Plaintiff's request asks for information that is not relevant to the claims or defense of any party to this suit. FED. R. CIV. P. 26(b)(1). Although Cindy Baldwin is a named defendant in this case, she has not been served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (one becomes a party and is required to action in that capacity only upon service of summons). Consequently, Plaintiff's argument that she is entitled to all documents Cindy Baldwin received merely because she is a named defendant is misplaced.

Plaintiff also overlooks the fact that, although the request is limited to Cindy Baldwin and to a four year period, the request as worded is still overly broad in that it calls for the production

of every document Cindy Baldwin received regardless of whether the document is relevant to Plaintiff or her claims. FED. R. CIV. P. 26(b)(1)(2).

Finally, this request is also deficient to the extent it seeks "etc." files because it fails to identify the item or category of items to be produced with reasonable particularity.

Request for Production No. 10:

Request for Production No. 10 seeks copies of all "documents, rules, regulations, notes, etc. relied upon by Pier 1 in its decision to terminate plaintiff." This request is deficient to the extent it seeks "etc." files because it fails to identify the item or category of items to be produced with reasonable particularity.

Moreover, Pier 1 produced all non-privileged, responsive documents that it relied upon to separate Plaintiff's employment. Specifically, Pier 1 produced the Associate Handbooks, Change Forms, and notes of the investigation. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff. Plaintiff's request to compel additional production is not only unwarranted but moot.

Request for Production No. 12:

Request for Production No. 12 seeks copies of Pier 1's policy, manual, guidelines, and other document related to honesty/dishonesty for a ten (10) year period. This request is overly broad inasmuch as it is not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Moreover, these policies are outlined in the Associate Handbooks. Pier 1 has already produced the Associate Handbooks in effect during Plaintiff's employment (i.e. Store Associate Handbooks from 2001 through 2006). Inasmuch as Plaintiff has agreed to limit her request to the time period of Plaintiff's employment to the present time, Pier 1 will produce the Associate

Handbook effective for 2007. Plaintiff's request to compel additional production is not only unwarranted but moot.

Request for Production No. 13:

Request for Production No. 13 seeks copies of Pier 1's policy, manual, guidelines, and any other document relating to "leave of any kind" for a ten (10) year period. This request is overly broad inasmuch as it is not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Moreover, these policies are outlined in the Associate Handbooks. Pier 1 has already produced the Associate Handbooks in effect during Plaintiff's employment (i.e. Store Associate Handbooks from 2001 through 2006). Inasmuch as Plaintiff has agreed to limit her request to the time period of Plaintiff's employment to the present time, Pier 1 will produce the Associate Handbook effective for 2007. Plaintiff's request to compel additional production is not only unwarranted but moot.

Request for Production No. 14:

Request for Production No. 14 seeks a complete copy of the job description posted and/or kept on file for each and every position held or allocated at the Newport Store during Plaintiff's employment at Pier 1. This request is overly broad inasmuch as it is not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Pier 1 has already produced the job descriptions for the positions held by Plaintiff that were in effect during her employment with Pier 1. That being said, Pier 1 will produce job descriptions for all positions at the Newport Store that were in effect during Plaintiff's employment that have not already been produced.

Request for Production No. 15:

Request for Production No. 15 seeks a complete copy of Pier 1's policy, manual, guidelines, and any other document related to the "incoming shipment policy" for a ten (10) year period. This request is vague and ambiguous in its use of the term "incoming shipment policy." To the extent Plaintiff redefined the category of documents as "any policy or directive, etc. that was in effect during said time period for any and all Pier 1 stores that related to shipments to the store and the unloading of said shipments for each and any employee of said store," Pier 1 disagrees that this is a relevant or crucial issue to this lawsuit. Plaintiff has not alleged in her complaint that she had lifting restrictions and/or was forced to work in violation of any lifting restrictions. To the contrary, Plaintiff admitted in her deposition that no physician had ever given her lifting restrictions. (See Ex. "A"; See Complaint). Consequently, the information sought in Request for Production No. 15 is not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, this request is overly broad in that it is not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

That being said, Pier 1 has already produced documents responsive to this request. Plaintiff's request to compel additional production is not only unwarranted but moot.

