**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016T
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**PLAINTIFF'S MEMORANUDM IN SUPPORT OF HER MOTION TO COMPEL ANSWERS TO HER REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PIER 1 IMPORTS (US) INC.**

Now comes the Plaintiff in the above-entitled action and moves that this Honorable Court Compel that Defendant, PIER 1 IMPORTS (US) INC., ("Pier"), produce answers to Plaintiff's Requests for Production of Documents within 20 days from the date this motion is heard. Plaintiff has made a good faith effort to resolve this matter before filing this Motion. . A memorandum in support of said motion is as follows.

On January 4, 2008, depositions were taken of Cindy Baldwin and Susan Dubois, two (2) of the three (3) people who made the decision to terminate Plaintiff. At said depositions, testimony was provided identifying certain documents that were not provided previously by Defendant. On January 18, 2008, a good faith letter was faxed to Russell Cawyer, attorney for Defendant, requesting that said documents be provided. As of today's date, Plaintiff has received no response. The following are the docuements requested.

1. The signature page signed by Plaintiff noting the she received an employee handbook from Pier 1, said information was previously requested in request for Production Number 1, *Copies of any and all documents contained in the Defendant's employment personnel file or any other file Defendants maintained relating to the Plaintiff*.

2. Any and all handwritten notes by Cindy Baldwin relating to April 29, 2005 and the separation of Plaintiff, said information was previously requested in Requests for Production numbers 11, 33, and 40, *Please provide a copy of all notes taken by any employee of Pier, including but not limited to, Human Resources and Susan Dubois, from 4/29/05 through 5/29/05 regarding the termination of Plaintiff*; *Copies of any and all documents, memo, statements, etc. made by Cindy Baldwin, and/or any non-party witnesses to this legal action*; *Any and all diaries, calendars, chronologies of events, correspondence files, meeting notes, minutes, logs, or other records Pier 1 or its managers, representatives, agents or employees maintained from 1998 through the present regarding Plaintiff, discrimination, and reasonable accommodation*.

3. Any and all information relating to the Asset Protection Guide, said information was previously requested in Request for Production number 7, *Please provide a copy of the employee handbook and any other documents, including but not limited to, interoffice memorandums, employee memorandums and handouts related to benefits, office policies, rules and*

*procedures, disability, special accommodations, seniority, pension, 401K plans, and any other documents provided to employees of Pier.*

4. Any and all additional information relating to training for Managers and Regional Managers, said information was previously requested in Request for Production numbers 20, and 21; *Copies of any and all documents which represent any information and/or formal training as provided by Pier to its employees, including but not limited to, Cindy Baldwin, Human Resources and Susan Dubois in connection with Federal and State Laws and Regulations, and the interoffice policies of Pier, regarding pregnant women in the workplace of Pier*; *Copies of any and all documents which represent any information and/or formal training as provided by Pier to its employees, including but not limited to, Cindy Baldwin, Human Resources and Susan Dubois in connection with Federal and State Laws and Regulations, and the interoffice policies of Pier, regarding discrimination in the workplace of Pier.*

5. Copies of the bank log for the Newport store on April 29, 2005, said information was previously requested in Request for Production number 10, *Please provide a copy of all documents, rules, regulations, notes, etc., relied on by Pier in its decision to terminate Plaintiff.*

6. Any and all information managers employed with Pier 1 specifically Colleen at the store in Hyannis as mention in an e-mail by Ms. Baldwin, said

information was previously requested in Requests for production numbers 8 and 16, *Please provide a copy of any notes, documents, memos, etc., received from Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005*; *A complete copy of any and all documents in your possession which in any way involve complaints, grievances; complaints, pleadings, or any other type of documentation relating to any other lawsuit brought against Pier, at any time wherein it is alleged that Pier had been accused of employment/workplace discrimination, at either its Massachusetts, and/or Rhode Island locations for the years 2000 to present*.

7. Copies of long distance phone records from the Newport store from April 29, 2005 through May 6, 2005, said information was previously requested in Request for Production number 26, *Copies of any and all documents regarding any and all communications, whether verbal or written, within the Pier organization, or not within the Pier organization, regarding the termination of the Plaintiff's employment*.

8. Print out of time card for ALL employees at the Newport Store, said information was previously requested in Request for Production number 27, *Copies of any and all documents regarding any interoffice investigation by Pier in connection with the workplace discrimination as alleged by the Plaintiff*.

9. Any warnings for the two Assistant Managers at the Seekonk Store for sexual Harassment as stated by Baldwin, said information was previously requested in Request for Production numbers 8 and 16, *Please provide a copy of any notes, documents, memos, etc., received from Cindy Baldwin regarding Plaintiff or Plaintiff's store for the years 2001 through 2005*; *A complete copy of any and all documents in your possession which in any way involve complaints, grievances; complaints, pleadings, or any other type of documentation relating to any other lawsuit brought against Pier, at any time wherein it is alleged that Pier had been accused of employment/workplace discrimination, at either its Massachusetts, and/or Rhode Island locations for the years 2000 to present*.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to compel that Defendant, PIER 1 IMPORTS (US) INC., ("Pier"), produce answers to Plaintiff's Requests for Production of Documents within 20 days from the date this motion is heard.

PLAINTIFF
By her Attorney,

_/s/ Bruce P. Gladstein Esq._________

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the _____ day of ____________________ 2008, I mailed a true copy of the within, by regular mail, postage prepaid:

Jamie Laporte, Esq.
Adler Pollock & Sheehan
One Citizens Plaza 8th Floor
Providence RI 02903

Russell D. Cawyer, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth TX 76102

_____________________________
Karen V Hooks