**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | **EMERGENCY RELIEF REQUESTED** |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**DEFENDANT PIER 1 IMPORTS (U.S.), INC.'S MOTION TO QUASH AND REQUEST FOR EMERGENCY RELIEF**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files its Motion to Quash and Request for Emergency Relief:

On February 1, 2008, Plaintiff served Defendant Pier 1 with two Notices of Deposition via facsimile noticing the depositions of Dawn Testa and Karol Pruett for February 6, 2008 in Rhode Island. Pursuant to FED. R. CIV. P. 45(c) and 30(b)(1), Pier 1 files its Motion to Quash the non-party deposition notices served on February 1, 2008 and respectfully requests that the Court grant it emergency relief by quashing the depositions of these non-party witnesses because: (1) the depositions dates were not agreed upon by the parties; (2) Plaintiff failed to give reasonable notice; and (3) Plaintiff inexcusably scheduled the depositions for the day after the close of discovery after having been denied leave from the Court to extend the discovery deadline.

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com
**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

## CERTIFICATE OF CONFERENCE

On February 1, 2008, Russell D. Cawyer, counsel for Pier 1 Imports (U.S.), Inc., conferred with Bruce Gladstein, counsel for Plaintiff Vasconcellos on the merits of this Motion to Compel. Counsel was unable to reach an agreement. Therefore, it is presented to this Court for determination.

/s/ Russell D. Cawyer
Russell D. Cawyer

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 via electronic means and by certified mail, return receipt requested.

/s/ Jaime J. LaPorte
Jaime J. LaPorte

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | **EMERGENCY RELIEF REQUESTED** |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**DEFENDANT PIER 1 IMPORTS (U.S.), INC.'S BRIEF IN SUPPORT OF ITS MOTION TO QUASH AND REQUEST FOR EMERGENCY RELIEF**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files its Brief in Support of its Motion to Quash and Request for Emergency Relief:

## I. RELEVANT BACKGROUND FACTS

1. The Court's Scheduling Order ordered discovery closed on January 15, 2008. The parties agreed to extend the court ordered deadline until February 5, 2007. A true and correct copy of the letter confirming the parties' agreement is attached hereto as Exhibit "1." At no point during the discussions regarding extending the discovery deadline did Plaintiff's counsel mention the need to depose Dawn Testa or Karol Pruett.

2. On January 30, 2008, Plaintiff filed a Motion to Extend Discovery in this case. That same day, this Court denied Plaintiff's motion. Consequently, the discovery cut-off in this case is February 5, 2008.

3. On February 1, 2008, Plaintiff served Defendant Pier 1 with two Notices of Deposition via facsimile noticing the non-party depositions of Dawn Testa and Karol Pruett for February 6, 2008 in Rhode Island. A true and correct copy of the two Deposition Notices are

attached hereto as Exhibits "2" and "3." Importantly, Plaintiff has known of the existence and identity of these witnesses since the filing of this lawsuit.

4. The parties never agreed to take the dispositions of these non-party witnesses on February 6, 2008. In fact, the first time Plaintiff's counsel informed Pier 1 that he wanted to take to depose Dawn Testa and Karol Pruett was January 31, 2008, only four business days before the deposition date and only a day after this Court denied his request to extend the discovery deadline. The depositions Plaintiff desires to take simple come too late in the discovery period and fail to provide reasonable notice of the depositions.

## II. ARGUMENTS AND AUTHORITIES

Rule 30(b)(1) of the Federal Rules of Civil Procedure, requires the provision of "reasonable notice" of depositions. "Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case." 8A C.Wright, A.Miller & R.Marcus, Federal Practice & Procedure: Civil § 2111 (1994). An obvious fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel. *Peterson v. Union Pacific Railroad Company*, 2007 WL 2701268 at *2 (C.D. Ill. 2007). Plaintiff's deposition notices for Dawn Testa and Karol Pruett should be quashed because: (1) the depositions dates were not agreed upon by the parties; (2) Plaintiff failed to give reasonable notice; and (3) Plaintiff inexcusably waited until after the close of discovery to take these depositions.

The deposition dates for these non-party witnesses were not agreed upon by the parties. Plaintiff unilaterally noticed these depositions without conferring with Pier 1's counsel—leaving Pier 1 with only four business days notice to prepare for the depositions, to clear any scheduling

conflicts and to make travel arrangements for its corporate representatives from Fort Worth, Texas to Rhode Island.

Even more egregious is the fact that Plaintiff scheduled the depositions for the day after the close of discovery. This is especially problematic given that the Court denied Plaintiff's request to extend discovery two days before Plaintiff issued the notices of deposition.

In addition, Plaintiff has known that Karol Pruett was Plaintiff's former manager since July of 2007—the date Pier 1 disclosed her in its responses to Plaintiff's interrogatories.[1] Similarly, Plaintiff has known of Dawn Testa since the beginning of this case inasmuch as Ms. Testa was an employee with Pier 1 who worked with Plaintiff. Thus, there is no excuse for Plaintiff's delay. Moreover, Plaintiff did not mention either of these witnesses in her Motion to Extend Discovery (which was denied) nor did she raise the necessity of deposing these witnesses at the January 30, 2008 Status Conference.

Simply put, Plaintiff cannot lay behind the log and let the time frame for discovery pass and then unilaterally notice the depositions of two non-party witnesses after the close of discovery. *See e.g. Peterson v. Union Pacific Railroad Company,* 2007 WL 2701268 at *2 (C.D. Ill. 2007)(holding four days notice unreasonable given the protracted discovery of the case and the fact that deposition was set for the afternoon of the day discovery closed).

## III. CONCLUSION

WHEREFORE, Defendant Pier 1 Imports (U.S.) Inc. respectfully request that the Court, pursuant to FED. R. CIV. P. 45(c), grant Pier 1 emergency relief by granting this Motion, quashing the depositions of Dawn Testa and Karol Pruett currently noticed for February 6, 2008,

[1] Obviously, as Plaintiff's former Regional Manager, Plaintiff knew of Ms. Pruitt's existence long before Pier 1 answered discovery in this case.

and for such other relief to which Defendant may show itself to be entitled, whether at law or in equity.

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF CONFERENCE**

On February 1, 2008, Russell D. Cawyer, counsel for Pier 1 Imports (U.S.), Inc., conferred with Bruce Gladstein, counsel for Plaintiff Vasconcellos on the merits of this Motion to Compel. Counsel was unable to reach an agreement. Therefore, it is presented to this Court for determination.

/s/ Russell D. Cawyer
Russell D. Cawyer

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2008, I served a true and correct copy of the foregoing document on Plaintiff's attorney of record, Bruce P. Gladstein Esq., 750 East Avenue, Pawtucket, RI 02860 via electronic means and by certified mail, return receipt requested.

/s/ Jaime J. LaPorte
Jaime J. LaPorte

*443270_1.doc*