**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016T
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

**PLAINTIFF'S MEMORANUDM IN SUPPORT OF HER MOTION TO COMPEL ANSWERS TO HER REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PIER 1 IMPORTS (US) INC.**

Now comes the Plaintiff in the above-entitled action and moves that this Honorable Court Compel that Defendant, PIER 1 IMPORTS (US) INC., ("Pier"), produce answers to Plaintiff's Requests for Production of Documents within 20 days from the date this motion is heard. Plaintiff has made a good faith effort to resolve this matter before filing this Motion. . A memorandum in support of said motion is as follows.

On January 4, 2008, depositions were taken of Cindy Baldwin and Susan Dubois, two (2) of the three (3) people who made the decision to terminate Plaintiff. At said depositions, testimony was provided identifying certain documents that were not provided previously by Defendant. On January 18, 2008, a good faith letter was faxed to Russell Cawyer, attorney for Defendant, requesting that said documents be provided. As of today's date, Plaintiff has received no response. The following are the documents requested.

1. Print out of time card for ALL employees at the Newport Store, said information was previously requested in Request for Production number 27, *Copies of any and all documents regarding any interoffice investigation by Pier in connection with the workplace discrimination as alleged by the Plaintiff.*

Defendant should be ordered to provide a copy of all employee time cards at the Newport Store for the Month of April. Ms. Baldwin, at her deposition, testified that she believed the Plaintiff was falsifying her time cards and looked at all her time cards for the month. Plaintiff is entitled to view the time cards for all employees during the same time period to ascertain whether all the time cards had the same corrections on them as Ms. Baldwin stated were on Plaintiff's time card.

84

Q. Did you have a concern regarding Crystal's time card, other than for that one day?
A. Once I started printing them, yes.

92

Q. Now, you write in the third line, "I caught her in a lie about her time." Did I read that correctly?
A. Yes.
Q. Again, this is before you had spoken to Crystal?
A. Yes.
Q. Then you write, "And I believe that she is and has been falsifying her time card"?

A. Yes.

Q. Did I read that correctly?

A. Yes.

Q. What did you base that last sentence I read on?

A. Her time cards.

**Q. What about her time cards?**

**A. She wasn't punching in and punching out. She was adjusting her time card.** (emphasis added)

93

Q. Did you look at the time cards for any of the other employees at that store during that same time period?

A. I'm not sure if I did or not.

Q. Would that have been something that would have been important for you to do, to see what the other employees were doing with their time cards?

A. I'm not sure why that would have been –

**109**

**Q. Now, did you pull up, did you ask Crystal to pull up her time cards for the month of April?**

**A. Yes.** (emphasis added)

110

Q. Now, after you pulled up her time cards for the

month, did you have an opinion as to the time cards?

A. They did not match the expectations of her store manager schedule.

Q. In what way?

A. She wasn't working the shifts that she was required to work.

132

Q. Was it the day that you printed the time cards?

A. I don't think it would have been. It doesn't make sense that it would have been. It probably was the 4th. This is the week that was in question, the Friday, and I printed the one time card that Friday night. **The following day I printed, with Crystal, the month.** (emphasis added)

2. Copies of the bank log for the Newport store on April 29, 2005, said information was previously requested in Request for Production number 10, *Please provide a copy of all documents, rules, regulations, notes, etc., relied on by Pier in its decision to terminate Plaintiff*.

Defendant should be ordered to provide a copy of the bank log for April 29, 2005. Ms. Baldwin, at her deposition, testified that she reviewed the bank log to determine that Theresa went to the bank on April 29, 2005 and that she was able to determine how many times a person was at the bank that day by reviewing the bank log. Defendant has stated

that it does not have the bank log, however, it is clear from Ms. Baldwin's testimony that a bank log did exist and was reviewed.

95

Q. Do you know if Theresa went to the bank on
April 29?
A. Yes.
Q. How do you know that?
A. She filled out the bank log.
Q. Do you know how many times Theresa went to the
bank on April 29?
A. I would have to refer to the bank log, but I
think that it was more than once.
Q. What is the bank log?
A. It's a document that you fill out when you go
to the bank and drop off the deposit and/or make
change. You fill it out.
Q. So you would fill out a bank log if you would
make change?
A. If you, if you go to the bank, you fill out a
bank log.

129

Q. I'm handing what has been marked Plaintiff's 14.
This is a document I presented to you earlier which

you said that was your writing on the bottom of the document; is that correct?

A. Yes.



Q. Do you recognize this document?

A. Yes.

Q. What is this document?

A. This is Crystal's time card.

Q. For what time period?

A. From 4/26 -- I guess for that week of 4/29.

Q. How, it says -- there is handwriting. You said that is your handwriting?

A. Yes.

Q. It says bank deposit, Theresa, on 4/29. Then it says the signal for, at 9:00 with a question mark. Then went again at 3:00 p.m., question mark. Can you explain that?

A. I believe I copied that from the bank deposit log, and that's how I knew Theresa had gone to the bank twice that day.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to compel that Defendant, PIER 1 IMPORTS (US) INC., ("Pier"), produce answers to Plaintiff's Requests for Production of Documents within 20 days from the date this motion is heard.

**PLAINTIFF**
By her Attorney,

_/s/ Bruce P. Gladstein Esq.__________
BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

## CERTIFICATION

I hereby certify that on the _31st day of _January 2008, I mailed a true copy of the within, by regular mail, postage prepaid:

Jamie Laporte, Esq.
Adler Pollock & Sheehan
One Citizens Plaza 8th Floor
Providence RI 02903

Russell D. Cawyer, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth TX 76102

/s/_Bruce P. Gladstein Esq._
Bruce P. Gladstein Esq.

Start the year off right. Easy ways to stay in shape in the new year.