**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**PIER 1 IMPORTS (U.S.), INC.'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and brings its Motion for Summary Judgment on all claims of Plaintiff Crystal Vasconcellos ("Plaintiff" or "Vasconcellos") and in support thereof would respectfully show the Court as follows:

Pursuant to FED. R. CIV. P. 56, Defendant Pier 1 moves for summary judgment on all of the claims asserted against it by Plaintiff. Each of the matters required by Local Rule Cv 56 are set forth in the Brief in Support of Defendant's Motion for Summary Judgment and the Statement of Undisputed Facts filed herewith. As Defendant's Brief demonstrates, there is no evidence creating a genuine issue of material fact in support of Plaintiff 's claims, and Defendant is entitled to judgment as a matter of law.

Defendant respectfully requests that the Court grant its Motion for Summary Judgment and render judgment that (1) all of Plaintiff's claims and causes of action be dismissed with prejudice; (2) Plaintiff take nothing by way of her suit; and (3) Defendant be awarded its costs and all other relief to which it is justly entitled, whether at law or in equity. Alternatively,

Defendant requests that the Court grant partial summary judgment and dismiss each of the Plaintiff's claims that the Court determines is appropriately dismissed on summary judgment.

Respectfully submitted,

/s/ Robert P. Brooks
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrook@apslaw.com
jlaporte@apslaw.com
Dated: February 11, 2008

-And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley *(Admitted Pro Hac Vice)*
State Bar No. 24036256
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Motion for Summary Judgment through the ECF system on the 11th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-484T-LDA.

/s/ Robert P. Brooks

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**PIER 1 IMPORTS (U.S.), INC.'S BRIEF IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files its Brief in Support of its Motion for Summary Judgment on all claims of Plaintiff Crystal Vasconcellos ("Plaintiff" or "Vasconcellos") and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

Vasconcellos was employed as Pier 1's Store Manager at its retail store located in Newport, Rhode Island. (Pier 1's Statement of Undisputed Facts "SOUF" 1).[1] On April 29, 2005, Plaintiff left work before the end of her scheduled shift intending to go home for the day. (SOUF 34, 36). Shortly thereafter, Plaintiff's Regional Manager, Cindy Baldwin ("Baldwin") called the store to speak with Plaintiff about the availability of certain merchandise in Plaintiff's store that might be used in the upcoming Seekonk sidewalk sale. (SOUF 37, 49).[2] Baldwin was told that Plaintiff had gone for the day. (SOUF 37, 46). Another co-worker called Plaintiff on her cell phone to tell the Plaintiff that the Regional Manager called looking for her. (SOUF 38).

---

1 Pier 1's Statement of Undisputed Facts is filed contemporaneously with this Brief in Support.

2 Baldwin is also a named defendant. She has never been served and should be dismissed from this suit.

Plaintiff returned to the store, obtained some cash from the safe, and then went to the bank to get change she claimed the store needed for the weekend. (SOUF 40-43). Plaintiff did not enter the bank to get the change because she claimed it was too busy and she was not feeling well. (SOUF 43). Instead, Plaintiff returned to the store and returned Cindy Baldwin's call. (SOUF 45).

When she contacted Baldwin, Baldwin said, "Your associate told me you had left for the day." (SOUF 46). Vasconcellos responded that she had just gone to the bank. (SOUF 47). Vasconcellos did not volunteer that she had indeed left the store for the day and only took the side trip to the bank after learning that her Regional Manager was looking for her. This was not the first time that Plaintiff was not at work in her store when her manager expected her to be. (SOUF 54). Given the inconsistency in what Baldwin was initially told by the associate who said Vasconcellos had left for the day and Vasconcellos' statement that she had only gone to the bank, the Regional Manager investigated the circumstances surrounding Vasconcellos' departure. (SOUF 55, 60-63). Following an investigation that included the interview of Plaintiff, her co-workers, and a review of timecards, Baldwin concluded that Plaintiff had not been honest with her about her intention to leave for the day on April 29, 2005. (SOUF 60-73). Consequently, her employment was separated for dishonesty. (SOUF 73).

