**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND CINDY BALDWIN** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1") and files its Response to Plaintiff's Motion To Compel and, in support thereof, respectfully shows the Court as follows:

**I.**

1. On January 18, 2008, Plaintiff's counsel sent Pier 1 correspondence identifying perceived discovery deficiencies. Plaintiff's January 18, 2008 letter gave Pier 1 ten days to respond. A true and correct copy of Plaintiff's January 18, 2008 letter is attached hereto as "Exhibit 1". Rather than give Pier 1 the full ten days to comply with Plaintiff's request, on January 21, 2008, Plaintiff filed a Motion to Compel. Pier 1's counsel notified Plaintiff that her motion to compel was premature given that the ten day time frame for Pier 1 to respond had not yet passed. A true and correct copy of the January 21, 2008 letter is attached hereto as "Exhibit 2".

2. On January 28, 2008, Pier 1 responded to Plaintiff's deficiency letter. Not only did Pier 1 address the alleged deficiencies, but it also sent Plaintiff documents via certified mail return receipt requested. A true and correct copy of the January 28, 2008 letter is attached hereto as "Exhibit 3".

3. On February 6, 2008, Plaintiff filed a motion to compel discovery claiming that Pier 1 had not responded to her "good faith" letter of January 18, 2008.

**II.**

First, Plaintiff mischaracterizes the procedural history of this case. Pier 1 did respond to Plaintiff's January 18, 2008 letter and sent, via certified mail, the telephone logs and Asset Protection guide referenced in the January 18, 2008 letter. Plaintiff's claim that Pier 1 never responded is simply untrue.

Second, with regard to the employee timecards for the Newport Store, as Pier 1 informed Plaintiff on January 18, 2008, Pier 1 has fully complied with Plaintiff's request. Plaintiff's Request for Production No. 27 sought: "Copies of any and all documents regarding any interoffice investigation by Pier in connection with the workplace discrimination as alleged by the Plaintiff." In response to this request, Pier 1 produced notes taken during the investigation, the employment handbook, and Plaintiff's timecards for the period in question. As Cindy Baldwin testified in her deposition, Pier 1 did not terminate Plaintiff's employment for falsifying timecards:

Q: Do you remember why Crystal was terminated or separated?

A: Yes.

Q: Why was that?

A: It was because she lied.

Q: What did she lie about?

A: She lied about where she was when I called looking for her, and she lied about telling a manager something that she did not, that she admitted to not telling the manager about where she was.

Q: She lied about where she was and she lied about, what was the other thing that you mentioned?

A: She lied about telling a manager something that she didn't tell the manager. That, she admitted to.

Q: Any other reason why Crystal was separated, other than those two reasons?

A: No.

Q: You sure?

A: Yes.

Q: Positive?

A: Yes.

(Baldwin Dep., p. 27:21-25; p. 28:1-17 Attached hereto as "Exhibit 4"). Consequently, Plaintiff's timecards for the month of April of 2005 are irrelevant. That being said, to avoid an unnecessary discovery dispute, Pier 1 has produced Plaintiff's timecards for the entire month of April of 2005.

With regard to the timecards for all associates at the Pier 1 Newport store, Pier 1 did not use other Associate's timecards during Pier 1's investigations of Plaintiff's misconduct nor did it use the timecards to investigate "workplace discrimination as alleged by Plaintiff." Consequently, these are not responsive nor relevant to Plaintiff's Request for Production No. 27. This is especially true given that Michele Trotter, a Pier 1 Human Resources Manager, testified during her deposition that the only other timecards that were reviewed during this timeframe were Teresa Butala's and they were reviewed for reasons wholly unrelated to Plaintiff's misconduct:

Q: Why is there no statement from Teresa [Butala]?

A: What she spoke with Teresa about was actually specifically involving Teresa that came up as a result of this investigation.

Q: And no one thought that it was prudent to get a written statement from Teresa?

A: Like I said, it wasn't—it came up as a result of the investigation, but it was not specifically related to Crystal. It was about Teresa.

* * *

Q: And even though Teresa was questioned regarding this incident, no one took a written statement from her; is that correct?

A: Like I said, she was questioned about nothing particularly specifically having to do with Crystal. It was about her own actions, and she was not being dishonest or lying. It was about—It was not related to Crystal, so there was no statement needed. It didn't have to do with Crystal.

* * *

Q: And what did she provide about herself?

A: Cindy had looked at the timecards in the store and found that in addition to Crystal, Teresa's timecards also had some—what is the word I'm looking for—adjustments or changes to them that were irregular. And Cindy has looked at both sets of timecards and had talked to Teresa about why her timecards had irregular adjustments or changes.

* * *

Q: And is that one of the reason [sic] why, if you know, is that one of the reasons why Cindy had that discussion with Teresa regarding her timecard?

A: Well, it didn't have anything to do with Crystal falsifying her timecard or allegedly falsifying her timecard.

(Trotter Dep., p. 20:4-12, 17-25; p. 21:21-25; p. 22:1-3; p. 31:23-25; p. 32:1-5 Attached hereto as "Exhibit 5"). As evidenced by Ms. Trotter's testimony, Pier 1 did not use any other associate's timecards other than Plaintiff's to investigate Plaintiff's misconduct on April 29, 2005. That being said, in an effort to avoid a discovery dispute, Plaintiff has provided Plaintiff with Teresa Butala's timecards for the entire month of April of 2005.

Finally, with regard to the Pier 1 Newport Store banklogs for April 29, 2005, counsel for Pier 1 informed Plaintiff that the documents are no longer in existence because Pier 1's document retention policy requires that store banklogs be retained for six months. By the time Plaintiff filed her Charge of Discrimination and subsequent lawsuit, more than six months had passed. That being said, Pier 1 provided Plaintiff with the banklog from the Citizen's branch as well as a deposition on written questions regarding the branch's banking hours for April 29, 2005.

**III.**

Because Pier 1 properly and fully responded to Plaintiff's requests subject to its objections, Plaintiff's motion to compel is moot. Accordingly, Pier 1 respectfully requests that the Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley *(Admitted Pro Hac Vice)*
State Bar No. 24036256
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT PIER 1 IMPORTS (U.S.), INC.**

**Certificate of Service**

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Response to Plaintiff's Motion to Compel through the ECF system on the 20th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 06-484T-LDA.

/s/ Jaime J. LaPorte

*445360_1.doc*