**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PIER 1 IMPORTS (U.S.), INC., AND CINDY BALDWIN**<br><br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 06-00484-T-LDA** |

**DEFENDANT'S OBEJECTION TO PLAINTIFF'S MOTION TO EXTEND THE CLOSURE DATE FOR DISCOVERY ("MOTION TO RECONSIDER")**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files this Objection to Plaintiff's Motion to Extend the Closure Date for Discovery ("Motion to Reconsider"):

**I.**

On February 6, 2008, Magistrate Judge Almond granted Pier 1's Motion to Quash because discovery was closed. On February 15, 2008, Plaintiff filed a Motion to Extend the Closure Date for Discovery. Although Plaintiff's motion purports to seek an extension of the closure date for discovery, it is actually an appeal of the U.S. Magistrate Judge's February 6, 2008 Order quashing the subpoenas of Karol Pruett and Dawn Testa that is governed by 28 U.S.C. §636(b)(1)(A). Plaintiff's motion fails to establish (or even address) how the February 6, 2008 Order quashing the depositions (or refusing to extend the discovery closure date) was clearly erroneous or contrary to the law. For these reasons and those detailed in Pier 1's Memorandum in Support of this Objection, Plaintiff's request should be denied.

Respectfully submitted,

/s/ Jaime J. LaPorte

Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

## Certificate of Service

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Objection to Plaintiff's Motion for Reconsideration through the ECF system on the 25th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 06-484T-LDA.

/s/ Jaime J. LaPorte

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**DEFENDANT PIER 1 IMPORTS (U.S.), INC.'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO EXTEND THE CLOSURE DATE FOR DISCOVERY ("MOTION TO RECONSIDER")**

COMES NOW, Pier 1 Imports (U.S.), Inc. ("Pier 1"), Defendant in the above-styled litigation, and files its Memorandum in Support of its Objection to Plaintiff's Motion to Extend the Closure Date for Discovery ("Motion to Reconsider"):

**I.**

On February 4, 2008, Pier 1 filed a Motion to Quash requesting that the depositions of Dawn Testa and Karol Pruett be quashed because: (1) the depositions dates were not agreed upon by the parties; (2) Plaintiff failed to give reasonable notice; and (3) Plaintiff inexcusably waited until the close of discovery to try and take these depositions. On February 6, 2008, Magistrate Judge Almond granted Pier 1's Motion to Quash because discovery was closed. On February 15, 2008, Plaintiff filed a Motion to Extend the Closure Date for Discovery. Although Plaintiff's motion purports to seek an extension of the closure date for discovery, it is actually an appeal of the U.S. Magistrate Judge's February 6, 2008 order quashing the subpoenas of Karol Pruett and Dawn Testa that is governed by 28 U.S.C. §636(b)(1)(A).

**II.**

28 U.S.C. §636(b)(1)(A) provides that the district court may reconsider any order of a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous

or contrary to law." Plaintiff's motion fails to establish (or even address) how the February 6, 2008 order quashing the depositions (or refusing to extend the discovery closure date) was clearly erroneous or contrary to the law. Magistrate Judge Almond's February 6, 2008 Order was not only within the bounds of the law but proper for several reasons.

First, despite Plaintiff's protestations to the contrary, the belated depositions of Cindy Baldwin and Susan Dubois were not "due to the delay in obtaining discovery from Defendant." Plaintiff has known since at least July 16, 2007, that Cindy Baldwin and Susan Dubois were involved in the decision to terminate Plaintiff's employment due to dishonesty. Both Cindy Baldwin and Susan Dubois were identified in Pier 1's response to Plaintiff's interrogatories as individuals who investigated Plaintiff's misconduct. To the extent Plaintiff wanted to depose these individuals, she could have done so well before the close of discovery. Moreover, although Plaintiff correctly states that a motion to compel discovery responses was filed seeking to compel Pier 1 to supplement forty-one (41) discovery requests, Plaintiff conveniently overlooks that **thirty-five** (35) of those requests were denied. Of the six (6) requests that were not denied four (4) were significantly limited due to the overly broad and unduly burdensome nature of the requests. *See* Text Orders entered on November 20, 2007. Although Pier 1 complied with the Courts order and supplemented those six requests on December 27, 2007 and January 2, 2008—none of the information provided in Pier 1's supplement changes the fact that Pier 1 identified Cindy Baldwin and Susan Dubois as fact witnesses ***five*** months earlier.

Second, the delay in receiving the deposition transcripts of Cindy Baldwin and Susan Dubois does not justify the delay in seeking to depose two additional witnesses. Plaintiff's counsel was present and participated in these depositions; consequently, any information regarding potential witnesses could have been relayed to Plaintiff. Plaintiff could have also

requested that the court reporter expedite the transcripts if she was concerned about the near close of discovery. More importantly, Plaintiff herself could have attended the depositions.

