UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRYSTAL VASCONCELLOS | : | |
| v. | : | C.A. No.: 06-4016T |
| PIER 1 IMPORTS (US) INC., and CINDY BALDWIN, Individually and in her capacity and as an employee and Regional Manager of Pier 1 Imports (US) Inc. | : | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS

Now comes the Plaintiff in the above-entitled matter, and hereby responds to Defendants' Statement of Undisputed Facts. The grounds for responding shall respond to each significant disputed fact. At the conclusion of said responses, Plaintiff shall list her significant undisputed and disputed facts.

7. Plaintiff was upset with a breakup of her boy friend, however, she did not leave the store because she was so upset over the breakup, she left because it was time for her to go home. Deposition of Crystal Vasconcellos, p. 60, l. 3-23; attached hereto as *Exhibit A*.

8, 9, 10. Plaintiff was given a Written Corrective Action on February 18, 2005 due to internal audit of her store. However, many of the deficiencies listed were not accurate or were not the fault of Plaintiff. Deposition of Crystal Vasconcellos, p. 155-157, l. 18-25, 1-25, 1-13; attached hereto as *Exhibit A*.

17. Only two areas of Plaintiff's review were rated as needs improvement, not several areas. Performance Review; attached hereto as *Exhibit E*.

23, 24. These two "undisputed facts" are clearly disputed and are critical to this case. Plaintiff does state that she told Ms. Baldwin about her due date and how the store would be handled during her absence. However, Ms. Baldwin testified she never asked or told

when Plaintiff's was due and in fact, had no concerns as to when Plaintiff would be out of work due to her giving birth. Deposition of Cynthia Baldwin, p. 66-67, l. 17-25, 1-19; attached hereto as *Exhibit B*. Ms. Dubois stated that she was told by Ms. Baldwin about Plaintiff's pregnancy because she would need that type of information for scheduling purposes. Deposition of Susan Dubois, p. 29, l. 1-16; attached hereto as *Exhibit C*. However, Ms. Dubois stated that she was never told nor did she ask when Plaintiff was due. In fact, she testified that she did not know whether Plaintiff was due in 6 days or 6 months. Deposition of Susan Dubois, p. 29-30, l. 16-25, 1-22; attached hereto as *Exhibit C*.

31. Though Defendants state in footnote 1 that it relies almost exclusively on the testimony of Plaintiff, questions regarding the facts contained in this section were never asked of Plaintiff. Instead, Defendant relies on the testimony of Cindy Baldwin and the email she sent to Plaintiff. When questioned on the email, Baldwin states that most of the information contained in these "undisputed facts" was verbal and not contained in the email. Deposition of Cynthia Baldwin, p. 55, l. 3-10; attached hereto as *Exhibit B*. In fact, other than the email being put in Plaintiff's file, no other written notations were made as to what was verbally stated. Also of importance is that this incident was not referred to human resources as a concern until after the April 29, 2005 incident. At that point, Ms. Baldwin sent it to human resources with a not that states: "Here you go." April 26, 2005 email; attached hereto as *Exhibit F*.

32. Ms. Baldwin states just the opposite that she never told Plaintiff to take the day off. Deposition of Cynthia Baldwin, p. 69, l. 1-15; attached hereto as *Exhibit B*.

36. Plaintiff did intend to leave for the day and go home; however, she intended to first bring merchandise from her Newport store to the Dartmouth store. Deposition of Crystal Vasconcellos, p. 66, l. 18-21; attached hereto as *Exhibit A*. When managers transferred merchandise from one store to another store, it was paid time and not done on their own time. Deposition of Susan Dubois, p. 63, l. 8-15; attached hereto as *Exhibit C*.

54. There is no prior proof that Plaintiff was not where she was suppose to be as stated in this "undisputed fact." In fact, there is no proof that Plaintiff on April 29, 2005 was not where she was supposed to be.

