**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S UNDISPUTED FACTS

COMES NOW Defendant Pier 1 Imports (U.S.), Inc. and files its Objections to Plaintiff's Undisputed Fact. For ease of Reference Pier 1's objections are aligned along with Plaintiff's Undisputed Statement of Facts in the following table.

| Plaintiff's Undisputed Fact | Pier 1's Objection |
|---|---|
| 7. Cindy Baldwin came to the conclusion that Plaintiff had lied before she started her investigation. | 7. Plaintiff cannot support a conclusion or mental thought of Cindy Baldwin with the testimony of Susan Dubois, another witness. That being said, the cited testimony of Susan Dubois does not state that Ms. Baldwin came to the conclusion Plaintiff had lied before she started her investigation. Rather, Ms. Dubois testified that:<br><br>Q: At what point did Cindy tell you that she believed Crystal had lied to her?<br>A: In the very beginning. When she went to go check it, she thought that she could be being lied to.<br><br>(Clerk's Dkt. No. 34-3, p. 4 [p. 42:8-11]). |

| Plaintiff's Undisputed Fact | Pier 1's Objection |
| --- | --- |
| 9. There were no other documents warnings in Plaintiff's file other than the warning for the audit since Ms. Baldwin became Plaintiff's supervisor. | 9. The testimony cited by Plaintiff only evidences that Ms. Baldwin did not provide Plaintiff with **<u>any other</u>** written corrective action up through her review of April 19, 2005. (Clerk's Dkt. No. 34-2, p. 3 [p. 59:11-14]). The summary judgment record establishes that Plaintiff had been counseled previously because she was not where she was supposed to be. (Clerk's Dkt. No. 29-4, App. 95 ¶ 5). |
| 11. Plaintiff had received no warnings regarding dishonesty before April 29, 2005. | 11. Although Ms. Baldwin testified that April 29, 2005 was the only time that she knew Plaintiff had been dishonest, it was not the first time that Plaintiff was not where she was supposed to be as scheduled. (Clerk's Dkt. No. 29-4, App. 95 ¶ 5). |
| 14. No type of corrective action, warning, or feedback was given to Plaintiff or even any type of inclusion on Plaintiff's performance review for alleged poor performance by Plaintiff during the divisional meeting walk-thru that occurred before Defendant was informed of Plaintiff's pregnancy. | 14. The April 19, 2005 manager Review expressly covered the period of February of 2004 to February of 2005. (Clerk's Dkt. No. 29-3, App. 61-63). Thus, it is not surprising nor suspicious that the results of Pier 1's February 2005 retail audit of her store or the March 2005 divisional walk-thru and the state of Plaintiff's store was not included in a review that only covered up to February 2005 (i.e., January 31, 2005). |
| 15. Though Ms. Baldwin was not happy with the performance of plaintiff, Ms. Baldwin rated Plaintiff as good on her performance review. | 15. Plaintiff's Performance Review Expressly noted:<br><br>"People Development: You would benefit greatly from focusing on developing your people by providing regular performance feedback and development discussions. You have not successfully trained and developed your management team in their roles. You need to hold yourself and your team accountable for achieving company goals and expectations, (i.e., your monthly audits, daily cleaning, etc. . .) By taking more ownership and initiative of your store, you will begin to get the buy you |

| Plaintiff's Undisputed Fact | Pier 1's Objection |
|---|---|
| | need from your team.<br><br>Communication: You would also benefit from providing timely information and clear direction to your team. This will enable your team to do their jobs more effectively. By using the communication skills that you learned at the meeting, you will improve your skills and enhance your team, peers, etc. You have stuggle [sic] with really listening to others and not tuning it out, if you don't agree or aren't onboard. You need to be open to new ideas, thoughts and opinions to assist you in moving yourself and your store forward in 2006."<br><br>(Clerk's Dkt. No. 29-3, App. 62). |
| 1. When Plaintiff informed Ms. Baldwin about her pregnancy, Ms. Baldwin treated Plaintiff differently than before Ms. Baldwin was informed of the pregnancy. | 1. Other than Plaintiff's subjective belief that Ms. Baldwin's mannerisms and tone of voice changed, there is also no evidence that Ms. Baldwin treated Plaintiff differently after she announced her pregnancy. |
| 2. Ms. Baldwin never spoke to Jody Graham by phone on April 29, 2005. | 2. The deposition testimony cited by Plaintiff, however, clearly and unequivocally states that she called Jody Graham on April 29, 2005:<br><br>"I called and asked for Crystal. The store assistant manager, Jody, I spoke with told me she had gone home for the day."<br><br>(Clerk's Dkt. No. 29-3, App 72:23-25).<br><br>This fact is also supported by Jody Graham's own statement wherein she confirms that Ms. Baldwin not only called her but personally stopped by the store to discuss the situation prior to any decision to separate Plaintiff's employment. (Clerk's Dkt. No. 29-4, App. 84). |
| 3. Defendant used the April 29, 2005 incident as an excuse for firing Plaintiff. | 3. There is no evidence that Pier 1 used Plaintiff's pregnancy as an excuse for firing Plaintiff. For a detailed analysis, see Pier 1's |

| Plaintiff's Undisputed Fact | Pier 1's Objection |
|---|---|
| | Motion for Summary Judgment (Clerk's Dkt. No. 28) and its Reply. |

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com

**ATTORNEYS FOR DEFENDANT PIER 1 IMPORTS (U.S.), INC.**

**CERTIFICATE OF SERVICE**

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Objection to Plaintiff's Undisputed Facts through the ECF system on the 12th day of March, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-484T-LDA.

/s/ Jaime J. LaPorte

*447901_1.doc*