**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRYSTAL VASCONCELLOS** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 06-00484-T-LDA** |
| **v.** | § | |
| | § | |
| **PIER 1 IMPORTS (U.S.), INC., AND** | § | |
| **CINDY BALDWIN** | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ITS**
**STATEMENT OF UNDISPUTED FACTS**

COMES NOW, Defendant Pier 1 Imports (U.S.), Inc. and files its Reply to Plaintiff's Response to Pier 1's Statement of Undisputed Facts. For ease of reference, Pier 1's reply to each of Plaintiff's responses is set forth in the following table:

| Pier 1's Undisputed Fact | Plaintiff's Objection | Summary Judgment Evidence/Response |
|---|---|---|
| 7. She was so upset by this breakup that Baldwin noticed Vasconcellos was upset and asked her why she was upset. Vasconcellos informed Baldwin that she was going through a tough break-up; Vasconcellos was so upset over the break-up that she left the store for the day. (App. 16:19-23; App. 85-93). | 7. Plaintiff contends that she did not leave the store that day because she was so upset over a breakup, but rather, because it was time to go home. | 7. Plaintiff testified as follows:<br><br>Q: You had shared that with Cindy Baldwin, hadn't you?<br>A: She noticed I was upset in February. She asked me why. I said, I'm just going through a break-up," and I went home.<br><br>(Clerk's Dkt No. 34-1, p. 2 [p. 60:19-25]). |
| 17. The review rated Vasconcellos overall performance a "Good" with several areas where Vasconcellos was rated as "Needs Development." (App. 54:12-16; App. 61-63). | 17. Plaintiff contends that only two areas of her review were rated as needs improvement, not several areas. | 17. Plaintiff's Performance Review Expressly noted:<br><br>People Development: You would benefit greatly from focusing on developing your people by providing regular performance feedback and development discussions. You have not successfully trained and developed |

| Pier 1's Undisputed Fact | Plaintiff's Objection | Summary Judgment Evidence/Response |
| --- | --- | --- |
| | | your management team in their roles. You need to hold yourself and your team accountable for achieving company goals and expectations, (i.e., your monthly audits, daily cleaning, etc. . .) By taking more ownership and initiative of your store, you will begin to get the buy you need from your team.<br><br>Communication: You would also benefit from providing timely information and clear direction to your team. This will enable your team to do their jobs more effectively. By using the communication skills that you learned at the meeting, you will improve your skills and enhance your team, peers, etc. You have stuggle [sic] with really listening to others and not tuning it out, if you don't agree or aren't onboard. You need to be open to new ideas, thoughts and opinions to assist you in moving yourself and your store forward in 2006.<br><br>(Clerk's Dkt. No. 29-3, App. 62). |
| 23. Vasconcellos further told Baldwin that she was due in December and that her assistant manager was capable of running the store in her absence. (App. 17:11-25).<br><br>24. Baldwin told Vasconcellos that they would deal with the running of the store during her anticipated absence when the time came | 23, 24. Plaintiff claims that these two facts are disputed and "critical" to this case. Plaintiff then directs the court to various inconsistencies as to how Pier 1 was informed of her pregnancy and whether anyone at Pier 1 had knowledge of Plaintiff's due date. | 23, 24. The facts are not "critical" to this case. For purposes of Pier 1's Motion for Summary Judgment, Pier 1 considered the facts in the light most favorable to Plaintiff (i.e., crediting Plaintiff's testimony that she told Baldwin what her due date was). That being said, whether Pier 1 knew Plaintiff's due date or not fails to establish pregnancy discrimination. Surely Ms. Baldwin was able to visually ascertain that Plaintiff was not six months |

| Pier 1's Undisputed Fact | Plaintiff's Objection | Summary Judgment Evidence/Response |
|---|---|---|
| for Vasconcellos to take a leave of absence. (App. 17:11-25). | | pregnant or about to go into labor, especially since Plaintiff advised that she just found out that she was pregnant and was therefore obviously early in her pregnancy. |
| 32. Baldwin also told Vasconcellos that there were other options if she need time off to take care of personal matters such as vacation time. (App. 83; App. 94-99). | 32. Plaintiff contends that Ms. Baldwin testified that she never told Plaintiff to take the day off. | 32. Ms. Baldwin did not tell Plaintiff to take the day off. Rather, Ms. Baldwin told Plaintiff that if she needed time for personal matters, taking the day off was an option:<br><br>Q: Did you state to Crystal that she needed to take the day she went to the Dartmouth store as a sick day?<br>A: No.<br>Q: Did you state to Crystal that she needed to take the day she went to the Dartmouth store as a vacation day?<br>A: No.<br>Q: Those could have been options, also, correct?<br>A: Yes.<br><br>(Clerk's Dkt. No. 34-2, p. 5 [p. 69:15). Testimony confirmed by Ms. Baldwin's affidavit wherein she testified that she informed Plaintiff of her options. (Clerk's Dkt. No. 29-4, App. 95 ¶5). |
| 36. Prior to leaving, Vasconcellos covered the responsibilities she wanted completed during the remainder of the day with her assistant manager, Jody Graham ("Graham"), and then gathered her personal | 36. Plaintiff contends that on April 29, 2005 she did intend to go home for the day after she brought merchandise from the Newport Store to the Dartmouth Store. | 36. Plaintiff's cited evidence fails to support her assertion that that: (1) she was delivering merchandise to another store and (2) that delivery would have taken most of the time she left early. (Clerk's Dkt. No. 29-1, App. 21:18-21). |

