UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRYSTAL VASCONCELLOS :
:
v. :
: C.A. No.: 06-4016T
:
PIER 1 IMPORTS (US) INC., and :
CINDY BALDWIN, Individually and in her capacity:
and as an employee and Regional Manager of :
Pier 1 Imports (US) Inc. :

MEMORANUDM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above-entitled matter, and hereby moves to strike Defendants' reply to Plaintiff's Objection for Summary Judgment along with Defendants' objection to Plaintiff's disputed and Defendants' reply to Plaintiff's undisputed facts. The grounds for Plaintiffs' objection are as follows. Plaintiff, on February 28, 2008, filed her objection to Defendants motion for summary judgment, along with disputed and undisputed facts. These papers were then electronically served to the Defendants on the same date. On March 12, 2008, Defendants filed a reply memorandum to Plaintiff's objection along with Defendants' objection to Plaintiff's disputed and Defendants' reply to Plaintiff's undisputed facts. Theses filings took place 13 days after Plaintiff filed her objection. Local Rule 47 of the Rhode Island District Court states that all replies to objections of motion must be filed "not later than ten (10) days after the objection". Defendants filing were clearly after the ten (10) days allowed. Defendants may argue that their reply memorandum to Plaintiff's objection along with Defendants' objection to Plaintiff's disputed and Defendants' reply to Plaintiff's undisputed facts were redocketed on March 3, 2008, however, Defendants still were served on February 28, 2008. Therefore, February 28, 2008 is when the ten (10) day time limit started to run.

In addition, Defendants reply is six (6) pages. The Honorable Justice Ernest Torres, in Exhibit A (1) of his scheduling Order, clearly stated that the reply memorandum "may not exceed five (5) pages. Therefore, Defendants have filed a reply

that is not conistent with his Order and should be stricken.

Finally, Defendants cannot use the scheduling Order in their favor in objecting to depositions scheduled one (1) day after the closure of discovery, and then not follow the Order and the local rules when it pertains to their own matters. In that Defendants failed to follow the local rules and the scheduling Order, their reply should be stricken.

WHEREFORE, Plaintiff respectfully requests that Defendant's reply to Plaintiff's objection along with Defendants' objection to Plaintiff's disputed and Defendants' reply to Plaintiff's undisputed facts, should all be stricken.

PLAINTIFF
By her Attorney,

/S/ Bruce P. Gladstein___

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the 14 day of March 2008, I mailed a true copy of the within, by regular mail, postage prepaid: Jamie Laporte, Esq., Adler Pollock & Sheehan, One Citizens Plaza 8th Floor, Providence RI 02903 and Russell D. Cawyer, Esq., Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth TX 76102.

/s/ Bruce P. Gladstein Esq.
Bruce P. Gladstein Esq.