RECEIVED
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
AUG 21 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRYSTAL VASCONCELLOS :
vs. :
: C.A. No.: 06-484T
PIER 1 IMPORTS (U.S.), Inc., and :
CINDY BALDWIN, individually and in her :
capacity and as an employee and regional :
manager of Pier 1 Imports (US) Inc. :

**DEFENDANTS FIRST SET OF INTERROGATORIES TO PLAINTIFF**

1. Identify each person whom you have retained or specialty employed as an expert in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial but whose opinions or mental impressions have been reviewed by a person retained or specially employed to provide expert testimony in this case, and, for such person, describe the subject matter about which the person has been retained to consult, the mental impressions and opinions held by the person, and the facts known to the person (regardless of when the factual information was acquired ) that relate to or form the basis of the mental impressions and opinions held by the person.

**REPSONSE**: There is no expert at this time, if one is obtained, we will supplement the information to your office.

2. Identify all doctors, physicians, nurses, mental health care providers, psychiatrists, psychologists, healers or other health care providers with whom you consulted or received any treatment since January 1, 2003. For each provider, include the dates of the treatment, the reasons you sought treatment, any medications prescribed to you, and any diagnosis communicated to you about your condition.

**REPONSE**: 2003- 2005 Denise Marzili, nurse practitioner, annual check up; Dr. Suzanne Caron, OBGYN, 8 week pregnant check up and various visit until delivery 12-19-05; I saw two orthopedic specialists for neck trauma in February and March of 2006.

3. Describe each of your communications, conversations, correspondence, or contacts with Defendant (including its agents or employees) which occurred on or after April 22, 2005, through the present. Include in your answer, the dates of the communication, conversation, correspondence or contact, the person involved in each and substance of the communication, conversation, correspondence or contact.

**RESPONSE**: On April 22, 2007, four days after review with Cindy. Cindy would call occasionally to check in on the stores progress. On April 29, 2005, I returned Cindy Baldwin's call

DEFENDANT'S EXHIBIT
Vasconcellos
9-6-07

classified help wanted, since the date of termination I applied to various establishments, including, Bed Bath and Beyond, Olive Garden, Cheesecake Factory, Filenes, etc. I was hired by Voc-Tech High School in New Bedford in September 2005, hired by Fairhaven Beverage Company. June 2006, hired by Club Attitude, in August 2006, hired by Medeira Café February 2007, hired by Victoria's Secret, December 2006.

8. Identify each employer for whom you have performed any work (including self employment from May 5, 2005 to the present, the position held, compensation and benefits received, and reason for any change in employment if applicable.

**RESPONSE**: Athena's Home Novelties, direct to sales, November 2005 through March 2006, commission based; Vo-tech high school, sub teacher, September 2005, through present

9. Describe the date and the amount of all employment-related compensation, benefits or other monetary payments you have received since May5, 2005 (e.g. salary, medical and dental insurance, worker's compensation, long-term disability benefits, social security benefits, unemployment compensation).

**RESPONSE**: I received unemployment benefits from June 2005 through December 2005 at the rate of $422.00

10. For any damages you seek to recover in this lawsuit, identify each category of damages the maximum amount of damages sought to be recovered, and methodology for computing the maximum amount of damages sought.

**RESPONSE**: I am discussing this with my attorney once a figure is determined, I will supplement the answer to you.

11. If you seek to recover damages for past or future lost income, wages or earning capacity, please describe in detail all of your effort to minimize or mitigate those past or future lost income or wages, or loss of earning capacity.

**RESPONSE**: In good faith I have exercised reasonable efforts, and then some, to secure employment to provide for my family, lost income over a 2 year period and trying reach that income level again.

12. Identify, on a chronological basis the facts supporting your contention that "Baldwin treated Vasconcellos differently after she learned of Vasconcellos pregnancy".

**RESPONSE**: Once Ms. Baldwin learned of my pregnancy during the review on April 19, 2005, she asked VERY personal questions that are impropriate for an employer-employee performance review. One question was "Are you ok with the pregnancy?" Her demeanor was hesitant and unsure as if it were a bad thing, the second question Ms. Baldwin, "I know you were going through a tough break-up, is this the same guy?" I felt extremely uncomfortable and felt I needed to justify myself and my decision to her. She looked at me like I was third class to her, inferior and stupid. I told Cindy I

would be out for the week of Christmas but would have no problem completing all of my responsibilities. I also told her I would make sure that I left my staff in good standing and prepare for the time I would be out. I told her my senior assistant manager had done a great job running the store while I was overseeing the Seekonk store. I assured her there shouldn't be a problem. After the review, Cindy's calls to the store declined. The tone, when she did call was irritable and not the normal disposition she usually carried. Please refer to my response to Interrogatory # 3 to reference happenings during conversation on April 29, 20058, May 5, 2005, and May 5, 2005. After Cindy left the store on April 29, 2005, she went to my store and went through all of my paperwork. This is abnormal behavior for a regional manager; I believe she was looking for ANTHING she could use against me. This was not company protocol to invade an office if the suspect was that someone attempted to leave a shift early. Company protocol was a three strike policy on any one offense unless it was stealing, and even then I have seen cases where thieves were given more time , respect, and opportunity than I was. Pier 1 managers has "unlimited" sick time. Ms. Baldwin gave me less than any other, non-pregnant manager or employee.

13. Identify on a chronological basis, the facts, supporting your contention that "Baldwin terminated Vasconcellos because she was pregnant".

**RESPONSE:** Other store managers and employees who had well documented violations of company policy were not terminated.

CRYSTAL VASCONCELLOS

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to me this 16th day of July, 2007.

NOTARY PUBLIC
My Commission Expires: 12-17-07

As to Objections:

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900