UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRYSTAL VASCONCELLOS<br><br>v.<br><br><br>PIER 1 IMPORTS (US) INC., and<br>CINDY BALDWIN, Individually and in her capacity<br>and as an employee and Regional Manager of<br>Pier 1 Imports (US) Inc. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>C.A. No.: 06-4016T |

# PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE ALMOND'S RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above-entitled matter, and hereby files this response to Defendants' Objection to Plaintiff's Motion to reconsider Magistrate Almond's recommendation to grant Defendants' Motion for Summary Judgment (hereinafter referred to as "Recommendation"). Plaintiff responds as follows. Defendants state in their first subheading that "Magistrate Judge's (sic) Properly Concluded that Plaintiff was Dishonest during the Investigation." However, as stated in Plaintiff's original motion for reconsideration, this is a material fact in dispute. Even if this Honorable Court was to determine that Plaintiff was dishonest, there is, at a minimum, a dispute of a material fact as to whether Plaintiff had a valid reason for stating what she did. If Plaintiff was not pregnant and therefore not a member of a protected class, then the reasons behind her excuse for not being completely upfront with Ms. Baldwin would not matter. However, Plaintiff was pregnant, she was afraid to tell Cindy Baldwin (her direct supervisor) exactly what happened because of Ms. Baldwin's reaction when she informed her of being pregnant, no other decision maker at Pier 1

spoke with Plaintiff, and no other decision maker at Pier 1 determined the reasons behind Plaintiff not being totally upfront with Ms. Baldwin. Therefore, there is a dispute on a material fact.

Further, Defendants in their objection state that there is no dispute that the Defendants honestly believed that Plaintiff lied to them and that it's the stated reason for the decision to terminate her. *Straughn v. Delta Air Lines, Inc.,* 250 F.3d 23 (1st Cir. 2001). However, there is a dispute on this material fact. Plaintiff, at her deposition did state that she was unaware of any facts that led her to believe that Baldwin did not have a sincere belief that she had lied to her, however, this belief was held only during the beginning of Ms. Baldwin's investigation. Defendants have shown no other proof that Defendants, and specifically Cindy Baldwin, had a sincere belief that Plaintiff was completely dishonest. In fact, Ms. Baldwin testified that she did believe that Plaintiff was honest when she wrote her statement. Therefore, it would be up to the jury to decide what the Defendants actually believed.

In addition, Defendants, in their objection, also attempt to refute each of the points that Plaintiff made in her Motion regarding circumstantial evidence to establish evidence of pretext by Defendants. If Plaintiff had only one (1) or two (2) such examples of circumstantial evidence, than Defendants could show that said evidence was not enough to prove discrimination. However, Plaintiff has shown numerous examples of circumstantial evidence to establish evidence of pretext by Defendants. First, there is the close temporal proximity between when the Plaintiff informed Defendant that she was pregnant and the date when Defendant terminated Plaintiff. This Circuit has clearly stated that one way of giving rise to an inference of casual connection is by showing a close temporal proximity between when the Plaintiff informed Defendant that she was

pregnant and the date when Defendant terminated Plaintiff. See Hodgens v. General Dynamics Corporation, 144 F.3d 151, 168 (1st Cir. 1998) and Oliver v. Digital Equip. Corp., 846 F.2d 103, 110 (1st Cir. 1988). If this was the only piece of evidence to establish pretext, then Plaintiff would not have met their burden to prove that there are material facts in dispute. The short time period is a starting point to determine whether there are other pieces of evidence to establish pretext. When an employee announces her pregnancy to her employer, if an "intervening unprotected conduct" occurs (as stated in Defendants' Objection) shortly after said announcement, it must be determined whether that "intervening unprotected conduct" is being used as a pretext for the termination of the employee. In this matter it was, based on the following five (5) other examples of circumstantial evidence to establish evidence of pretext by Defendants.

