UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CRYSTAL VASCONCELLOS | : | |
| | : | |
| v. | : | |
| | : | C.A. No.: 06-4016T |
| | : | |
| PIER 1 IMPORTS (US) INC., ET. AL. | : | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION

Now comes the Plaintiff in the above-entitled matter, and hereby files this response to Defendants' Objection to Plaintiff's Motion to reconsider Magistrate Almond's recommendation to grant Defendants' Motion for Summary Judgment (hereinafter referred to as "Recommendation"). Defendants state in their first subheading that "Magistrate Judge's (sic) Properly Concluded that Plaintiff was Dishonest during the Investigation." However, as stated in Plaintiff's original motion for reconsideration, this is a material fact in dispute. Even if this Honorable Court was to determine that Plaintiff was dishonest, there is, at a minimum, a dispute of a material fact as to whether Plaintiff had a valid reason for stating what she did. If Plaintiff was not pregnant and therefore not a member of a protected class, then the reasons behind her excuse for not being completely upfront with Ms. Baldwin would not matter. However, Plaintiff was pregnant, she was afraid to tell Cindy Baldwin (her direct supervisor) exactly what happened because of Ms. Baldwin's reaction when she informed her of being pregnant, no other decision maker at Pier 1 spoke with Plaintiff, and no other decision maker at Pier 1 determined the reasons behind Plaintiff not being totally upfront with Ms. Baldwin. Further, Defendants state that there is no dispute that the Defendants honestly believed that Plaintiff lied to them and that it's the stated reason for the decision to terminate her. Plaintiff, at her deposition did state that she was unaware of any facts that led her to believe that Baldwin did not have a sincere belief that she had lied to her, however, this belief was held only during the beginning of Ms. Baldwin's investigation. Defendants have shown no other proof that Defendants, and specifically Cindy Baldwin, had a sincere belief that Plaintiff was completely dishonest. In fact, Ms. Baldwin testified that she did

believe that Plaintiff was honest when she wrote her statement.

In addition, Defendants also attempt to refute each of the points that Plaintiff made in her Motion regarding circumstantial evidence to establish evidence of pretext by Defendants. If Plaintiff had only one (1) or two (2) such examples of circumstantial evidence, than summary judgment may be proper. However, there are numerous examples of circumstantial evidence to establish evidence of pretext by Defendants. First, there is the close temporal proximity between when the Plaintiff informed Defendant that she was pregnant and the date when Defendant terminated Plaintiff. This Circuit has clearly stated that one way of giving rise to an inference of casual connection is by showing a close temporal proximity between when the Plaintiff informed Defendant that she was pregnant and the date when Defendant terminated Plaintiff. See Hodgens v. General Dynamics Corporation, 144 F.3d 151, 168 (1st Cir. 1998). The short time period is only a starting point to determine whether there are other pieces of evidence to establish pretext. When an employee announces her pregnancy to her employer and if an "intervening unprotected conduct" occurs shortly after said announcement, it must be determined whether that "intervening unprotected conduct" is being used as a pretext for termination. Here it was, based on the following five (5) other examples of circumstantial evidence.

Second are the complaints regarding Plaintiff's performance. Defendants state that there are valid reasons for alleged problems with Plaintiff's performance not being in her performance appraisal. However, what Defendants failed to rebut are the reasons why Plaintiff's alleged poor performance were not contained in her personnel file in any manner such as a warning or any other type of document. Defendants also state that Plaintiff's alleged poor performance has no probative value in that Plaintiff was terminated for dishonesty and not for poor performance. What is probative is how Defendants treated Plaintiff before and after she announced her pregnancy. Before Defendants were informed of her pregnancy, Plaintiff was a more than satisfactory store manager. Minutes before said pregnancy announcement, at her April 19, 2005 Performance Review, Plaintiff received an overall score of "good". After Plaintiff announced her pregnancy at her Performance Review; Defendants have

done nothing but criticize her alleged poor work performance. Defendants recited an incident that occurred in March of 2005 during a divisional meeting walk through of Plaintiff's store in Newport in which Defendants alleged how poor Plaintiff performed and how disappointed it was with her. However, at no point before Plaintiff gave notice of her pregnancy was she given any type of corrective action or warning. In fact, Baldwin testified that she did not even provide any type of feedback to Plaintiff between the March, 2005 incident and Plaintiff's pregnancy announcement. See deposition of Cynthia Baldwin, p. 56-7, l. 5-25, 1-14; attached as *Exhibit B* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. A jury could reasonably believe that Defendants are bringing up these issues as a pretext for their discriminatory intent.