<u>Request for Production No. 16:</u>

Request for Production No. 16 seeks all documents "which in any way involve complaints, grievances, complaints, pleadings, or any other type of documentation relating to any other lawsuit brought against Pier 1" at its Rhode Island or Massachusetts location for a seven (7) year period. Generally, other claims of discrimination against a defendant are only discoverable if limited to the same form of discrimination, to the same department or agency where plaintiff worked, and to a reasonable time before and after the discrimination complained of. *Mitchell v. National Railroad Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002).

Plaintiff's proffered limitations do not cure the deficiencies of Request for Production No. 16 for several reasons. *See e.g. Chavez v. Daimlerchrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002)(limiting interrogatory that sought "all previous lawsuits, grievances, or complaints alleging age discrimination against defendant . . . in the last five years" because, although the interrogatory was limited in time, type of action complained of, and type of discrimination alleged, it was not limited to employees similarly situated with plaintiff or employees subject to the same supervisor as plaintiff).

First, despite Plaintiff's protestations to the contrary, the information sought by Request for Production No. 16 is not relevant to her claims. As worded, Plaintiff seeks information regarding every claim of discrimination (e.g. race, color, religion, national origin, disability, and age) regardless of whether it relates to the claim Plaintiff asserts in this case. Such a request is clearly overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's proposed limitation to claims of discrimination related to females and FMLA leave as it relates to pregnancy does not cure this deficiency. Nowhere in her complaint does Plaintiff challenge Pier 1's maternity leave policy, its medical leave of absence policies, or any other policy related to leave. At most, Plaintiff asserts that Pier 1 intentionally discriminated against her by firing her because of her pregnancy. Such an allegation does not challenge the "policies" of Pier 1 or a violation of FMLA leave; therefore, there is no basis for requesting information concerning alleged complaints regarding "violations of FMLA as it relates to pregnancy." Plaintiff's request also ignores the fact that she was terminated solely because of her dishonesty.

Second, Plaintiff's proposed limitation ignores the vague and ambiguous nature of Request for Production No. 16. Even if this request is limited to charges of discrimination and lawsuits alleging pregnancy discrimination, the request is still overly broad and unduly burdensome inasmuch as it seeks every "complaint," "report," and "incident." These terms are

vague and arguably encompass every single employee who "reported" to Pier 1 that she was pregnant, regardless of whether she complained of leave policies, was involved in an "incident," or that she was discriminated against. Moreover, the term "complaint" does not indicate whether Plaintiff seeks verbal criticisms or actual complaints filed with a court. Such a vague and ambiguous request calls for irrelevant information, the production burden of which clearly outweighs any likely benefit to Plaintiff.

Third, Plaintiff mischaracterizes the temporal scope of the request. Plaintiff's limitation encompasses a time period covering 2000 to the present—a period of seven years. Plaintiff's temporal limitation overlooks the fact that there are dozens of Pier 1 stores in Rhode Island and Massachusetts and the fact that the decision to terminate Plaintiff because of her dishonesty was a decision made by **one person**. Thus, the appropriate temporal scope of this request is the reasonable time period during which the decision maker was employed by Pier 1 as Plaintiff's supervisor (i.e. December of 2004 to December of 2006). There is no need to seek discovery for a seven year period.

Finally, Plaintiff has not shown a particularized need for, and the likely relevance of, broader information than that pertaining to her store or at most, the region covered by the supervisor making the decision regarding Plaintiff's separation. *Id.* (limiting geographic scope of discovery to region of supervisor who made employment decision). That being said, Pier 1 will produce all charges of discrimination or lawsuits filed by a Pier 1 employee asserting claims of pregnancy discrimination in Rhode Island and Massachusetts from December 2004 to December of 2006.