Plaintiff's pregnancy played no role in any adverse action affecting her. As described in more detail below, there is no genuine issue of material fact on the essential elements of Plaintiff's claims and summary judgment is appropriate for Pier 1 as a matter of law.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is proper if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). To defeat a summary

judgment motion, the nonmovant must present evidence in support of its claims which is "significantly probative" and not "merely colorable." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1996); *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993). Summary assertions and conclusory allegations are insufficient evidence to raise a genuine issue of material fact. *Id*. Conclusory statements or testimony based on conjecture are likewise insufficient to defeat the motion. *Id.* To avoid summary judgment the plaintiff must point to specific, admissible evidence in the summary judgment record that establishes a genuine issue of fact on each of the elements of the plaintiff's claims the defendant challenges. *Celotex Corp.*, 477 U.S. at 322. Because Plaintiff cannot sustain this burden, summary judgment is appropriate.

## III. ARGUMENT AND AUTHORITIES

Plaintiff asserts a claim of pregnancy discrimination in violation of Title VII, the Rhode Island Fair Employment Practices Act, and the Rhode Island Civil Rights Act. Courts in Rhode Island have adopted the federal legal framework to provide structure to state employment discrimination statutes and apply the familiar *McDonnell-Douglas* burden-shifting framework. *Newport Shipyard, Inc. v. Rhode Island Commission for Human Rights*, 484 A.2d 893, 898 (R.I. 1984). Consequently, both Plaintiff's state and federal law pregnancy claims are reviewed using the same elements and analysis. *Pagan-Alejandro v. PR Adelco Service Center, Inc.,* 468 F.Supp2d. 316, 325 (D.P.R. 2006); *Wellborn v. Spurwink Rhode Island*, 873 A.2d 884 (R.I. 2005).

Under the modified-*McDonnell Douglas* framework, a plaintiff employee must carry the initial burden of coming forward with sufficient evidence to establish a *prima facie* case of discrimination. To establish a *prima facie* case of pregnancy discrimination, Vasconcellos must present competent summary judgment evidence that: "(1) she is pregnant . . . ; (2) her job performance has been satisfactory, but; (3) the employer nonetheless dismissed her from her

position . . . ; while (4) continuing to have her duties performed by a comparably qualified person." *Pagan-Alejandro,* 468 F.Supp.2d at 325; *Wellborn,* 873 A.2d at 887. If summary judgment is proper for one claim, then it is proper for all claims.

If the plaintiff can establish a *prima facie* case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's [termination]," sufficient to raise a genuine issue of fact as to whether it discriminated against the employee." *Hodgens v. Gen. Dynamics Corp.,* 144 F.3d 151, 160-61 (1st Cir.1998) (first alteration in original) (citations omitted) (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). Importantly, the employer's burden to articulate its legitimate nondiscriminatory reason is a burden of production not persuasion. *Pagan-Alejandro,* 468 F.Supp.2d at 328. Once the employer articulates it legitimate, non-discriminatory reason, it is the Plaintiff's burden to show that the employer's stated reason for terminating her was in fact a pretext for discrimination. *Hodgens,* 144 F.3d at 160-61. If the plaintiff cannot establish a genuine issue of material fact that the employer's stated reason is pretextual (i.e. false), then summary judgment is appropriate as a matter of law.