Third, Plaintiff claims that Pier 1 discriminated against her on the basis of pregnancy. Accordingly, Plaintiff knew or should have known the relevance of witnesses to Pier 1's alleged discriminatory conduct. Plaintiff has known of Dawn Testa since the beginning of this case inasmuch as she worked with Plaintiff at Pier 1. It is disingenuous for Plaintiff to claim that she only remembered Dawn Testa's potential relevance to her claims after reviewing the deposition testimony of Susan Dubois and Cindy Baldwin. Dawn Testa is never mentioned in either deposition. (Ex. 1 ¶¶ 3-4).

Fourth, Plaintiff's claim that she learned for the first time that she was not performing up to Pier 1 standards until a review of the Dubois and Baldwin depositions taken on January 4, 2008 is again, at least, disingenuous. On September 6, 2007, Pier 1 took Plaintiff's deposition. During the deposition, Plaintiff identified and authenticated two corrective actions, one performance review, and four verbal counselings all of which rated or reviewed Plaintiff's performance as a manager. Moreover, Plaintiff's performance was specifically discussed during her September 6, 2007 deposition:

Q: Handing you a document that's been marked Defendants' [sic] 25, have you ever seen Defendants' [sic] 25 before?

A: Yes.

Q: What is it?

A: It's a written corrective action.

Q: What manager gave you the written corrective action?

A: Cindy.

Q: What were you being written up for in Defendants' [sic] Exhibit 25?

A: An audit to my store.

Q: Tell me what, tell me why you were written up.

A. When an audit was performed on my store, they found thing that they felt were unsatisfactory.

* * *

Q: Handing you a document I've marked as Defendants' [sic] Exhibit 27, have you seen Defendants' [sic] 27 before?

A: Again, when I received my file.

Q: Take a moment, take all the time you need to review Defendants' 27 [sic] and let me know when you're done.

A: Okay.

Q: The things that are reflected in Defendants' [sic] 27 are things that Carol Pruitt [sic] verbally discussed with you on or around December 9, 2002?

A: Yes.

Q: Handing you a document I've marked as Defendants' [sic] Exhibit 28, does that appear to be a true and correct copy of the verbal counseling documentation that you were presented with on or about January 22, 2003?

A: Yes.

Q: Is that your signature at the bottom left-hand quadrant of Exhibit 28?

A: It is.

Q: Did you express any written disagreement with the substandard performance that is described in Exhibit 28?

A: No.

Q: Now, handing you a document that I marked as Exhibit 29, does Defendants' [sic] Exhibit 29 appear to be a true and correct copy of a verbal counseling documentation that you were given and signed for on or about February 27, 2003?
A: Yes.

Q: Did you express any written disagreement with the substandard performance that was described in Defendants' [sic] 29?

A: No.

Q: Handing you the document we now marked as Defendants' [sic] Exhibit 30, does that appear to be a true and correct copy of a written corrective action that you were presented with and signed on November 21, 2003?

A: Yes.

Q: Did you express any written disagreement with the performance deficiencies that are reflected in Defendants' [sic] 30?

A: No.

Q: Handing you a document we marked as Defendants' [sic] Exhibit 31, does that appear to be a true and correct copy of a store manager performance review that you were given on April 19, 2005 by Cindy Baldwin?

A: Yes.

(Ex. 2, p. 155:10-24; p. 158:15-25; p. 159:1-25; p. 160:1-16). As evidenced by Plaintiff's deposition testimony, she has known since at least September 6, 2007 that her performance could be at issue in the case.[1] Plaintiff's request to depose Karol Pruitt also is arguably moot inasmuch as Plaintiff testified that she did not disagree with any of the reviews or corrective actions, including those issued by Karol Pruitt.

Fifth, as noted by Plaintiff in her motion, Plaintiff's sub-par performance has not been raised in Pier 1's answer, its reply to Plaintiff's Charge of Discrimination, or Settlement Conference Memorandum. The reason for this alleged omission is simple—Plaintiff's employment was not separated for her performance deficiencies but for misconduct (i.e. dishonesty). Consequently, discovery concerning Plaintiff's performance is irrelevant.

Simply stated, discovery has closed and a Motion for Summary Judgment has been filed. It is too late for Plaintiff to continue with depositions of individuals she had known the existence

[1] Plaintiff's counsel used these same corrective actions and performance review during Cindy Baldwin's deposition. Thus, Plaintiff's argument that she learned about her performance issues at the deposition on January 4, 2008 is misplaced.

of for years. The Magistrate Judge's order granting Pier 1's Motion to Quash was neither clearly erroneous nor contrary to the law. Plaintiff's Motion should therefore be denied.

**III.**

WHEREFORE, PREMISES CONSIDERED, Pier 1 respectfully requests that the Court deny Plaintiff's Motion to Reconsider and/or Extend the Closure Date for Discovery.

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-and-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Carrie A. Brantley
State Bar No. 24036256 *(Admitted Pro Hac Vice)*
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com
carrie.brantley@khh.com

**ATTORNEYS FOR DEFENDANT PIER 1 IMPORTS (U.S.), INC.**

**Certificate of Service**

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Memorandum in Support of its Objection to Plaintiff's Motion for Reconsideration through the ECF system on the 25th day of February, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 06-484T-LDA.

/s/ Jaime J. LaPorte

*445688_1.doc*