61. Plaintiff never told Ms. Baldwin that she was at the bank when Ms. Baldwin initially called the store looking for her. Plaintiff told Ms. Baldwin that she had run to the bank which was a true statement. Deposition of Crystal Vasconcellos, p. 81, l. 2-25; attached hereto as *Exhibit A*.

62, 63. Plaintiff did not falsely tell Ms. Baldwin that she told Jody Graham she was going to the bank. Plaintiff mistakenly told Ms. Baldwin that she told Jody Graham she was going to the bank. It was an honest mistake. Deposition of Crystal Vasconcellos, p. 92, l. 2-23; attached hereto as *Exhibit A*.

64. The specific reason for Plaintiff apologizing was "I said I'm sorry if she felt that I was dishonest with her. It wasn't my intention to be dishonest with her." Clearly, Plaintiff was not apologizing for her actions but rather because she believed that Ms. Baldwin thought Plaintiff was being deceptive, which was not her intention. Deposition of Crystal Vasconcellos, p. 86, l. 11-13; attached hereto as *Exhibit A*.

67. It is true that Plaintiff was told that she could write anything she wanted, however, Plaintiff was told that needed to add certain parts the her statement. Everything from the asterisk forward in her statement was added due to the instructions from Ms. Baldwin. Deposition of Crystal Vasconcellos, p. 87, l. 11-24; attached hereto as *Exhibit A*.

69. This "undisputed fact" is another crucial fact that is clearly disputed. Plaintiff never intended to mislead Defendant. Deposition of Crystal Vasconcellos, p. 81, l. 21-25; p. 85, l. 21-24; 86, l. 9-13 attached hereto as *Exhibit A*. In fact, the next line of Plaintiff's statement was: "I also explained that I felt extremely uncomfortable in this situation believing that there would be no le-way or sympathy or accommodation to the pregnancy."

75. Plaintiff is unaware of any company policy that Defendant did not follow other than the company policy on following federal and state discrimination laws. This disputed fact shall be discussed in Plaintiff's memorandum.

76. Plaintiff made this statement before any depositions were taken of Pier 1 employees. Further details on how this is now a disputed fact is contained in Plaintiff's memorandum.

## PLAINTIFF'S UNDISPUTED FACTS

1. Plaintiff was an employee of Pier 1 for approximately four (4) years. Deposition of Crystal Vasconcellos, p. 25, l. 19-20; attached hereto as *Exhibit A*.

2. Defendant had no concern and gave no importance as to the reasons why Plaintiff felt uncomfortable telling her supervisor she was suffering from morning sickness. Deposition of Susan Dubois, p. 44-45, l. 16-25, 1-22; p. 52-53, l. 10-25, 1-21; attached hereto as *Exhibit C*.

3. Ms. Dubois and Ms. Baldwin both testified that they never asked or were told when Plaintiff was due, however, Michele Trotter, who never spoke to Plaintiff, wrote in her notes that Plaintiff was early in her pregnancy. Deposition of Cynthia Baldwin, p. 66-7, l. 22-25, 1-15; attached hereto as *Exhibit B*. Deposition of Susan Dubois, p. 29-30, l. 1-25, 1-22; attached hereto as *Exhibit C*. Deposition of Michelle Trotter, p. 76-77, l. 17-25, 1-9; attached hereto as *Exhibit D*.

4. Cindy Baldwin was the only person who investigated the April 29, 2005 incident. Deposition of Cynthia Baldwin, p. 114, l. 10-13; attached hereto as *Exhibit B*.

5. No other employee of Pier 1 other than Ms. Baldwin spoke to Plaintiff or any of the witnesses as to what occurred on April 29, 2005. Deposition of Cynthia Baldwin, p.

114, l. 10-13; attached hereto as *Exhibit B*.

6. Cindy Baldwin informed Pier 1 that she believed Plaintiff was falsifying her time cards at the same time she notified Pier 1 that she believed Plaintiff had lied. May 2, 2005 email; attached hereto as *Exhibit G*.