| Pier 1's Undisputed Fact | Plaintiff's Objection | Summary Judgment Evidence/Response |
|---|---|---|
| belongings; clocked out from work; told Graham good-bye and exited the store intending to go home. (App. 20:12-25; App. 21:1-6, 18-25). | | The cited testimony only states that Plaintiff left the store and that she may have had some items for the Dartmouth store. There is no evidence as to when Plaintiff would make the delivery or how long it would take or what she was doing with the items. |
| 54. Because this was not the first time Plaintiff was not where she was supposed to be, on April 29, 2005, Baldwin stopped by the Newport Store on her way home to see why Plaintiff had left. (App. 74:12-24; App. 94-99).<br><br>61. On May 4, 2005, Baldwin visited Vasconcellos' store to follow-up on Vasconcellos' report that she had been at the bank when Baldwin initially called the store looking for her. (App.79:25; App. 80:1, 21-25; App. 81:1-10). | 54 61. Plaintiff contends that there is no proof that Plaintiff was not where she was supposed to be on April 29, 2005. She also contends that she never told Ms. Baldwin that she was at the bank when Baldwin initially called the store looking for her. | 54, 61. Plaintiff testified as follows:<br><br>Q: You said Ms. Baldwin asked you why would your associate tell me you had gone for the day; is that accurate; she asked you that question?<br>A. Yes.<br>Q: Your response was, "I don't know, because I had just run to the bank"?<br>A: Not because I had just run to the bank. That's not my exact words.<br>Q: What were your exact words?<br>A: I said, I said, "I don't know." She questioned me again. I said, "I ran to the bank." That's when she pulled out—I didn't say that I only ran to the bank.<br>Q: When you left, when you left at 4:15, you hadn't gone to the bank, had you?<br>A: No.<br>Q: You hadn't intended on going to the bank, had you?<br>A: Not at that point.<br>Q: Were you intended to mislead Ms. Baldwin when you told her that you had gone to the bank and didn't disclose that you had been intending to leave for the day? |

| Pier 1's Undisputed Fact | Plaintiff's Objection | Summary Judgment Evidence/Response |
|---|---|---|
| | | A: That wasn't my intention.<br><br>(Clerk's Dkt. No. 34-1, p. 4 [p. 81:2-25]). |
| 62. During the interview, Vasconcellos falsely told Baldwin that she had informed Graham she was merely going to the bank when she had in fact left for the day. (App. 36:14-20).<br><br>63. Vasconcellos admitted repeatedly that the statements she made to Baldwin during this interview that she told her subordinate she was going to the bank were inaccurate. (App. 36:21-25; App. 41:2-14). | 62, 63. Plaintiff states that she did not falsely tell Ms. Baldwin that she told Jody Graham she was going to the bank. Plaintiff contends that she "mistakenly" told Ms. Baldwin that she told Ms. Graham she was going to the bank. It was an honest mistake. | 62, 63. Regardless of how Plaintiff characterizes her dishonesty (albeit a "mistake," "less than forthright," "apologetically failing to disclose," "unintentional dishonesty"), Plaintiff was not honest with her manager:<br><br>Q: So you had, in fact, told Cindy that you had told your assistant manager that you had been at the bank, right.<br>A. Yes.<br>Q: You had not, in fact, told your assistant manager that you had been at the bank, right.<br>A: Correct.<br>Q: So that was inaccurate?<br>A: It was inaccurate.<br><br>(Clerk's Dkt. No. 34-1, p. 5 [p. 88:7-15]). |
| 67. Vasconcellos concedes that she was free to write anything she wanted in the statement and was not told to exclude anything. (App. 35:1-7). | 67. Plaintiff claims that everything from the asterisk forward on her written statement was added due to instructions from Ms. Baldwin. | 67. Plaintiff testified that nothing she added to her written statement was inaccurate in anyway. (Clerk's Dkt. No. 34-1, p. 5 [p. 87:17-25; p. 88:1-6]). |

Respectfully submitted,

/s/ Jaime J. LaPorte
Robert P. Brooks (#3721)
Jaime J. LaPorte (#6668)
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Telephone: (401) 274-7200
Telefax: (401) 751-0604
rbrooks@apslaw.com
jlaporte@apslaw.com

-And-

Russell D. Cawyer *(Admitted Pro Hac Vice)*
State Bar No. 00793482
Kelly Hart & Hallman LLP
2500 Texas Commerce Tower
201 Main Street
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telefax: (817) 878-9280
russell.cawyer@khh.com

**ATTORNEYS FOR DEFENDANT**
**PIER 1 IMPORTS (U.S.), INC.**

## CERTIFICATE OF SERVICE

To: Bruce P. Gladstein, Esq.
750 East Ave.
Pawtucket, RI 02860

I hereby certify that I filed Pier 1 Imports (U.S.), Inc.'s Reply to Plaintiff's Response to its Statement of Undisputed Facts through the ECF system on the 12th day of March, 2008, and that notice will be sent electronically to the above-named counsel who is a registered participant identified on the Mailing Information for Case No. 07-484T-LDA.

/s/ Jaime J. LaPorte

***447904_1.doc***