Second are the complaints regarding Plaintiff's performance. Defendants in their objection state that there are valid reasons for alleged problems with Plaintiff's performance not being in her performance appraisal. However, what Defendants failed to rebut are the reasons why Plaintiff's alleged poor performance were not contained in her personnel file in any other manner such as a warning or any other type of document. Defendants also state that Plaintiff's alleged poor performance has no probative value in that Plaintiff was terminated for dishonesty and not for poor performance. What Defendants fail to realize is that how Defendants treated Plaintiff before she announced her pregnancy and how they treated Plaintiff after she announced her pregnancy is extremely probative. Pregnancy is a medical condition that employees have for a limited time period. It is unlike other protected classes where once that condition occurs, it usually lasts a life time. Before Defendants were informed of her pregnancy, Plaintiff

was a more than satisfactory store manager. Minutes before said pregnancy announcement, at her April 19, 2005 Performance Review, Plaintiff received an overall score of "good". See Performance Review; attached as *Exhibit E* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. After Plaintiff announced her pregnancy at her Performance Review; Defendants have done nothing but criticize her alleged poor work performance. Defendants recited an incident that occurred in March of 2005 during a divisional meeting walk through of Plaintiff's store in Newport in which Defendants alleged how poor Plaintiff performed and how disappointed it was with her. However, at no point before Plaintiff gave notice of her pregnancy was she given any type of corrective action or warning. In fact, Baldwin testified that she did not even provide any type of feedback to Plaintiff after the March, 2005 incident and before Plaintiff's pregnancy announcement. See deposition of Cynthia Baldwin, p. 56-7, l. 5-25, 1-14; attached as *Exhibit B* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. See deposition of Susan Dubois, p. 17-9, l. 20-25, 1-25, 1-15; attached as *Exhibit C* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. A jury could reasonably believe that Defendants are bringing up these issues as a pretext for their discriminatory intent.

The next example of circumstantial evidence to establish evidence of pretext by Defendants was Defendants reduced contact with the store and the manner in which Cindy Baldwin acted toward Plaintiff. If this was the only example of circumstantial evidence to establish pretext, then as stated previously, Plaintiff would not have met her burden. However, there is this example, there is close time proximity, and there are

complaints regarding Plaintiff's alleged poor work performance. In addition, in their Objection, Defendants argue that Cindy Baldwin visited the store less because she had other stores to visit. However, Ms. Baldwin lived in Newport and the store at which Plaintiff worked was on Ms. Baldwin's way home. Defendants further argued that the "Magistrate Judge properly discounted the evidence as being too conclusively and nonspecific to be probative." However, in viewing the evidence in the most favorable light of Plaintiff and drawing all inferences in her favor, Plaintiff specifically testified as to reasons how Ms. Baldwin treated her differently after she disclosed her pregnancy. For example, at her April 19, 2005 employment review, Plaintiff stated that Ms. Baldwin asked impropriate questions and looked at Plaintiff like she was inferior and stupid. So much so that Plaintiff felt extremely uncomfortable and that she needed to justify herself and her pregnancy to her. See Interrogatory Answer number 11 of Crystal Vasconcellos; attached as *Exhibit A* of Plaintiff's Motion to reconsider Magistrate Almond's recommendation to grant Defendants' Motion for Summary Judgment.

The fourth example of circumstantial evidence to establish evidence of pretext by Defendants was the manner of Defendants' investigation. Defendants are correct in their objection that the "manner in which a company conducts an internal investigation into misconduct is usually a business decision to which the Courts give deference." If this was the only example of circumstantial evidence to establish pretext, then deference should be given. However, when this is combined with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, and the changed behavior by Plaintiff's immediate supervisor, then the Courts need to look further at said internal investigation. Cindy Baldwin was the person who conducted the investigation. Defendants, in the objection, state that "at the time the investigation commenced, Plaintiff had never made any