The next example of circumstantial evidence to establish evidence of pretext by Defendants was Defendants contact with the store and how Cindy Baldwin acted toward Plaintiff. Defendants argue that Cindy Baldwin visited the store less because she had other stores to visit. However, Ms. Baldwin lived in Newport and the store at which Plaintiff worked was on Ms. Baldwin's way home. Defendants further argued that the "Magistrate Judge properly discounted the evidence as being too conclusively and nonspecific to be probative." However, in viewing the evidence in the most favorable light of Plaintiff and drawing all inferences in her favor, Plaintiff specifically testified as to reasons how Ms. Baldwin treated her differently after she disclosed her pregnancy. For example, at her April 19, 2005 employment review, Plaintiff stated that Ms. Baldwin asked impropriate questions and looked at Plaintiff like she was inferior and stupid. So much so that Plaintiff felt extremely uncomfortable and that she needed to justify herself and her pregnancy to her. See Interrogatory Answer number 11 of Crystal Vasconcellos; attached as *Exhibit A* of Plaintiff's Motion to reconsider Magistrate Almond's recommendation to grant Defendants' Motion for Summary Judgment.

The fourth example of circumstantial evidence to establish evidence of pretext by Defendants was the manner of Defendants' investigation. If this was the only example of circumstantial evidence to establish pretext, then deference should be given to the manner of the investigation. However, when

this is combined with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, and the changed behavior by Plaintiff's immediate supervisor, then the Courts need to delve further. Defendants state that "at the time the investigation commenced, Plaintiff had never made any complaints about Baldwin and there was no reason for her not to conduct the investigation." However, when the decision makers received Plaintiff's statement, Plaintiff clearly wrote that she was not as forthright as she should have been because she was uncomfortable telling Baldwin that she left early because of morning sickness. At this point, the Defendants knew that Plaintiff was pregnant, that Plaintiff was complaining about Ms. Baldwin's treatment of her pregnancy, and that Ms. Baldwin should not have been the only person conducting the investigation. Not one employee ever questioned Plaintiff as to why she felt uncomfortable speaking to Baldwin about her pregnancy. See deposition of Susan Dubois, p. 44-45, l. 16-25, 1-22; p. 52-53, l. 10-25, 1-21; attached as *Exhibit C* of Plaintiff's Memorandum in Support of her Objection to Defendants' Motion for Summary Judgment. Defendants further state that "the manner in which the investigation was conducted does not show that Pier 1's stated reasons for terminating Plaintiff's employment were pretextual and that the real reason was unlawful pregnancy discrimination." However, this is a material fact that should be decided by a jury.

The fifth example of circumstantial evidence was the severe punishment of termination of Plaintiff. Defendants stated that Plaintiff "was ultimately responsible for overseeing and protecting Pier 1's assets, property, employees and customers." However, Plaintiff had no history of dishonesty (never reviewed by Defendants) and Plaintiff had worked for Pier 1 for approximately 4 years. If Plaintiff was not pregnant, Defendants may have viewed the situation less harshly, especially since Plaintiff provided a valid reason as to why she was not completely forthright. This is a material fact that should be decided by a jury. Defendants also wrote that "where the summary judgment evidence reflects that some level of discipline was appropriate, the question of discipline issued is a business decision that is properly left to the discretion of the employer unless Plaintiff can show that the employer has treated other employees engaging in the same misconduct dissimilarly." First, as stated

above, if this was the only example of circumstantial evidence to establish pretext, then it should be left to the discretion of the employer. However, when this is combined with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, the change in behavior by Plaintiff's immediate supervisor, and improper internal investigations, then the Courts need to delve further. Further, "in a disparate treatment case, the issue is less whether a pattern of discrimination existed and more how a particular individual was treated, and why." Cumpaian v. Banco Santander Puerto Rico, 902 F.2d. 148 (1st Cir. 1990). The sixth and final example in Plaintiff's motion of circumstantial evidence to establish evidence of pretext by Defendants was Defendants' version of what they were told regarding Plaintiff's pregnancy. This issue was not addressed in Defendants' objection because Defendants know that they can not refute it. This is important because it shows the thought process of the key decision makers and exactly what each decision maker knew about Plaintiff's pregnancy. Combine this with close time proximity, un-credible complaints regarding Plaintiff's alleged poor work performance, the change in behavior by Plaintiff's immediate supervisor, improper internal investigations, and punishment that is to severe, there is enough evidence for a jury to find the Defendants guilty of discrimination.

Last, Defendants' objection did not address the specific examples given by Plaintiff in her motion where Magistrate Almond made not only errors of fact, but more importantly, his incorrectly viewing the evidence in a more favorable light for the moving party rather than for the nonmoving party and giving the benefit of doubt for each inference to the moving party. These errors were discussed in detail in Plaintiff motion for reconsideration and therefore, will not be discussed further.

In conclusion, based on above, the Plaintiff respectfully requests that this Honorable Court not approve Magistrate Almond's Recommendation and deny Defendants motion for summary judgment.

PLAINTIFF
By her Attorney,

/S/ Bruce P. Gladstein___
BRUCE P. GLADSTEIN, ESQ. (#5272)

750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 tel.
(401) 722-9919 fax

**CERTIFICATION**

I hereby certify that on the 3rd day of June 2008, I mailed a true copy of the within, by regular mail, postage prepaid to Russell D. Cawyer, Esq., 201 Main St., Suite 2500, Fort Worth TX 76102.

/s/ Bruce P. Gladstein Esq.
Bruce P. Gladstein Esq.