Request for Production No. 17:

Request for Production No. 17 seeks "a complete list of all employees who worked for Pier 1 from January of 2000 through and including January of 2007." This request is clearly overly broad and unduly burdensome in that it is not properly limited in time or geographic

scope. First, there are no documents that contain all of the information sought in this request. It essentially requires Pier 1 to create documents containing the information. Requiring Pier 1 to create a document listing every employee it employs nationwide for a seven year period is not only prohibited by the Federal Rules of Civil Procedure but clearly is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

Plaintiff's proposed limitations require Pier 1 to create a document containing information for a seven year period. This request should be limited geographically to the employees who were employed at Plaintiff's store and temporally to the months immediately preceding the discontinuation of Plaintiff's employment. That being said, Pier 1 will provide a list of associates working at the Newport, Rhode Island Store from December 2004 to May 5, 2005 if that resolves the discovery dispute.

Request for Production No. 18:

Request for Production No. 18 seeks all "notes, documents, memos, etc. sent to Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005." Plaintiff's limitation of four years does not cure the deficiencies of this request.

Plaintiff's request asks for information that is not relevant to the claims or defense of any party to this suit. FED. R. CIV. P. 26(b)(1). Although Cindy Baldwin is a named defendant in this case, she has never been served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (one becomes a party and is required to action in that capacity only upon service of summons). Consequently, Plaintiff's argument that she is entitled to all documents Cindy Baldwin received merely because she is a named but un-served defendant is misplaced.

Plaintiff also overlooks the fact that, although the request is limited to Cindy Baldwin and to a four year period, the request as worded is still overly broad in that it calls for the production

of every document sent to Cindy Baldwin regardless of whether the document is relevant to Plaintiff or her claims. FED. R. CIV. P. 26(b)(1)(2).

Finally, this request is also deficient to the extent it seeks "etc." files because it fails to identify the item or category of items to be produced with reasonable particularity.

Notwithstanding Pier 1's valid objections to this Request, Pier 1 has produced all non-privileged documents that are related to Plaintiff's claims in this lawsuit. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No . 19

Request for Production 19 seeks all documents, memorandum, or other correspondence, which in any way refer to the alleged workplace discrimination that is the subject of this action. Plaintiff has already produced all non-privileged, responsive documents to this request. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 22

Request for Production No. 22 seeks all documents regarding disciplinary actions taken by Pier 1 against Plaintiff. This request is harassing and duplicative inasmuch at it encompassed by Request for Production No. 6's request for "other files kept on Plaintiff . . . including . . . her disciplinary file." Plaintiff has already produced all non-privileged, responsive documents to this request. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has a privilege log to Plaintiff.

Request for Production No. 25:

Request for Production No. 25 seeks all documents "regarding any and all communications, whether verbal or written, made within the Pier 1 organization, or not the Pier 1 organization, regarding the pregnancy and/or accommodations of Plaintiff." This request calls

for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's has not asserted that she was disabled, needed accommodation, requested accommodation, or that she was unable to perform certain duties of her job. Consequently, the information sought in Request for Production No. 25 regarding accommodation is irrelevant. Moreover, Pier 1 is unaware of any request for reasonable accommodations made by Plaintiff; and consequently, is unaware of any documents responsive to this Request.