**A. Plaintiff Cannot Establish a *Prima Facie* Case of Pregnancy Discrimination.**

For the purposes of this motion, Pier 1 concedes that: (1) plaintiff was pregnant and (2) she was terminated from her position. Summary judgment is proper however, because Plaintiff cannot create a genuine issue of material fact on the remaining essential elements of her *prima facie* case. First, there is no evidence that Plaintiff was performing her job satisfactorily. To the contrary, the summary judgment evidence establishes that she was not performing satisfactorily at the time of her termination: (1) she had recently received a Written Corrective Action due to her store performing in a substandard manner on a retail audit in February of 2005; (2) she was rated good with several areas as needing development during her April 19, 2005 review; and (3) she admitted that she made inaccurate statements to her supervisor in the course of the

company's investigation of her misconduct. (SOUF 8-10; 16-18; 60-71). Second, there is no evidence from Plaintiff that Pier 1 continued to have her duties performed by a comparably qualified non-pregnant person. Because Plaintiff cannot establish the necessary elements of a *prima facie* case of pregnancy discrimination, summary judgment is proper. *Barber v. Verizon New England, Inc.*, 2006 WL 3524465 (D.R.I. 2006) (granting summary judgment because plaintiff failed to establish a *prima facie* case of disability discrimination).

**B. <u>Pier 1 has a Legitimate, Non-Discriminatory Reason for Its Actions.</u>**

Even assuming Plaintiff could make out a *prima facie* case of pregnancy discrimination, all of Pier 1's actions were taken for legitimate, non-discriminatory reasons. *Rivera-García*, 442 F.3d at 5. It is undisputed that Plaintiff was scheduled to work from 9:00 a.m. to 5:30 p.m. on April 29, 2005. It also undisputed that she clocked out and left the store at 4:15 p.m. intending to go home for the day. (SOUF 34-36). It is also undisputed that Plaintiff told her assistant manger she was leaving for the day but told her supervisor she had gone to the bank. (SOUF 36, 45-48). Plaintiff's written statement provided to Pier 1 confirms the inconsistency of Plaintiff's statements:

> On Friday the 29th of April I wasn't feeling well and decided to leave a little early. Before I reached my car my assistant manager called my cell phone and informed me that Cindy would like me to call her back. I came back into the store grabbed some money to exchange for 1's at the bank. I ran over there, came back and returned Cindy's phone call. . . . When she questioned me about where I was, I let her know I had went to the bank. I did not mention that my intent had been to leave the store.
>
> * * *
>
> I had told Cindy that I did let Jody, my assistant manager know I would be at the bank. I did not inform Jody I was leaving for the bank. I said goodbye to her, and I was clocked out for the day.

(SOUF 66-70).

It is also undisputed that during the investigation of the events of April 29, 2005, Plaintiff was dishonest when she told her supervisor, Cindy Baldwin, that she had told her assistant manager that she was going to the bank. Plaintiff testified as follows in her deposition:

Q: So during this May 4, 2005 interview, you did tell Ms. Baldwin that you told Jody you would be at the bank, correct?

A: Yes.

Q: But in actuality you had never told Jody that you had been at the bank, correct?

A: Correct?

Q: That was inaccurate, correct?

A: Yes.

* * *

Q: So you had, in fact, told Cindy that you had told your assistant manager that you had been at the bank right?

A: Correct.

Q: So that was inaccurate?

A: It was inaccurate.

* * *

Q: Do you think lying is an extreme misconduct?

A: It depends on the situation.

Q: What does it depend on? When is lying okay?

A: When the intention wasn't to lie, but somebody takes it as a lie.

Q: You mean like when you tell your manager that you told your assistant manager you were going to the bank, when, in fact, you didn't tell your assistant manger you were going to the bank?

A: It wasn't a specific yes or no. It wasn't a specific, direct question.

Q: But it was inaccurate nonetheless?

A: Sure.

(SOUF 57-59; 62-68).