7. Cindy Baldwin came to the conclusion that Plaintiff had lied before she started her investigation. Deposition of Susan Dubois, p. 42, l. 8-11; attached hereto as *Exhibit C*.

8. Cindy Baldwin never considered any other type of disciplinary action for the April 29, 2005 incident other than terminating Plaintiff. Deposition of Cynthia Baldwin, p. 37, l. 3-9; attached hereto as *Exhibit B*.

9. There were no other documented warnings in Plaintiff's file other than the warning for the audit since Ms. Baldwin became Plaintiff's supervisor. Deposition of Cynthia Baldwin, p. 59, l. 11-14; attached hereto as *Exhibit B*.

10. At the time Plaintiff told Ms. Baldwin she was pregnant, Ms. Baldwin was not married and had no children. Deposition of Cynthia Baldwin, p. 29, l. 4-16; attached hereto as *Exhibit B*.

11. Plaintiff had received no warnings regarding dishonesty before April 29, 2005. Deposition of Cynthia Baldwin, p. 38, l. 16-20; attached hereto as *Exhibit B*.

12. No employees of Pier 1 reviewed Plaintiff's file to ascertain whether Plaintiff received any warnings regarding dishonesty. Deposition of Cynthia Baldwin, p. 37, l. 10-12; attached hereto as *Exhibit B*.

13. The performance review drafted by Ms. Baldwin and discussed with Plaintiff was completed before Plaintiff told Ms. Baldwin that she was pregnant. Deposition of

Cynthia Baldwin, p. 60, l. 16-25; attached hereto as *Exhibit B*.

14. No type of corrective action, warning, or feedback was given to Plaintiff or even any type of inclusion on Plaintiff's performance review for alleged poor performance by Plaintiff during divisional meeting walk through that occurred before Defendant was informed of Plaintiff being pregnant. Deposition of Cynthia Baldwin, p. 56-7, l. 5-25, 1-14; attached hereto as *Exhibit B*. Deposition of Susan Dubois, p. 17-19, l. 20-25, 1-25, 1-15; attached hereto as *Exhibit C*.

15. Though Ms. Baldwin was not happy with the performance of Plaintiff and Plaintiff was not up to her expectations, Ms. Baldwin rated Plaintiff as good on her performance review. Deposition of Cynthia Baldwin, p. 62, l. 1-6; attached hereto as *Exhibit B*.

16. No where in Plaintiff's statement does it specifically state that she apologized for lying. Deposition of Cynthia Baldwin, p. 112, l. 11-17; attached hereto as *Exhibit B*.

**PLAINTIFF'S ADDITIONAL DISPUTED FACTS**

1. When Plaintiff informed Ms. Baldwin about her pregnancy, Ms. Baldwin treated Plaintiff differently than before Ms. Baldwin was informed of her pregnancy. Deposition of Crystal Vasconcellos, p. 29-30, l. 5-25, 1-25; (before notifying of pregnancy) attached hereto as *Exhibit A*. Deposition of Crystal Vasconcellos, p. 95-96, l. 14-25, 1-9; p. 147-148, l. 16-25, 1-21; (after notifying of pregnancy) attached hereto as *Exhibit A*.

2. Ms. Baldwin never spoke to Jody Graham by phone on April 29, 2005. Deposition of Cynthia Baldwin, p. 70, l. 23-25; attached hereto as *Exhibit B*.

3. Defendant used the April 29, 2005 incident as an excuse for firing Plaintiff. This

fact is the basis for Plaintiff's objection and will be discussed in full in Plaintiff's memorandum.

PLAINTIFF
By her Attorney,

/S/ Bruce P. Gladstein___
BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the 28th day of February 2008, I mailed a true copy of the within, by regular mail, postage prepaid: Jamie Laporte, Esq., Adler Pollock & Sheehan, One Citizens Plaza 8th Floor, Providence RI 02903 and Russell D. Cawyer, Esq., Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth TX 76102.

/s/ Bruce P. Gladstein Esq.
Bruce P. Gladstein Esq.