complaints about Baldwin and there was no reason for her not to conduct the investigation." This was true for perhaps a couple of hours. However, when the decision makers received Plaintiff's statement, Plaintiff clearly wrote that she was not as forthright as she should have been because she was uncomfortable telling Baldwin that she left early because of morning sickness. At this point, the Defendants knew or should have known that Plaintiff was pregnant, that Plaintiff was complaining about Ms. Baldwin's treatment of her pregnancy, and that Ms. Baldwin should not have been the person conducting the investigation. If another person conducted the investigation who had no prior communication with Plaintiff about her pregnancy (in this case, any other person other than Cindy Baldwin) and Plaintiff was not completely forth right with them, than Plaintiff would not have brought suit. Not one employee ever questioned Plaintiff as to why she felt uncomfortable speaking to Baldwin about her condition due to her pregnancy. See deposition of Susan Dubois, p. 44-45, l. 16-25, 1-22; p. 52-53, l. 10-25, 1-21; attached as *Exhibit C* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. Defendants further state in their objection that "the manner in which the investigation was conducted does not show that Pier 1's stated reasons for terminating Plaintiff's employment were pretextual and that the real reason was unlawful pregnancy discrimination." However, this is a dispute of a material fact that should be decided by a jury.

The fifth example of circumstantial evidence to establish evidence of pretext by Defendants was the severe punishment of termination of Plaintiff. Defendants, in their objection, stated that Plaintiff "was ultimately responsible for overseeing and protecting Pier 1's assets, property, employees and customers." This was correct. However, Plaintiff had no history of dishonesty (Defendant never reviewed her work history to see if this situation

ever had arisen) and Plaintiff had worked for Pier 1 for approximately 4 years. If Plaintiff was not pregnant, Defendants may have viewed the situation less harshly, especially since Plaintiff provided a valid reason as to why she was not completely forthright. This is a dispute of a material fact that should be decided by a jury. In their objection, Defendants also wrote that "where the summary judgment evidence reflects that some level of discipline was appropriate, the question of discipline issued is a business decision that is properly left to the discretion of the employer unless Plaintiff can show that the employer has treated other employees engaging in the same misconduct dissimilarly." First, as stated above, if this was the only example of circumstantial evidence to establish pretext, then its a decision that should properly be left to the discretion of the employer. However, when this is combined with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, the chang in behavior by Plaintiff's immediate supervisor, and improper internal investigations, then the Courts need to look further at said punishment and allow the jury to decide this material fact. Further, "in a disparate treatment case, the issue is less whether a pattern of discrimination existed and more how a particular individual was treated, and why." Cumpaian v. Banco Santander Puerto Rico, 902 F.2d. 148 (1st Cir. 1990).

The sixth and final example in Plaintiff's motion of circumstantial evidence to establish evidence of pretext by Defendants was Defendants' version of what they were told regarding Plaintiff's pregnancy. This issue was not addressed in any manner in Defendants' objection because Defendants know that they can not rebutt it. This is important because it shows the thought process of the key decision makers and exactly what each decision maker knew about Plaintiff's pregnancy. As stated previously, if this was the only example of circumstantial evidence then it would not be important.

However, if this is combined with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, the change in behavior by Plaintiff's immediate supervisor, improper internal investigations, and punishment that is to severe, there is enough evidence to present to a jury that a reasonable jury could find the Defendants guilty of discriminating against the Plaintiff.

Last, no where in Defendants' objection do they address the specific examples given by Plaintiff in her motion where Magistrate Almond made not only errors of fact, but more importantly, his viewing the evidence in a more favorable light for the moving party rather than for the nonmoving party and giving the benefit of doubt for each and every inference to the moving party. These errors were discussed in detail in Plaintiff motion for reconsideration and therefore, will not be discussed further here.

## III. CONCLUSION

Defendants, in their objection, are attempting to have this Honorable Court punish Plaintiff because she has failed to present any direct evidence of discrimination (also called the "smoking gun" variety). However, in Title VII cases, direct or circumstantial evidence can be used by Plaintiff to prove her case. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 714, n. 3, 103 S.Ct. 1478, 75 L.Ed 2d 403 (1983). Plaintiff has provided at least six (6) different examples of circumstantial evidence to prove her case. Therefore, the Plaintiff respectfully requests that this Honorable Court not approve Magistrate Almond's Recommendation and deny Defendants motion for summary judgment on all counts as it relates to Pier 1.

PLAINTIFF
By her Attorney,

/S/ Bruce P. Gladstein___
BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the 3rd day of June 2008, I mailed a true copy of the within, by regular mail, postage prepaid to Russell D. Cawyer, Esq., Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth TX 76102.

/s/ Bruce P. Gladstein Esq.
Bruce P. Gladstein Esq.