With regards to documents concerning Plaintiff's pregnancy, all non-privileged responsive documents have already been produced. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No .26:

Request for Production No. 26 seeks all documents "regarding any and all communications, whether verbal or written, made within the Pier 1 organization, or not the Pier 1 organization, regarding the termination of Plaintiff." As worded, this request seeks information protected by the attorney-client and work product privileges. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 27:

Request for Production No. 27 seeks all documents "regarding any interoffice investigation by Pier 1 in connection with the workplace discrimination as alleged by the Plaintiff." As worded, this request calls for information covered by the attorney client and work product privileges. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 29:

Request for Production No. 29 seeks all documents regarding "any and all other incidents" of "any type" of discrimination, nationwide for an unlimited time period. Generally, other claims of discrimination against a defendant are discoverable only if limited to the same form of discrimination, if limited to the same department or agency where plaintiff worked, and if limited to a reasonable time before and after the discrimination complained of. *Mitchell v. National Railroad Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). Clearly, as worded, Plaintiff's request is overly broad, unduly burdensome in that it is not limited in time, geography, or even to the same type of discrimination claim that Plaintiff asserts in this case. Plaintiff's proffered limitations does not cure the deficiencies of Request for Production No. 29. *See e.g. Chavez v. Daimlerchrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) (limiting interrogatory that sought "all previous lawsuits, grievances, or complaints alleging age discrimination against defendant . . . in the last five years" because, although the interrogatory was limited in time, type of action complained of, and type of discrimination alleged, it was not limited to employees similarly situated with plaintiff or employees subject to the same supervisor as plaintiff).

First, Plaintiff's limitation of five (5) years before Plaintiff was hired to the present is a subtle way of requesting discovery for an eleven (11) year period (five years before Plaintiff was hired is 1996 through the present, 2007). This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003). Plaintiff's proposed limitation also ignores that fact that decision to terminate Plaintiff because of her dishonesty was a decision made by **one person**. Thus, the appropriate temporal scope of this request is the reasonable time period during which the decision maker was employed by Pier 1 as Plaintiff's supervisor (i.e. December of 2004 to December of 2006). There is no need to seek discovery for an 11 year period. *See e.g. Briddell v. Saint Gobain Abrasives, Inc.*, 233 F.R.D. 57, 60 (D.Mass 2005) (three year window of discovery); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (discovery

allowed from three years prior to suit until time case was heard); *Glenn v. Williams,* 209 F.R.D. 282 (three year time frame for discovery).

Second, Plaintiff's has not properly limited the geographic scope of Request No. 29. In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination-the employing unit or work unit." *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004). Discovery may be expanded from the Plaintiff's employing unit, however, if the plaintiff can show the requested information is "particularly cogent" to the matter or if the plaintiff can show a "more particularized need for, and the likely relevance of, broader information." *Id.* at 654. Plaintiff's request seeks ***nationwide discovery*** of all "incidents of employment discrimination related to pregnancy." Plaintiff's request for nationwide discovery is clearly unwarranted in this case and the burden placed on Pier 1 to comply with this request clearly outweighs any likely benefit to Plaintiff. FED. R. CIV. P. 26(b)(2)(iii).

Nationwide discovery is not only overly broad and unduly burdensome, but it also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this case. This is especially true given that Plaintiff has not shown a particularized need for, and the likely relevance of, broader information than that pertaining to her store or at most, the region covered by the supervisor making the decision regarding Plaintiff's separation. *Id.* (limiting geographic scope of discovery to region of supervisor who made employment decision); *see e.g. McDougal-Wilson v. Goodyear Tire & Rubber Co.,* 232 F.R.D. 246 (E.D.N.C. 2005) (former corporation not compelled to produce disciplinary documents for all employees under supervision of two supervisors in discrimination action where temporal and geographic scope of request was overly broad and release of employee's information who were not similarly situated was unwarranted); *Glenn v. Williams,* 209 F.R.D. 279 (D.D.C. 2002) (limiting production of documents geographically to the divisions of the department for which plaintiffs worked); *White*

*v. United States Catholic Conference*, 1998 WL 429842 (D.D.C. 1998) (same); *Hinton v. Entex, Inc.*, 93 F.R.D. 336, 337 (E.D. Tex. 1981) (discovery limited to facility where plaintiff worked, in a multi-facility company, when plaintiff's specific allegations involved discrimination only at plaintiff's facility).