Following Baldwin's meeting with Plaintiff wherein she admitted to misleading her supervisor, Baldwin partnered with Susan Dubois, her Divisional Director, and Michelle Trotter, a Human Resources representative to determine what consequence, if any, should result from Plaintiff's misconduct. (SOUF 72). During the conversation, Ms. Dubois, Ms. Trotter and Baldwin reached a consensus that Plaintiff's employment should be terminated. (SOUF 72, 73). Believing that Plaintiff had been dishonest in her explanation that she had been at the bank when her supervisor called, Pier 1 separated Plaintiff's employment. (SOUF 72, 73) Plaintiff concedes that she is unaware of any company policy Pier 1 failed to follow in investigating her misconduct or in terminating her employment. (SOUF 75). Moreover, Plaintiff cannot identify anything else Pier 1 should have done in investigating her misconduct before making its decision regarding her employment. (SOUF 76)

Terminating an employee's employment for dishonesty is a legitimate, non-discriminatory reason. *Straughn v. Delta Air Lines, Inc.*, 250 F.3d 23 (1st Cir. 2001)(noting that discharge for dishonesty in attempting to mislead supervisor constituted a legitimate, non-discriminatory reason for the employee's discharge); *Cardona v. United Parcel Service*, 79 F.Supp.2d 35 (D. P.R. 2000) (holding that dishonesty is a legitimate non-discriminatory reason for discharge). As Pier 1 has articulated its legitimate, non-discriminatory reason for its actions, Vasconcellos can only avoid summary disposition if she can show that Pier 1's stated reason is false or pretextual. *Quinones v. Buick,* 436 F.3d 284, 289-90 (1st Cir. 2006).

**C. <u>No Evidence of Pretext.</u>**

At the third stage of the *McDonnell-Douglas* framework, it becomes the plaintiff's burden to establish "that the legitimate reasons offered by the defendant were not its true reasons,

but were a pretext for discrimination." *Quinones*, 436 F.3d at 289-90. At the summary judgment stage, the plaintiff "must produce evidence to create a genuine issue of fact with respect to two points: whether the employer's articulated reason for its adverse action was a pretext and whether the real reason was unlawful discrimination." *Id.* In assessing pretext, the court's focus must be on the perception of the decision maker, that is, not whether the misconduct at issue actually occurred, but whether the employer honestly believed its stated reason for the decision. *Straughn*, 250 F.3d at 41 ("[A]t this point in the burden-shifting analysis the principal focus must be upon whether . . . the responsible Delta decision makers, ***reasonably believed*** that Straughn lied, ***rather than whether she actually lied.***") (emphasis in the original).

There is no evidence that any of the decision makers or Pier 1 did not honestly believe that Plaintiff had been dishonest in her explanation about her intention on April 29, 2005. In fact, Plaintiff admits that she is unaware of any facts that lead her to believe that Baldwin did not have a sincere belief that Plaintiff had lied to her. (SOUF 80). Indeed, even Plaintiff concedes that it became readily apparent to her during the March 4, 2005, interview with Baldwin that Baldwin believed Plaintiff had not been honest with her. (SOUF 81). Similarly, there is no evidence that its decision to terminate her employment because of dishonesty was a pretext for discrimination. In fact, Plaintiff admits that the only evidence she has that Pier 1's proffered non-discriminatory reason for its actions is untrue is her own subjective belief. (SOUF 82). Plaintiff's subjective belief alone is insufficient, as a matter of law, to avoid summary judgment. *Melendez v. Sap Andina y del Caribe*, 518 F.Supp. 2d 344, 359 (D. P.R. 2007). Because Plaintiff cannot establish that Pier 1's legitimate, non-discriminatory reason for its actions was a pretext for discrimination, summary judgment is proper. *Id.* (granting summary judgment where plaintiff failed to establish pretext).

## IV. <u>CONCLUSION</u>.

Wherefore, premises considered, Defendant Pier 1 Imports (U.S.), Inc., respectfully requests that the Court grant its Motion for Summary Judgment and dismiss with prejudice all of Plaintiff's claims and enter a final judgment against Plaintiff, and grant Defendant any other relief to which it is entitled.

Respectfully submitted,

/s/ Robert P. Brooks

Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com
Dated: February 11, 2008

And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley *(Admitted Pro Hac Vice)*
State Bar No. 24036256
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Brief in Support of its Motion for Summary Judgment through the ECF system on the 11th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-484T-LDA.

/s/ Robert P. Brooks

*444075_1.doc*