<u>Request for Production No. 34:</u>

Request for Production No. 34 seeks all documents "regarding salary and benefits including monetary bonuses, profit sharing, medical, disability, and any other benefits as provided by Holland & Knight LLP to the Plaintiff." Although Plaintiff states she is seeking information concerning Defendant, the request as written seeks information concerning Holland and Knight. Plaintiff's reference to Holland & Knight LLP is vague and ambiguous. In response to Plaintiff's clarification that she is referring to Pier 1, all non-privileged, responsive documents have already been produced. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

<u>Request for Production No. 35:</u>

Request for Production No. 35 seeks documents "regarding communications between any other employees, agent, officer, or any other official of Pier relating to Plaintiff." This request is overly broad in that it is neither reasonably limited in time or to facts relevant to this suit. For example, as worded, this request seeks every communication regarding Plaintiff regardless of whether it relates to pregnancy, her termination, or her claims. Pier 1 has already produced all non-privileged responsive documents. Moreover, as worded, it seeks information covered by the attorney client and work product privileges. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

<u>Request for Production No. 36:</u>

Request for Production No. 36 seeks "all correspondence to or from any employee, officer, agent or director of defendant regarding the matters relating to Plaintiff's complaint,

which were not already produced." This request is harassing and duplicative to the extent it seeks the same information encompassed by Request for Production No. 35. Moreover, as worded, it seeks information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 37:

Request for Production No. 37 seeks "all documents which evidence, support, relate, or pertain" to any of Pier 1's defenses. As worded, this request is vague and ambiguous in that it fails to identify the item or category of items to be produced with reasonable particularity. Moreover, this request clearly seeks information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 38:

Request for Production No. 38 seeks all documents which relate or pertain to any communications, discussions or conversations Pier or its managers, representatives, agents or employees had with Plaintiff regarding any of the allegations in plaintiff's complaint. As worded, this request calls for information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 39:

Request for Production No. 39 seeks "all documents which relates or pertain to any communications, discussions or conversations Pier or its managers, representatives, agents or

employees had with any individual, agencies or organizations other than mentioned previously, regarding any of the allegations in Plaintiff's complaint." As worded, this request calls for information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No 40:

Request for Production No. 40 seeks "all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, logs, or other records Holland & Knight or its managers, representatives, agents or employees maintained from 1998 through the present regarding Plaintiff, discrimination, and reasonable accommodation." Although Plaintiff states she is seeking information concerning Defendant, the request as written seeks information concerning Holland and Knight. In response to Plaintiff's clarification that she is referring to Pier 1, Defendant is not aware of any documents responsive to this request.

Request for Production No. 41:

Request for Production No. 41 seeks "all documents" submitted to or received from any local, state, or federal agency in connection with charges of discrimination made by Pier 1 employees nationwide for an unlimited period of time. Generally, other claims of discrimination against a defendant are discoverable only if limited to the same form of discrimination, if limited to the same department or agency where plaintiff worked, and if limited to a reasonable time before and after the discrimination complained of. *Mitchell v. National Railroad Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). As worded, this request is clearly overly broad and unduly burdensome inasmuch as it is not properly limited geographically, is unlimited temporally, and is not even limited to charges of discrimination similar to that of Plaintiff's. Plaintiff's proffered limitations does not cure the deficiencies of this request for several reasons.

First, this request is overly broad and burdensome on its face inasmuch as it seeks production of every "charge of discrimination" regardless of whether the alleged charge or claim is related to claims of maternity leave or pregnancy. It is irrefutable that such a broad request calls for information that is not reasonably calculated to lead to the discovery or admissible evidence. *See Pleasants v. Allbough,* 208 F.R.D. 7, 15 (D.D.C. 2002) (proper scope of discovery regarding other complaints of discrimination is limited in time and limited to those involving the same type of discrimination alleged in the pending lawsuit.). Moreover, there is no doubt that Pier 1's burden to comply with this request outweighs any likely benefit to Plaintiff.

Second, Plaintiff mischaracterizes the temporal scope of the request. Plaintiff's limitation is from 2001 to the present—a period encompassing six years. Plaintiff's temporal limitation overlooks the fact that there are thousands of Pier 1 stores nationwide and the fact that the decision to terminate Plaintiff because of her dishonesty was a decision made by **one person**. Thus, the appropriate temporal scope of this request is the reasonable time period during which the decision maker was employed by Pier 1 as Plaintiff's supervisor (i.e. December of 2004 to December of 2006). There is no need to seek discovery for a six year period.

Finally, Plaintiff has not shown a particularized need for, and the likely relevance of, broader information than that pertaining to her store or at most, the region covered by the supervisor making the decision regarding Plaintiff's separation. *Id.* (limiting geographic scope of discovery to region of supervisor who made employment decision). That being said, Pier 1 has produce all charges of discrimination or lawsuit filed by a Pier 1 employee asserting claims of pregnancy discrimination in Rhode Island and Massachusetts from December 2004 to December of 2006.

<u>Requests for Production No. 42:</u>

Request for Production No. 42 seeks all documents identified in Defendants answers to Defendant's Answers to Interrogatories. As worded, this request calls for information covered

by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 43:

Request for Production No. 43 seeks all documents upon which Pier relied in answering any of the interrogatories propounded by Plaintiff in this matter. As worded, this request calls for information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 44:

Request for Production No. 44 seeks all documents concerning Plaintiff's job responsibilities, all notes, e-mails, memoranda, expense reports, diaries, journals, calendars, logs, records, tape recordings, and other documents and materials that contain Plaintiff's records or notes or descriptions or thoughts concerning her work assignments, promotions, discipline, relationship to, or conversations with, her superiors, and any other aspects of her employment. This request is overly broad in that it is unlimited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

This request also calls for information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 45:

Request for Production No 45 seeks all documents which constitute, relate to or refer to records of any kind which Defendants received and/or took from Plaintiff during or at the

conclusion of her employment. This request is vague and ambiguous in its use of term "record." Moreover, as worded, this request calls for information covered by the attorney client and work product privileges. Pier 1 has already produced all non-privileged responsive documents. To the extent any responsive documents have been withheld on the basis of privilege, Pier 1 has produced a privilege log to Plaintiff.

Request for Production No. 46:

Request for Production No. 46 seeks all documents which relate or pertain to the terms and conditions of plaintiff's employment with Defendants, including but not limited, any handbooks, manuals, or other documents. This Request as being overly broad, unduly burdensome, and harassing inasmuch as it seeks the production of any or all documents that relate to Plaintiff's employment regardless of whether document file is relevant to Plaintiff's case.

This request is also not properly limited in time. This request should be limited to a reasonable time before and after the alleged discrimination. *E.E.O.C. v. Autozone, Inc.*, 258 F.Supp.2d 822, 821 (W.D. Tenn. 2003).

Request for Production No. 47:

Request for Production No. 47 seeks all documents which "relate or refer to any employment of plaintiff from the time of his [sic] application with Defendants, which were not already produced." This request is duplicative and harassing inasmuch as it seeks the same information as the previous forty-six (46) requests for production such that it constitutes nothing more than a "catch-all" request.

## II. **CONCLUSION**.

Because: (1) Pier 1's objections to Plaintiff's requests are valid; (2) Pier 1 properly and fully responded to Plaintiff's requests subject to its objections; and (3) Plaintiff failed to

demonstrate a particularized showing as to why nationwide discovery or her temporal limitations are necessary, Plaintiff's Motion should be denied.

Dated: November 14, 2007

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com
-and-
Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14 2007, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 by electronic means (ECF) and U.S. Mail, certified, return receipt requested.

/s/ Jaime J. LaPorte
Jaime J. LaPorte

*433346_1.doc*